# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

SK BIOPHARMACEUTICALS CO., LTD.  )
AND SK LIFE SCIENCE, INC.  )
                                )
       Plaintiffs,  )
                                  )
         v.  )       Civil Action No. 24-00718-JLH
                                  )
AUROBINDO PHARMA LIMITED,  )
AUROBINDO PHARMA U.S.A., INC.,  )
AND ZENARA PHARMA PVT. LIMITED  )
                                )
       Defendants.  )

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants, Aurobindo Pharma Limited and Aurobindo Pharma U.S.A., Inc. ("Aurobindo" or "Defendants"), by way of Answer to Plaintiffs' Complaint, state as follows:

Defendants deny each and every allegation contained in the Complaint, except as specifically admitted or explained herein. To the extent that the headings or any other non-numbered statements in the Complaint contain any allegations, Defendants deny each and every such allegation.

## Nature of the Action

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C §§ 271 (a–c, e), arises from (a) Aurobindo's submission to the United States Food and Drug Administration (FDA) of Abbreviated New Drug Application (ANDA) No. 219473 ("Aurobindo's ANDA"); and (b) Zenara's submission to the FDA of ANDA No. 219403 ("Zenara's ANDA") (together, "Defendants' ANDAs"). Through Zenara's ANDA, Zenara seeks approval to market generic versions of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products") prior to the expiration of SKBP's United States Patent Nos. 7,598,279 ("the '279 Patent") and 11,654,133 ("the '133 Patent") (together, "the Patents-in-Suit"). Through Aurobindo's ANDA, Aurobindo seeks approval to market generic versions of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products")

prior to the expiration of SKBP's '133 Patent. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

**ANSWER:**

Admitted that the Complaint purports to bring an action for infringement of U.S. Patent No. 11,654,133 ("the '133 patent") ( "the patent-in-suit") by Aurobindo under the patent laws of the United States, 35 U.S.C. § 100, et seq. Admitted that Aurobindo filed ANDA No. 219473 ("Aurobindo's ANDA") for generic versions of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products"). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and, therefore, deny them.

2. This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C. §§ 271(a–c, e).

**ANSWER:**

Admitted that the Complaint purports to bring an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement.

### The Parties

### SKBP

3. Plaintiff SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, deny them.

4. Plaintiff SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor,

Paramus, New Jersey 07652. SK Life Science, Inc. is a wholly owned subsidiary of SK Biopharmaceuticals Co., Ltd.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, deny them.

<u>Aurobindo</u>

5. On information and belief, Defendant Aurobindo Limited is a corporation organized and existing under the laws of India, having a registered office at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad - 500038, Telangana, India, and a corporate office at Hyderabad Knowledge City, Plot No. 1, Survey No. 83/1, Raidurg Panmaktha, Ranga Reddy District, Hyderabad - 500032, Telangana, India.

**ANSWER:**

Admitted.

6. On information and belief, Defendant Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

**ANSWER:**

Admitted.

7. On information and belief, Aurobindo USA is a wholly owned subsidiary of Aurobindo Limited.

**ANSWER:**

Admitted.

8. On information and belief, Aurobindo USA acts at the direction and for the benefit of Aurobindo Limited and is controlled and/or dominated by Aurobindo Limited.

**ANSWER:**

Admitted that Aurobindo Pharma U.S.A. Inc. is a wholly owned subsidiary of Aurobindo Pharma Limited.

9. On further information and belief, Aurobindo Limited and Aurobindo USA collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Aurobindo Limited and Aurobindo USA are agents of each other and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

**ANSWER:**

Paragraph 9 states legal conclusions to which no response is required. Admitted that Aurobindo Pharma U.S.A. Inc. is a wholly owned subsidiary of Aurobindo Pharma Limited.

10. On information and belief, Aurobindo Limited, in collaboration with Aurobindo USA, prepared and submitted Aurobindo's ANDA, and they continue to collaborate in seeking FDA approval of that application. Furthermore, the notice of Paragraph IV certification from Aurobindo dated May 6, 2024 ("Aurobindo's Notice Letter") was sent on behalf of both Aurobindo Limited and Aurobindo USA.

**ANSWER:**

Paragraph 10 states a legal conclusion to which no response is required. Admitted that Aurobindo Pharma U.S.A., Inc. is a wholly owned subsidiary of Aurobindo Pharma Limited and that the Aurobindo Notice Letter was sent on behalf of both Aurobindo Pharma U.S.A., Inc. and Aurobindo Pharma Limited.

11. On information and belief, Aurobindo USA acts as the U.S. agent for Aurobindo Limited for purposes of regulatory submissions to FDA in seeking approval for generic drugs, including as the U.S. agent of Aurobindo Limited for Aurobindo's ANDA.

**ANSWER:**

Admitted that Aurobindo Pharma U.S.A., Inc. acts as the U.S. agent for Aurobindo Pharma Limited for purposes of regulatory submissions to FDA.

12. On information and belief, Aurobindo Limited relies on material assistance from Aurobindo USA to market, distribute, offer to sell, or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Aurobindo USA and Aurobindo Limited intend to act collaboratively to commercially manufacture, market, distribute, offer to sell, or sell Aurobindo's ANDA Products in the event FDA approves Aurobindo's ANDA.

**ANSWER:**

Paragraph 12 states a legal conclusion to which no response is required. Admitted that Aurobindo Pharma U.S.A. Inc. is a wholly owned subsidiary of Aurobindo Pharma Limited.

<u>Zenara</u>

13. On information and belief, Defendant Zenara is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 83/B, 84, 87-96 Phase III, IDA, Cherlapally, Hyderabad - 500051, Telangana, India.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, deny them.

## JURISDICTION AND VENUE

14. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, alleging infringement of one or more claims of the Patents-in-Suit. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**ANSWER:**

Admitted that subject matter jurisdiction is appropriate for claims under 35 U.S.C. § 271(e)(2)(A).

<u>Aurobindo</u>

15. This Court has personal jurisdiction over Aurobindo USA because it is a corporation organized and existing under the laws of the State of Delaware.

**ANSWER:**

For the limited purposes of this action only, Aurobindo Pharma USA, Inc. consents to personal jurisdiction of this Court and, except as so expressly admitted, deny the allegations of Paragraph 15.

16. This Court has personal jurisdiction over Aurobindo Limited and Aurobindo USA because, *inter alia*, on information and belief, each of Aurobindo Limited and Aurobindo USA has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Aurobindo's ANDA Products in the State of Delaware upon approval of Aurobindo's ANDA.

**ANSWER:**

For the limited purposes of this action only, Aurobindo consents to personal jurisdiction of this Court and, except as so expressly admitted, denies the allegations of Paragraph 16.

17. On information and belief, Aurobindo Limited, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, has engaged in the research and development of Aurobindo's ANDA Products, and the preparation and filing of Aurobindo's ANDA with a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), continues to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and/or importation of Aurobindo's ANDA Products throughout the United States, including within the State of Delaware, and stands to benefit from the approval of Aurobindo's ANDA.

**ANSWER:**

For the limited purposes of this action only, Aurobindo consents to personal jurisdiction of this Court and, except as so expressly admitted, denies the allegations of Paragraph 17.

18. On information and belief, following FDA approval of Aurobindo's ANDA, Aurobindo Limited intends to market, offer to sell, sell, or distribute Aurobindo's ANDA Products throughout the United States and within the State of Delaware that will, as explained below, infringe one or more claims of the '133 Patent protecting the XCOPRI® products. On information and belief, following FDA approval of Aurobindo's ANDA, Aurobindo knows and intends that Aurobindo's ANDA Products will be marketed, used, distributed, offered for sale, or sold in the United States and within the State of Delaware.

**ANSWER:**

For the limited purposes of this action only, Aurobindo consents to personal jurisdiction of this Court and, except as so expressly admitted, denies the allegations of Paragraph 18.

19. Each of Aurobindo Limited and Aurobindo USA has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases. *See, e.g.*, D.I. 30 at 10–11, 13, *Abbvie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 23-1332-MN (D. Del. Feb. 27, 2024); D.I. 10 at 10–17, *Taiho Pharm.Co., Ltd. et al. v. Eugia Pharma Specialties Ltd. et al.*, C.A. No. 23-1193-JLH (D. Del. October 30, 2023); D.I. 215 at 4–8, *Acadia Pharms. Inc. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 20-985-GBW (D. Del. June 15, 2022). Aurobindo has purposefully availed itself of the rights, benefits, and privileges of the State of Delaware by asserting counterclaims in this Court.

**ANSWER:**

For the limited purposes of this action only, Aurobindo consents to personal jurisdiction of this Court and, except as so expressly admitted, denies the allegations of Paragraph 19.

20. This Court also has personal jurisdiction over Aurobindo Limited at least because, *inter alia*, (a) Aurobindo Limited has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products in the United States, including in the State of Delaware; (b) Aurobindo Limited, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market, distribute, offer to sell, or sell Aurobindo's ANDA Products in the United States, including in the State of Delaware and to residents of this judicial district, upon approval of Aurobindo's ANDA, and will derive substantial revenue from the use or consumption of Aurobindo's ANDA Products in the State of Delaware; and (c) Aurobindo Limited has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United States and within the State of Delaware and/or by selling, directly or through its agents, pharmaceutical products in the State of Delaware. On information and belief, if Aurobindo's ANDA is approved, Aurobindo's ANDA Products charged with infringing the '133 Patent would, *inter alia*, be marketed, distributed, offered for sale, and/or sold in the State of Delaware, prescribed by physicians practicing in Delaware, dispensed by in Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

**ANSWER:**

For the limited purposes of this action only, Aurobindo consents to personal jurisdiction of this Court and, except as so expressly admitted, denies the allegations of Paragraph 20.

21. In the alternative, this Court has personal jurisdiction over Aurobindo Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law, (b) Aurobindo Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state, and (c) Aurobindo Limited has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Limited satisfies due process.

**ANSWER:**

For the limited purposes of this action only, Aurobindo consents to personal jurisdiction of this Court and, except as so expressly admitted, denies the allegations of Paragraph 21.

22. At least because, on information and belief, Aurobindo Limited is a foreign corporation, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

**ANSWER:**

For the limited purposes of this action only, Aurobindo Limited does not contest venue in this Judicial District.

23. At least because, on information and belief, Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

**ANSWER:**

For the limited purposes of this action only, Aurobindo USA does not contest venue in this Judicial District.

<u>Zenara</u>

24. This Court has personal jurisdiction over Zenara because, *inter alia*, on information and belief, Zenara has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Zenara's ANDA Products in the State of Delaware upon approval of Zenara's ANDA.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, deny them.

25. Zenara has not contested personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings. *See, e.g.*, D.I. 33 at 23, 25–26, *Harmony Biosciences, LLC et al. v. AET Pharma US Inc. et al.*, C.A. No. 23-1340-JLH (D. Del. Feb. 15, 2024); D.I. 9 at 2–3, *Pfizer Inc. et al. v. Zenara Pharma Prvt. Ltd.*, C.A. No. 23-924-GBW (D. Del. Sept. 25, 2023); D.I. 52 at 6, 10–15, *Abbvie Inc. et al. v. Alkem Labs. Ltd., et al.*, C.A. No. 22-1423-RGA (D. Del. February 28, 2023). Zenara has also purposefully availed itself of the rights, benefits, and privileges of the State of Delaware by asserting counterclaims in this Court. *See, e.g.*, D.I. 33 at 77–84, *Harmony Biosciences, LLC et al. v. AET Pharma US Inc. et al.*, C.A. No. 23-1340 (D. Del. Feb. 15, 2024).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, deny them.

25. Zenara has not contested personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings. *See, e.g.*, D.I. 33 at 23, 25–26, *Harmony Biosciences, LLC et al. v. AET Pharma US Inc. et al.*, C.A. No. 23-1340-JLH (D. Del. Feb. 15, 2024); D.I. 9 at 2–3, *Pfizer Inc. et al. v. Zenara Pharma Prvt. Ltd.*, C.A. No. 23-924-GBW (D. Del. Sept. 25, 2023); D.I. 52 at 6, 10–15, *Abbvie Inc. et al. v. Alkem Labs. Ltd., et al.*, C.A. No. 22-1423-RGA (D. Del. February 28, 2023). Zenara has also purposefully availed itself of the rights, benefits, and privileges of the State of Delaware by asserting counterclaims in this Court. *See, e.g.*, D.I. 33 at 77–84, *Harmony Biosciences, LLC et al. v. AET Pharma US Inc. et al.*, C.A. No. 23-1340 (D. Del. Feb. 15, 2024).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, deny them.

26. On information and belief, Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, has engaged in the research and development of Zenara's ANDA Products, and the preparation and filing of Zenara's ANDA with a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), continues to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and/or importation of Zenara's ANDA Products throughout the United States, including within the State of Delaware, and stands to benefit from the approval of Zenara's ANDA.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, deny them.

27. On information and belief, following FDA approval of Zenara's ANDA, Zenara intends to market, offer to sell, sell, or distribute Zenara's ANDA Products throughout the United States and within the State of Delaware that will, as explained below, infringe one or more claims of the Patents-in-Suit protecting the XCOPRI® products. On information and belief, following FDA approval of Zenara's ANDA, Zenara knows and intends that Zenara's ANDA Products will be marketed, used, distributed, offered for sale, and/or sold in the United States and within the State of Delaware.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, deny them.

28. This Court also has personal jurisdiction over Zenara at least because, *inter alia*, (a) Zenara has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products in the United States, including in the State of Delaware; (b) Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market, distribute, offer to sell, and/or sell Zenara's ANDA Products in the United States, including in the State of Delaware and to residents of this judicial district, upon approval of Zenara's ANDA, and will derive substantial revenue from the use or consumption of Zenara's ANDA Products in the State of Delaware; and

(c) Zenara has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United States and within the State of Delaware and/or by selling, directly or through its agents, pharmaceutical products in the State of Delaware. On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Products charged with infringing the Patents-in-Suit would, *inter alia*, be marketed, distributed, offered for sale, and/or sold in the State of Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located in Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

**ANSWER:**

> Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, deny them.

29. In the alternative, this Court has personal jurisdiction over Zenara pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law, (b) Zenara is a foreign defendant not subject to general personal jurisdiction in the courts of any state, and (c) Zenara has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Zenara satisfies due process.

**ANSWER:**

> Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, deny them.

30. At least because, on information and belief, Zenara is a foreign corporation, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

**ANSWER:**

> Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, deny them.

## SKBP PATENTS AND APPROVED XCOPRI® DRUG PRODUCTS

31. SKBP makes and sells XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets (collectively, "XCOPRI®") for oral use to treat adult patients for partial-onset seizures. In the U.S., XCOPRI® is marketed by SK Life Science, Inc. A true and correct copy of the prescribing information for XCOPRI® is attached as Exhibit A.

**ANSWER:**

Admitted that the online version of the FDA's "Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations" lists SK Life Science Inc. as the holder of NDA No. N212839 for XCOPRI® (cenobamate) oral tablets (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg and 200 mg). Admitted that a copy of the prescribing information for XCOPRI® was attached to the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and, therefore, deny them.

32. The active ingredient in XCOPRI® is cenobamate.

**ANSWER:**

Admitted that the online version of the FDA's "Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations" lists cenobamate as the active ingredient for NDA No. N212839 for XCOPRI®.

33. The mechanism by which cenobamate exerts its therapeutic effects in patients with partial-onset seizures is unknown.

**ANSWER:**

Admitted that the prescribing information for XCOPRI®, Section 12.1, Mechanism of Action, states the following "The precise mechanism by which cenobamate exerts its therapeutic effects in patients with partial-onset seizures is unknown."

34. SK Life Science, Inc. is the holder of New Drug Application (NDA) No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

**ANSWER:**

Admitted that the online version of the FDA's "Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations" lists SK Life Science Inc. as the holder of NDA No. N212839 for XCOPRI® (cenobamate) oral tablets (12.5 mg, 25 mg, 50 mg, 100 mg,

150 mg and 200 mg).  Admitted that the online version of FDA's "Orange Book:  Approved Drug Products with Therapeutic Equivalence Evaluations" lists March 10, 2020 as the date of approval of NDA No. N212839.

35. XCOPRI® is the first approved pharmaceutical product to contain cenobamate. In recognition of this breakthrough, the FDA granted XCOPRI® five years of regulatory exclusivity for a new chemical entity, which expires on March 10, 2025, pursuant to 21 C.F.R. § 314.108.

**ANSWER:**

Admitted that the online version of the FDA's "Orange Book:  Approved Drug Products with Therapeutic Equivalence Evaluations" lists a NCE exclusivity code for XCOPRI® (cenobamate) oral tablets (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg and 200 mg) with an exclusivity expiration date of March 10, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and, therefore, deny them.

36. XCOPRI® and its approved uses are covered by claims of the Patents-in-Suit.

**ANSWER:**

Paragraph 36 states a legal conclusion to which no response is required, and except as so expressly admitted, denied.

37. The Patents-in-Suit are listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") in connection with NDA No. 212839.

**ANSWER:**

Admitted that FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for XCOPRI® lists U.S. Patent Nos. 7,598,279 and 11,654,133 for NDA No. 212839.

38. SK Biopharmaceuticals Co., Ltd., as the assignee, owns the entire right, title, and interest in each of the Patents-in-Suit. SK Biopharmaceuticals Co., Ltd. has the right to enforce each of these patents. SK Life Science, Inc. is the exclusive licensee of the Patents-in-Suit.

**ANSWER:**

Paragraph 38 states legal conclusions to which no response is required, and except as so expressly admitted, denied.

39. The '279 Patent is entitled "Neurotherapeutic Azole Compounds." The '279 Patent was duly and legally issued by the U.S. Patent and Trademark Office (USPTO) on October 6, 2009. The Orange Book presently shows that the '279 Patent's term ends on October 30, 2032. A true and correct copy of the '279 Patent is attached as Exhibit B.

**ANSWER:**

Admitted that the front page of U.S. Patent No. 7,598,279 shows the title is "Neurotherapeutic Azole Compounds;" the Date of Patent is October 6, 2009; the Orange Book entry for XCOPRI® lists an expiration date of October 30, 2032 for U.S. Patent No. 7,598,279; a copy of U.S. Patent No. 7,5998,279 was attached to the complaint; and except as so expressly admitted, the remainder is denied.

40. The '133 Patent is entitled "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy." The '133 Patent was duly and legally issued by the USPTO on May 23, 2023. The Orange Book presently shows that the '133 Patent's term ends on June 16, 2039. A true and correct copy of the '133 Patent is attached as Exhibit C.

**ANSWER:**

Admitted that the front page of U.S. Patent No. 11,654,133 shows the title is "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy;" the Date of Patent is May 23, 2023; the Orange Book entry for XCOPRI® lists an expiration date of June 16, 2039, for U.S. Patent No. 11,654,133; a copy of U.S. Patent No, 11,654,133 was attached to the complaint; and except as so expressly admitted, the remainder is denied.

41. The Prescribing Information for XCOPRI® provides that XCOPRI® is indicated for the treatment of partial-onset seizures in adult patients. Ex. A at 1, 2. The recommended maintenance dosage of XCOPRI® is 200 mg/day, with a maximum dose not to exceed 400 mg/day. Ex. A at 1.

**ANSWER:**

Admitted that the Prescribing Information for XCOPRI® has the following under Indications and Usage: "XCOPRI is indicated for the treatment of partial-onset seizures in adult patients." Admitted that the Prescribing Information for XCOPRI® has the following under Dosage and Administration: "The recommended initial dosage of XCOPRI is 12.5 mg once daily, titrated to the recommended maintenance dosage of 200 mg once daily. The recommended titration schedule should not be exceeded. The maximum dosage is 400 mg once daily," and except as so expressly admitted, denied.

42. Under the "Dosage and Administration" section of the XCOPRI® Prescribing Information, in section 2.1, the labeling instructs that XCOPRI® can be administered as a Monotherapy and Adjunctive Therapy, including as adjunctive therapy with phenytoin and phenobarbital. Ex. A at 2.

**ANSWER:**

Admitted that the Prescribing Information for XCOPRI® includes the following under Section 2.1, Dosage and Administration: "Monotherapy and Adjunctive Therapy XCOPRI is administered orally once daily with or without food. The recommended dosage and titration, which should not be exceeded because of the potential for serious adverse reactions *[see Warnings and Precautions (5.2)]*, is included in Table 1", and except as so expressly admitted, denied.

43. A Phase III study of cenobamate (NCT 02535091) evaluated, as a secondary objective, the pharmacokinetic effects of cenobamate on concomitant phenytoin and phenobarbital administration. Sperling et al., *Cenobamate (YKP3089) as adjunctive treatment for uncontrolled focal seizures in a large, phase 3, multicenter, open-label safety study*, 61 Epilepsia 1000-1108, 1101 (2020). Of the 1339 patients participating in the study who received cenobamate, 114 received concomitant phenytoin, and 51 received concomitant phenobarbital. *Id.* at 1103. Phenytoin and phenobarbital remain available treatments for treating partial-onset epilepsy, with

phenytoin being the 4th most commonly prescribed medication. *See* Terman et al., *Antiseizure medication treatment pathways for US Medicare beneficiaries with newly treated epilepsy*, 63 Epilepsia 1571-1579, 1577 at Table 3 (2022) (ranking phenytoin as the 4th most common treatment pathway in a retrospective study of 21,458 Medicare beneficiaries with newly treated epilepsy between 2014-2017); *see also* ClinCalc DrugStats Database, Phenytoin Drug Usage Statistics available at https://clincalc.com/DrugStats/Drugs/Phenytoin (last visited June 13, 2024) (reporting 1,616,629 total prescriptions and 270,818 patients in 2020 for phenytoin).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, deny them.

44. Section 6.1 of the XCOPRI® Prescribing Information, under "Clinical Trials Experience" provides that XCOPRI® was administered as adjunctive therapy to 1944 patients. Ex. A at 8.

**ANSWER:**

Admitted that the Prescribing Information for XCOPRI® includes the following under Section 6.1, "Clinical Trials Experience:" "XCOPRI® was administered as adjunctive therapy to 1944 patients," and except as so expressly admitted, denied.

45. The XCOPRI® Prescribing information provides instructions regarding how to dose XCOPRI® with one or more of phenytoin and phenobarbital.

**ANSWER:**

Admitted that Table 5 of the Prescribing Information for XCOPRI® includes the following under "Clinical Recommendation" for phenytoin: "Because of a potential 2-fold increase in phenytoin levels, gradually decrease phenytoin dosage by up to 50% as XCOPRI is being titrated." Admitted that Table 5 of the Prescribing Information for XCOPRI® includes the following under "Clinical Recommendation" for phenobarbital: "Because of a potential for an increase in the risk of adverse reactions from these drugs, consider a reduction in dosage of

phenobarbital or clobazam, as clinically appropriate, when used concomitantly with XCOPRI," and except as so expressly admitted, denied.

46. Section 7 of the XCOPRI® Prescribing Information provides information regarding the co-administration of XCOPRI® with, among other drugs, phenytoin and phenobarbital. For patients concomitantly taking XCOPRI® and phenytoin, XCOPRI® Prescribing Information instructs physicians and patients to "gradually decrease phenytoin dosage by up to 50% as XCOPRI® is being titrated." Ex. A at Table 5. For patients concomitantly taking XCOPRI® and phenobarbital, XCOPRI® Prescribing Information instructs physicians and patients to "consider a reduction in dosage of phenobarbital." Ex. A at Table 5. This information about how to concomitantly dose XCOPRI® and phenytoin or phenobarbital is repeated in the "Drug Interactions" section on the first page of the XCOPRI® Prescribing Information.

**ANSWER:**

Admitted that Table 5, in Section 7 of the Prescribing Information for XCOPRI® includes the following under "Clinical Recommendation" for phenytoin: "Because of a potential 2-fold increase in phenytoin levels, gradually decrease phenytoin dosage by up to 50% as XCOPRI is being titrated." Admitted that Table 5, in Section 7 of the Prescribing Information for XCOPRI® includes the following under "Clinical Recommendation" for phenobarbital: "Because of a potential for an increase in the risk of adverse reactions from these drugs, consider a reduction in dosage of phenobarbital or clobazam, as clinically appropriate, when used concomitantly with XCOPRI." Admitted that the "HIGHLIGHTS OF PRESCRIBING INFORMATION" for XCORPI® includes the following under "DRUG INTERACTIONS:" "Phenytoin: Gradually decrease phenytoin dosage by up to 50% (7.1) . . . Phenobarbital and Clobazam: Reduce dosage as needed when used concomitantly with XCOPRI. (7.1)," and except as so expressly admitted, denied.

47. Section 12.3 of the XCOPRI® Prescribing Information provides that "[m]ultiple doses of concomitant XCOPRI 200 mg once daily increased phenytoin mean Cmax and AUC by 70% and 84%, respectively, and phenobarbital mean Cmax and AUC by 34% and 37%, respectively." In contrast, "[n]o clinically significant differences in the pharmacokinetics of

the following drugs were observed when used concomitantly with cenobamate: valproic acid, levetiracetam or lacosamide." Ex. A at 17.

**ANSWER:**

Admitted that Section 12.3 of the XCOPRI® Prescribing Information includes the following under "AEDs:" "Multiple doses of concomitant XCOPRI 200 mg once daily increased phenytoin mean Cmax and AUC by 70% and 84%, respectively, and phenobarbital mean Cmax and AUC by 34% and 37%, respectively *[see Drug Interactions (7.1)]*. … No clinically significant differences in the pharmacokinetics of the following drugs were observed when used concomitantly with cenobamate: valproic acid, levetiracetam or lacosamide," and except as so expressly admitted, denied.

48. The XCOPRI® Prescribing Information instructs that by reducing the amount of phenytoin by up to 50% when co-administered with XCOPRI®, the AUC of phenytoin will be reduced by at least 5%, to the level of AUC obtained after the administration of phenytoin to the patient without XCOPRI®.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, deny them.

49. The XCOPRI® Prescribing Information instructs that by reducing the amount of phenobarbital when co-administered with XCOPRI®, the AUC of phenobarbital will be reduced by at least 5%, to the level of AUC obtained after the administration of phenobarbital to the patient without XCOPRI®.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, deny them.

## DEFENDANTS' ANDAS AND NOTICES OF PARAGRAPH IV CERTIFICATION

### Aurobindo

50. On information and belief, Aurobindo has submitted or caused to be submitted ANDA No. 219473 to FDA under 21 U.S.C. § 355(j) in order to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the cenobamate tablets described therein, as a purported generic version of XCOPRI®, prior to the expiration of the '133 Patent.

**ANSWER:**

Admitted that Aurobindo submitted ANDA No. 219473 to the FDA with a written certification according to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to U.S. Patent No. 11,654,133, for the matters disclosed therein. Paragraph 50 states a legal conclusion to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 50.

51. On information and belief, Aurobindo's ANDA Products are tablets that comprise 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg of cenobamate as the active pharmaceutical ingredient.

**ANSWER:**

Admitted that Aurobindo submitted ANDA No. 219473 for tablets that comprise 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg of cenobamate.

52. On information and belief, Aurobindo's ANDA Products will be accompanied by Prescribing Information substantially the same as the FDA-approved XCOPRI® Prescribing Information, and Aurobindo seeks FDA approval to sell and use Aurobindo's ANDA Products within the scope of the claims of the '133 Patent.

**ANSWER:**

Paragraph 52 states legal conclusions to which no response is required. Aurobindo denies that it will infringe the '133 patent and denies the remaining allegations of this paragraph.

53. Aurobindo's Notice Letter represents that Aurobindo had submitted to FDA Aurobindo's ANDA with a purported Paragraph IV certification pursuant to 21 U.S.C. §

355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the products described in Aurobindo's ANDA before the expiration of the '133 Patent listed in the Orange Book for XCOPRI®. Hence, through its ANDA, Aurobindo seeks to commercially manufacture, use, offer for sale, sell, or import into the United States Aurobindo's ANDA Products before the expiration of the '133 Patent.

**ANSWER:**

Paragraph 53 states legal conclusions to which no response is required. Aurobindo's ANDA includes a Paragraph IV certification to the '133 patent but denies that it will infringe the '133 patent and except as so expressly admitted, denies the remaining allegations of this paragraph.

54. On information and belief, if FDA approves Aurobindo's ANDA, Aurobindo will manufacture, offer to sell, and/or sell Aurobindo's ANDA Products within the United States, including within the State of Delaware, and/or will import Aurobindo's ANDA Products into the United States, including Delaware.

**ANSWER:**

Admitted that Aurobindo submitted ANDA No. 219473 to the FDA with a written certification according to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '133 patent for the matters disclosed therein. Paragraph 54 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 54.

55. On information and belief, if FDA approves Aurobindo's ANDA, Aurobindo will actively induce or contribute to the manufacture, use, offer to sell, sale, and/or importation of Aurobindo's ANDA Products in the United States, including Delaware.

**ANSWER:**

Admitted that Aurobindo submitted ANDA No. 219473 to the FDA with a written certification according to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '133 patent for the matters disclosed therein. Paragraph 55 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 55.

<u>Zenara</u>

56. On information and belief, Zenara has submitted or caused to be submitted ANDA No. 219403 to FDA under 21 U.S.C. § 355(j) in order to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the cenobamate tablets described therein, as a purported generic version of XCOPRI®, prior to the expiration of the Patents-in-Suit.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, deny them.

57. On information and belief, Zenara's ANDA Products are tablets that comprise 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg of cenobamate as the active pharmaceutical ingredient.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, deny them.

58. On information and belief, Zenara's ANDA Products will be accompanied by Prescribing Information that will be the substantially the same as the FDA-approved XCOPRI® Prescribing Information, and Zenara seeks FDA approval to sell and use Zenara's ANDA Products within the scope of the claims of the Patents-in-Suit.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, deny them.

59. Plaintiffs received a notice of Paragraph IV certification from Zenara dated May 10, 2024 ("Zenara's Notice Letter"). Zenara's Notice Letter represents that Zenara had submitted to FDA Zenara's ANDA with a purported Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the products described in Zenara's ANDA, before the expiration of the '279 and '133 Patents. Hence, through its ANDA, Zenara seeks to commercially manufacture, use, offer for sale, sell, and/or import into the United States Zenara's ANDA Products before the expiration of the Patents-in-Suit.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, deny them.

60. In the Zenara Notice Letter, Zenara purported to offer confidential access to portions of ANDA No. 219403 on terms and conditions set forth in the Notice Letter ("Zenara Offer"). The Zenara Offer contained unreasonable restrictions on who could view the ANDA, well beyond those that would apply under a protective order. For example, the Zenara Offer permitted access only to attorneys from a single law firm, and also prohibited those attorneys from conducting patent prosecution for SKBP on any topic, or participating in FDA counseling for any client on any topic. The restrictions Zenara placed on access to ANDA No. 219403 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to the persons entitled to access, and on the use and disposition of any information accessed, *as would apply had a protective order been entered for the purpose of protecting trade secrets or other confidential business information*." (emphasis added).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, deny them.

61. On May 30, 2024, outside counsel for Plaintiffs contacted counsel for Zenara – who was designated as Zenara's agent for service in the Zenara Notice Letter – via email in an effort to negotiate reasonable terms of confidential access to Zenara's ANDA. Plaintiffs' correspondence included proposed modifications to the unduly restrictive Zenara Offer. Having received no substantive response, on June 5, 2024, Plaintiffs' counsel contacted Zenara's counsel again. Zenara's counsel responded that Zenara would not accept Plaintiffs' proposed modifications, but made no attempt to engage in any negotiation of terms, despite Plaintiffs inviting such negotiation by further correspondence dated June 6, 2024. To date, Zenara has not responded further.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, deny them.

62. On information and belief, if FDA approves Zenara's ANDA, Zenara will manufacture, offer to sell, and/or sell Zenara's ANDA Products within the United States, including

within the State of Delaware, and/or will import Zenara's ANDA Products into the United States, including Delaware.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, deny them.

63. On information and belief, if FDA approves Zenara's ANDA, Zenara will actively induce or contribute to the manufacture, use, offer to sell, sale, and/or importation of Zenara's ANDA Products in the United States, including Delaware.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, deny them.

\*　　　　\*　　　　\*

64. Plaintiffs bring this action pursuant to 21 U.S.C. § 355( j)(5)(B)(iii) within forty-five days of receipt of each of the Zenara Notice Letter and the Aurobindo Notice Letter. *See* 21 U.S.C. § 355(c)(3)(C).

**ANSWER:**

As to the Aurobindo Notice Letter, Paragraph 64 states legal conclusions to which no response is required. As to the Zenara Notice Letter, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, deny them.

## COUNT 1

### INFRINGEMENT OF THE '133 PATENT BY AUROBINDO

65. Plaintiffs state, reallege, and incorporate by reference paragraph 1-64 as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to the preceding paragraphs as if fully set forth herein.

66. On information and belief, Aurobindo has submitted or caused the submission of Aurobindo's ANDA to FDA and continues to seek FDA approval of Aurobindo's ANDA.

**ANSWER:**

Admitted that Aurobindo submitted ANDA No. 219473 to the FDA and Aurobindo's ANDA No. 219473 remains pending at the FDA.

67. On information and belief, Aurobindo has infringed at least claim 1 of the '133 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Aurobindo's ANDA with a Paragraph IV certification and seeking FDA approval of Aurobindo's ANDA prior to the expiration of the '133 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. §271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 219473 be a date which is not earlier than the expiration date of the '133 Patent.

**ANSWER:**

Paragraph 67 states legal conclusions to which no response is required. Aurobindo's ANDA includes a Paragraph IV certification to the '133 patent but denies that it will infringe any claim of the '133 patent and except as so expressly admitted, denies the remaining allegations of this paragraph.

68. Claim 1 of the '133 Patent recites:

A method for treating a patient who is suffering from epilepsy with co-administering a therapeutically effective amount of (i) [(lR)-1-(2-chlorophenyl)-2-(tetrazol-2-yl) ethyl] carbamate (cenobamate)or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, said method comprising:

modifying the therapeutically effective amount of the antiepileptic drug to adjust AUC of the antiepileptic drug obtained after the coadministration having at least 5% difference to the level of AUC obtained after the administration of antiepileptic drug to the patient without cenobamate or a pharmaceutically acceptable salt thereof,

wherein the therapeutically effective amount of cenobamate or a pharmaceutically acceptable salt thereof is from about 100 mg/day to about 400 mg/day, and

wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin.

**ANSWER:**

Admitted that claim 1 of the '133 patent is accurately reproduced in Paragraph 68 of the complaint.

69. Aurobindo's commercial manufacture, use in accordance with Aurobindo's proposed prescribing information, offer for sale, and/or sale within the United States, and/or importation into the United States of Aurobindo's ANDA Products, would directly infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of Aurobindo's ANDA, Aurobindo will make, use, offer for sale, or sell Aurobindo's ANDA Products within the United States, or will import Aurobindo's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent. *See id.*

**ANSWER:**

Denied.

70. On information and belief, upon FDA approval of Aurobindo's ANDA, Aurobindo, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market and distribute Aurobindo's ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's ANDA Products with proposed prescribing information and product insert that will include instructions for using or administering Aurobindo's ANDA Products. On information and belief, the proposed prescribing information and product insert accompanying Aurobindo's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with about 100 mg/day to about 400 mg/day of XCOPRI® to adjust the AUC of phenytoin or phenobarbital and will infringe one or more claims of the '133 Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's ANDA Products to directly infringe one or more claims of the '133 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '133 Patent and knowledge that it is encouraging infringement.

**ANSWER:**

Paragraph 70 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 70.

71. Aurobindo had actual and constructive notice of the '133 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '133 Patent would constitute an act of infringement of one or more claims of the '133 Patent. On information and belief, Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products would not contribute to and/or induce infringement of one or more claims of the '133 Patent.

**ANSWER:**

Paragraph 71 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 71.

72. On information and belief, Aurobindo filed Aurobindo's ANDA without adequate justification for asserting the '133 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Aurobindo's ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or noninfringement with respect to the '133 Patent renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Denied.

73. Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of one or more claims of the '133 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Denied.

## COUNT 2

## <u>DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '133 PATENT BY AUROBINDO</u>

74. Plaintiffs state, reallege, and incorporate by reference paragraph 1-73 as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to the preceding paragraphs as if fully set forth herein.

75. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Paragraph 75 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 75.

76. The '133 Patent includes claims that recite methods of administering [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) and one or more of phenytoin or phenobarbital.

**ANSWER:**

Paragraph 76 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 76.

77. On information and belief, if Aurobindo's ANDA is approved, Aurobindo's ANDA Products will be made, offered for sale, sold, and/or otherwise distributed in the United States, including in the State of Delaware, and/or will be imported into the United States, including the State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

**ANSWER:**

Paragraph 77 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 77.

78. On information and belief, Aurobindo knows that healthcare professionals and/or patients will use Aurobindo's ANDA Products in accordance with the proposed prescribing information sought by Aurobindo's ANDA. On information and belief, the proposed prescribing information and product insert accompanying Aurobindo's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with XCOPRI® to adjust the AUC and will infringe one or more claims of the '133 Patent. Aurobindo will therefore contribute to and/or induce infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**

Paragraph 78 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 78.

79. On information and belief, Aurobindo's infringing activities, including the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '133 Patent expires will directly infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**

Paragraph 79 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 79.

80. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Aurobindo concerning liability for the infringement of one or more claims of the '133 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Paragraph 80 states legal conclusions to which no response is required, and except as so expressly admitted, denies the allegations of Paragraph 80.

81. Plaintiffs will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Denied.

82. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Denied.

## COUNT 3

### INFRINGEMENT OF THE '279 PATENT BY ZENARA

83. Plaintiffs state, reallege, and incorporate by reference paragraph 1-82 as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to the preceding paragraphs as if fully set forth

herein.

84. On information and belief, Zenara has submitted or caused the submission of Zenara's ANDA to FDA and continues to seek FDA approval of Zenara's ANDA.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 84 and, therefore, deny them.

85. On information and belief, Zenara has infringed at least claim 11 the '279 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zenara's ANDA with a Paragraph IV certification and seeking FDA approval of Zenara's ANDA prior to the expiration of the '279 Patent.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 85 and, therefore, deny them.

86. Claim 11 of the '279 Patent provides:

The azole of claim 10, wherein said compound is carbamic acid (R)-(+)-1-(2-chloro-phenyl)-2-tetrazol-2-yl-ethyl ester substantially free of its (S)enantiomer and said (R)-enantiomer is present to the extent of at least about 95%.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, deny them.

87. (R)-(+)-1-(2-chloro-phenyl)-2-tetrazol-2-yl-ethyl ester is also known as cenobamate.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, deny them.

88. Zenara's commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States of Zenara's ANDA Products, would directly infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '279 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of Zenara's ANDA, Zenara will make, use, offer for sale, and/or sell Zenara's ANDA Products within the United States, and/or will import Zenara's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '279 Patent. *See id.*

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, deny them.

89. On information and belief, upon FDA approval of Zenara's ANDA, Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market and distribute Zenara's ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Zenara's ANDA Products. On information and belief, Zenara will also knowingly and intentionally accompany Zenara's ANDA Products with proposed prescribing information and product insert that will include instructions for using or administering Zenara's ANDA Products. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the

prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will infringe one or more claims of the '279 Patent. Accordingly, Zenara will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Zenara's ANDA Products to directly infringe one or more claims of the '279 Patent. In addition, on information and belief, Zenara will encourage acts of direct infringement with knowledge of the '279 Patent and knowledge that it is encouraging infringement.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, deny them.

90. Zenara had actual and constructive notice of the '279 Patent prior to filing Zenara's ANDA and was aware that the filing of Zenara's ANDA with the request for FDA approval prior to the expiration of the '279 Patent would constitute an act of infringement of one or more claims of the '279 Patent. On information and belief, Zenara had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products would not contribute to and/or induce infringement of one or more claims of the '279 Patent.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, therefore, deny them.

91. On information and belief, Zenara filed Zenara's ANDA without adequate justification for asserting the '279 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zenara's ANDA Products. Zenara's conduct in certifying invalidity, unenforceability, and/or noninfringement with respect to the '279 Patent renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, therefore, deny them.

92. Plaintiffs will be irreparably harmed if Zenara is not enjoined from infringing, and from actively inducing and contributing to the infringement of one or more claims of the '279 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships

between Plaintiffs and Zenara, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, therefore, deny them.

## COUNT 4

## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '279 PATENT BY ZENARA

93. Plaintiffs state, reallege, and incorporate by reference paragraph 1-92 as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to the preceding paragraphs as if fully set forth herein.

94. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, therefore, deny them.

95. On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Products will be made, offered for sale, sold, and/or otherwise distributed in the United States, including in the State of Delaware, and/or will be imported into the United States, including the State of Delaware, by or through Zenara and its affiliates. Zenara will therefore directly infringe one or more claims of the '279 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, therefore, deny them.

96. On information and belief, Zenara knows that healthcare professionals and/or patients will use Zenara's ANDA Products in accordance with the proposed prescribing information sought by Zenara's ANDA. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will infringe one or more claims of the '279 Patent. Zenara will therefore contribute to and/or induce infringement of one or more claims of the '279 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, deny them.

97. On information and belief, Zenara's infringing activities, including the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products, will begin immediately after the FDA approves Zenara's ANDA. Any such conduct before the '279 Patent expires will directly infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '279 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, therefore, deny them.

98. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Zenara concerning liability for the infringement of one or more claims of the '279 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, therefore, deny them.

99. Plaintiffs will be substantially and irreparably harmed by Zenara's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, deny them.

100. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, deny them.

## COUNT 5

## <u>INFRINGEMENT OF THE '133 PATENT BY ZENARA</u>

101. Plaintiffs state, reallege, and incorporate by reference paragraph 1-100 as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to the preceding paragraphs as if fully set forth herein.

102. On information and belief, Zenara has submitted or caused the submission of Zenara's ANDA to FDA and continues to seek FDA approval of Zenara's ANDA.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, therefore, deny them.

103. On information and belief, Zenara has infringed at least claim 1 of the '133 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zenara's ANDA with a Paragraph IV certification and seeking FDA approval of Zenara's ANDA prior to the expiration of the '133 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. §271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 219403 be a date which is not earlier than the expiration date of the '133 Patent.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 103 and, therefore, deny them.

104. Claim 1 of the '133 Patent recites:

A method for treating a patient who is suffering from epilepsy with co-administering a therapeutically effective amount of (i) [(lR)-1-(2-chlorophenyl)-2-(tetrazol-2-yl) ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, said method comprising:

modifying the therapeutically effective amount of the antiepileptic drug to adjust AUC of the antiepileptic drug obtained after the coadministration having at least 5% difference to the level of AUC obtained after the administration of antiepileptic drug to the patient without cenobamate or a pharmaceutically acceptable salt thereof,

wherein the therapeutically effective amount of cenobamate or a pharmaceutically acceptable salt thereof is from about 100 mg/day to about 400 mg/day, and

wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin.

**ANSWER:**

Admitted.

105. Zenara's commercial manufacture, use in accordance with Zenara's proposed prescribing information, offer for sale, and/or sale within the United States, and/or importation into the United States of Zenara's ANDA Products, would directly infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of Zenara's ANDA, Zenara will make, use, offer for sale, and/or sell Zenara's ANDA Products within the United States, or will import Zenara's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent. *See id.*

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 105 and, therefore, deny them.

106. On information and belief, upon FDA approval of Zenara's ANDA, Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market and distribute Zenara's ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Zenara's ANDA Products. On information and belief, Zenara will also knowingly and intentionally accompany Zenara's ANDA Products with a proposed prescribing information and product insert that will include instructions for using or administering Zenara's ANDA Products. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with about 100 mg/day to about 400 mg/day of XCOPRI® to adjust the AUC of phenytoin or phenobarbital and will infringe one or more claims of the '133 Patent. Accordingly, Zenara will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Zenara's ANDA Products to directly infringe one or more claims of the '133 Patent. In addition, on information and belief, Zenara will encourage acts of direct infringement with knowledge of the '133 Patent and knowledge that it is encouraging infringement.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, therefore, deny them.

107. Zenara had actual and constructive notice of the '133 Patent prior to filing Zenara's ANDA and was aware that the filing of Zenara's ANDA with the request for FDA approval prior to the expiration of the '133 Patent would constitute an act of infringement of one or more claims of the '133 Patent. On information and belief, Zenara had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products would not contribute to and/or induce infringement of one or more claims of the '133 Patent.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, therefore, deny them.

108. On information and belief, Zenara filed Zenara's ANDA without adequate justification for asserting the '133 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zenara's ANDA Products. Zenara's conduct in certifying invalidity, unenforceability, and/or

noninfringement with respect to the '133 Patent renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, deny them.

109. Plaintiffs will be irreparably harmed if Zenara is not enjoined from infringing, and from actively inducing and contributing to the infringement of one or more claims of the '133 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Zenara, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, therefore, deny them.

## COUNT 6

## <u>DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '133 PATENT BY ZENARA</u>

110. Plaintiffs state, reallege, and incorporate by reference paragraph 1-109 as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to the preceding paragraphs as if fully set forth herein.

111. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, deny them.

112. The '133 Patent includes claims that recite methods of administering [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) and one or more of phenytoin or phenobarbital.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, deny them.

113. On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Products will be made, offered for sale, sold, and/or otherwise distributed in the United States, including in the State of Delaware, and/or will be imported into the United States, including the State of Delaware, by or through Zenara and its affiliates. Zenara will therefore directly infringe one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, deny them.

114. On information and belief, Zenara knows that healthcare professionals and/or patients will use Zenara's ANDA Products in accordance with the proposed prescribing information sought by Zenara's ANDA. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with XCOPRI® to adjust the AUC and will infringe one or more claims of the '133 Patent. Zenara will therefore contribute to and/or induce infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, therefore, deny them.

115. On information and belief, Zenara's infringing activities, including the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products, will begin immediately after the FDA approves Zenara's ANDA. Any such conduct before the '133 Patent expires will directly infringe, contribute to the infringement of, and/or induce

infringement of one or more claims of the '133 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, therefore, deny them.

116. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Zenara concerning liability for the infringement of one or more claims of the '133 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, deny them.

117. Plaintiffs will be substantially and irreparably harmed by Zenara's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, therefore, deny them.

118. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, therefore, deny them.

### Response to Plaintiff's Request for Relief

Defendants deny that Plaintiff is entitled to the judgment or any of the relief sought in paragraphs (a) to (p) under the heading "REQUEST FOR RELIEF" as relates to Aurobindo.

## AFFIRMATIVE DEFENSES

Aurobindo alleges and asserts the following affirmative defenses in response to the allegations in the complaint. Aurobindo reserves the right to seek leave to assert additional defenses based on the Court's claim construction and as it learns more information through discovery.

## FIRST AFFIRMATIVE DEFENSE

The manufacture, use or sale of the product that is the subject of ANDA No. 219473 has not infringed, is not infringing, and would not, if marketed, infringe, either directly or indirectly, any valid and enforceable claim of the '133 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '133 patent are invalid for failure to comply with one or more conditions for patentability as set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or under other judicially-created bases for invalidation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are estopped and/or precluded from asserting that the product described in ANDA No. 219473 infringes the '133 patent by reason of actions taken and statements made by the applicant for that patent to the PTO during prosecution of the application that lead to the '133 patent.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a proper claim for willful infringement or for this being an exceptional case justifying an award of attorney's fees.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSE

Aurobindo reserves the right to assert additional affirmative defenses that may be developed through discovery, or otherwise, in this action.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Defendants/Counterclaim-Plaintiffs Aurobindo Pharma Limited and Aurobindo Pharma U.S.A., Inc. ("Aurobindo" or "Counterclaim-Plaintiff") states as follows, without admitting any allegations of the Complaint not expressly admitted and without assuming the burden when such burden would otherwise be on Plaintiff/Counterclaim-Defendant.

## PARTIES

1.      Aurobindo Pharma USA, Inc. is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

2. Aurobindo Pharma Limited is a corporation organized and existing under the laws of India, having a registered office at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad - 500038, Telangana, India, and a corporate office at Hyderabad Knowledge City, Plot No. 1, Survey No. 83/1, Raidurg Panmaktha, Ranga Reddy District, Hyderabad - 500032, Telangana, India.

3.      Upon information and belief, Plaintiff SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

4.	Upon information and belief, Plaintiff SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652. SK Life Science, Inc. is a wholly owned subsidiary of SK Biopharmaceuticals Co., Ltd.

## JURISDICTION AND VENUE

5.	These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, Title 35 of the United States Code.

6.	This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

7.	Plaintiff/Counterclaim-Defendant SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (collectively, "SKBP") are subject to personal jurisdiction in this Judicial District because Plaintiff subjected itself to the jurisdiction of this Court by filing the Complaint here. Plaintiff SKBP is also subject to personal jurisdiction in this Judicial District because SKBP sells products here, regularly practices business here, and purposefully availed itself of the benefits of jurisdiction in the State of Delaware.

8.	Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) and by Counterclaim-Defendant's choice of forum in filing its Complaint against Aurobindo here.

9.	As a consequence of Plaintiff/Counterclaim-Defendant's complaint against Aurobindo, there is now an actual, substantial, continuing and justiciable controversy between the parties as to the infringement, validity, and enforceability of the patents-in-suit.

**THE CONTROVERSY**

10. On May 23, 2023, the United States Patent and Trademark Office ("USPTO") issued the '133 patent, entitled, "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy." The face of the '133 patent identifies Marc Kamin and Laurent Vernillet as the inventors.

11. Plaintiff SKBP purports to be the holder of the New Drug Application ("NDA") No. 212839 for the manufacture and sale of cenobamate oral tablets (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg and 200 mg), under the registered trademark XCOPRI® in the United States.

12. The Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 301 et seq., as amended by the Hatch-Waxman Amendments, sets forth the rules that the Food and Drug Administration ("FDA") must follow when determining whether to approve for marketing brand and generic drugs.

13. Under the FFDCA, an applicant seeking to market a new brand drug must prepare a NDA for review by the FDA. See 21 U.S.C. § 355.

14. An NDA may include the patent number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party. See 21 U.S.C. § 355(b)(1), (c)(2); 21 C.F.R. § 314.53(b), (c)(2).

15. An NDA holder is required to submit to the FDA the patent number of each patent relevant to the drug for which the NDA was submitted to the FDA. The FDA automatically lists the NDA holder's disclosed patents pursuant to 21 U.S.C. §§ 355(b)(1) and (c)(2) in the Orange Book.

16.     Upon information and belief, Plaintiffs caused the '133 patent to be listed in the Orange Book in connection with NDA No. 212839.

17.     Aurobindo submitted ANDA No. 219473 ("Aurobindo's ANDA) to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Product within the United States at some time after approval by the FDA and referenced NDA No. 212839.   As part of Aurobindo's ANDA, Aurobindo submitted a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), commonly called a "paragraph IV certification," that the patent-in-suit is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of Aurobindo's ANDA Product.

18.     On May 6, 2024, Aurobindo sent SKBP written notice that Aurobindo had filed ANDA No. 219473 seeking approval to market Aurobindo's ANDA Product prior to the expiration of the '133 patent, pursuant to FFD&C Act, 21 U.S.C. § 355(j)(2)(B) (the "Paragraph IV notice letter").  The Paragraph IV notice letter included Aurobindo's allegations that the patents are invalid and/or not infringed by Aurobindo's ANDA Product.

19.     On or about June 18, 2024, Plaintiff/Counterclaim-Defendant SKBP sued Aurobindo, alleging infringement of the '133 patent.  There has been and is now an actual and justiciable controversy between Aurobindo and SKBP as to whether the drug products described in ANDA No. 219473 infringe, induce infringement, or contribute to the infringement of any valid, enforceable claims of the '133 patent.

20.     Aurobindo and Plaintiff/Counterclaim-Defendant SKBP have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment with respect to the patent-in-suit.  The patent-in-suit effectively delays FDA approval of the drug products described in ANDA No. 219473.

# COUNT I

## (Declaratory Judgment of Non-Infringement of the '133 Patent by Aurobindo's

## ANDA Product and Declaratory Judgment of Invalidity of the '133 Patent)

21.     Aurobindo repeats and incorporates by reference Paragraphs 1-20 of its Counterclaims as if fully set forth herein.

22.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that no valid claim of the '133 patent will be infringed by the manufacture, use, sale, offer for sale, or importation into the United States of Aurobindo's ANDA Product described by ANDA No. 219473 and that all claims of the '133 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

23.     In Aurobindo's Paragraph IV notice letter, Aurobindo provided reasons sufficient to show that Aurobindo's ANDA Product described by ANDA No. 219473 does not infringe any valid claim of the '133 patent.

24.     There is an actual, substantial, and continuing justiciable case or controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning whether the manufacture, use, sale, offering for sale, or importation of Aurobindo's ANDA Product described by ANDA No. 219473 will infringe any valid and enforceable claim of the '133 patent.

25.     Aurobindo is entitled to a judicial declaration that the manufacture, use, sale, offering for sale, or importation of Aurobindo's ANDA Product described by ANDA No. 219473 will not infringe, directly or indirectly, any valid claim of the '133 patent.

## PRAYER FOR RELIEF

WHEREFORE, Aurobindo respectfully requests the Court enter a Judgment and Order in its favor and against Counterclaim-Defendant to include:

(a) A declaration that Aurobindo's submission of ANDA No. 219473 seeking FDA approval to market its ANDA Product described therein prior to the expiration of the '133 patent does not, and will not, infringe, any valid and enforceable claim of the '133 patent;

(b) A declaration that Aurobindo's commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Aurobindo's ANDA Product described by ANDA No. 219473 does not, and will not, infringe any valid and enforceable claim of the '133 patent;

(c) A declaration that the claims of the '133 patent are invalid;

(d) A declaration that Counterclaim-Defendant is entitled to no damages, interest, costs, or other relief from or against Aurobindo;

(e) A declaration that this case is exceptional in favor of Aurobindo and awarding attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rules, or the inherent power of the Court;

(f) An award of costs and expenses;

(g) A declaration that Counterclaim-Defendant is not entitled to injunctive relief; and

(h) Such other and further relief as the Court may deem just and proper.

Dated: August 16, 2024

   */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)

Of Counsel:

Morris James LLP
500 Delaware Avenue, Suite 1500

William D. Hare
Christopher Casieri
McNeely, Hare & War, LLP
12 Roszel Road, Suite C104
Princeton, NJ 08540
(202) 640-1801
bill@miplaw.com
chris@miplaw.com

Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants*
*Aurobindo Pharma USA, Inc. and*
*Aurobindo Pharma Ltd.*