# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

SK BIOPHARMACEUTICALS CO., LTD. )
AND SK LIFE SCIENCE, INC., )
　 )
      Plaintiffs, )
　 )
    v. )    C.A. No. 24-718-JLH
　 )
AUROBINDO PHARMA LIMITED, )
AUROBINDO PHARMA U.S.A., INC., )
AND ZENARA PHARMA PVT. LIMITED, )
　 )
      Defendants.

## DEFENDANT ZENARA PHARMA PRIVATE LTD.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Zenara Pharma Private Ltd. ("Zenara"), by and through its counsel, hereby respond to the allegations set forth in SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (collectively, "Plaintiffs" or "SKBP") Complaint for Patent Infringement. This response is based on Zenara's current knowledge as to its own activities, and on information and belief as to the activities of others. If not specifically admitted herein, the allegations of the Complaint are denied. The headings in Plaintiffs' Complaint are copied herein for convenience only, and any allegations in such headings are denied.

## NATURE OF THE ACTION

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C §§ 271 (a–c, e), arises from (a) Aurobindo's submission to the United States Food and Drug Administration (FDA) of Abbreviated New Drug Application (ANDA) No. 219473 ("Aurobindo's ANDA"); and (b) Zenara's submission to the FDA of ANDA No. 219403 ("Zenara's ANDA") (together, "Defendants'

ANDAs"). Through Zenara's ANDA, Zenara seeks approval to market generic versions of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products") prior to the expiration of SKBP's United States Patent Nos. 7,598,279 ("the '279 Patent") and 11,654,133 ("the '133 Patent") (together, "the Patents-in-Suit"). Through Aurobindo's ANDA, Aurobindo seeks approval to market generic versions of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products") prior to the expiration of SKBP's '133 Patent. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

**ANSWER**: Zenara admits that this action, as it pertains to Zenara, purports to arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C §§ 271 (a–c, arising Zenara's submission to the FDA of ANDA No. 219403 ("Zenara's ANDA" seeking approval to market generic versions of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products") prior to the expiration of SKBP's United States Patent Nos. 7,598,279 ("the '279 Patent") and 11,654,133 ("the '133 Patent") (together, "the Patents-in-Suit"). Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint and therefore denies them.

2.       This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C. §§ 271(a–c, e).

**ANSWER**: Zenara admits that this action, as it pertains to Zenara, purports to arise under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C. §§ 271(a–c, e).

## **THE PARTIES**

SKBP

3.      Plaintiff SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

**ANSWER**: Upon information and belief, and based upon the Complaint filed in this case, Plaintiff SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

4.      Plaintiff SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652. SK Life Science, Inc. is a wholly owned subsidiary of SK Biopharmaceuticals Co., Ltd.

**ANSWER**: Upon information and belief, and based upon the Complaint as filed, Plaintiff SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint and therefore denies them.

Aurobindo

5.      On information and belief, Defendant Aurobindo Limited is a corporation organized and existing under the laws of India, having a registered office at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad - 500038, Telangana, India, and a corporate office at Hyderabad Knowledge City,  Plot No. 1,  Survey No. 83/1,  Raidurg Panmaktha,  Ranga Reddy District,  Hyderabad - 500032, Telangana, India.

6. On information and belief, Defendant Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

7. On information and belief, Aurobindo USA is a wholly owned subsidiary of Aurobindo Limited.

8. On information and belief, Aurobindo USA acts at the direction and for the benefit of Aurobindo Limited and is controlled and/or dominated by Aurobindo Limited.

9. On further information and belief, Aurobindo Limited and Aurobindo USA collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Aurobindo Limited and Aurobindo USA are agents of each other and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

10. On information and belief, Aurobindo Limited, in collaboration with Aurobindo USA, prepared and submitted Aurobindo's ANDA, and they continue to collaborate in seeking FDA approval of that application. Furthermore, the notice of Paragraph IV certification from Aurobindo dated May 6, 2024 ("Aurobindo's Notice Letter") was sent on behalf of both Aurobindo Limited and Aurobindo USA.

11. On information and belief, Aurobindo USA acts as the U.S. agent for Aurobindo Limited for purposes of regulatory submissions to FDA in seeking approval for generic drugs, including as the U.S. agent of Aurobindo Limited for Aurobindo's ANDA.

12. On information and belief, Aurobindo Limited relies on material assistance from Aurobindo USA to market, distribute, offer to sell, or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Aurobindo USA and Aurobindo

Limited intend to act collaboratively to commercially manufacture, market, distribute, offer to sell, or sell Aurobindo's ANDA Products in the event FDA approves Aurobindo's ANDA.

**ANSWER**: Paragraphs 5-12 relate to Aurobindo and not to Zenara, and, therefore, no response by Zenara is required. To the extent an answer is required, Zenara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5-12 of the Complaint and therefore denies them.

<u>Zenara</u>

13.     On information and belief, Defendant Zenara is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 83/B, 84, 87-96 Phase III, IDA, Cherlapally, Hyderabad - 500051, Telangana, India.

**ANSWER**: Admitted.

## JURISDICTION AND VENUE

14.     This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, alleging infringement of one or more claims of the Patents-in-Suit. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**ANSWER**: Zenara admits that this action, as it pertains to Zenara, purports to arise under the patent laws of the United States, including 35 U.S.C. § 271, alleging infringement of one or more claims of the Patents-in-Suit. Zenara will not contest subject matter jurisdiction solely for the purposes of Plaintiffs' Complaint in this case and solely as applied to Zenara's proposed ANDA products. To the extent paragraph 14 relates to the other Defendants, and not to Zenara, no response by Zenara is required.

<u>Aurobindo</u>

15. This Court has personal jurisdiction over Aurobindo USA because it is a corporation organized and existing under the laws of the State of Delaware.

16. This Court has personal jurisdiction over Aurobindo Limited and Aurobindo USA because, *inter alia*, on information and belief, each of Aurobindo Limited and Aurobindo USA has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Aurobindo's ANDA Products in the State of Delaware upon approval of Aurobindo's ANDA.

17. On information and belief, Aurobindo Limited, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, has engaged in the research and development of Aurobindo's ANDA Products, and the preparation and filing of Aurobindo's ANDA with a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), continues to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and/or importation of Aurobindo's ANDA Products throughout the United States, including within the State of Delaware, and stands to benefit from the approval of Aurobindo's ANDA.

18. On information and belief, following FDA approval of Aurobindo's ANDA, Aurobindo Limited intends to market, offer to sell, sell, or distribute Aurobindo's ANDA Products throughout the United States and within the State of Delaware that will, as explained below, infringe one or more claims of the '133 Patent protecting the XCOPRI® products. On information and belief, following FDA approval of Aurobindo's ANDA, Aurobindo knows and intends that

Aurobindo's ANDA Products will be marketed, used, distributed, offered for sale, or sold in the United States and within the State of Delaware.

19. Each of Aurobindo Limited and Aurobindo USA has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases. *See, e.g.*, D.I. 30 at 10–11, 13, *Abbvie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 23-1332-MN (D. Del. Feb. 27, 2024); D.I. 10 at 10–17, *Taiho Pharm.Co., Ltd. et al. v. Eugia Pharma Specialties Ltd. et al.*, C.A. No. 23-1193-JLH (D. Del. October 30, 2023); D.I. 215 at 4–8, *Acadia Pharms. Inc. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 20-985-GBW (D. Del. June 15, 2022). Aurobindo has purposefully availed itself of the rights, benefits, and privileges of the State of Delaware by asserting counterclaims in this Court.

20. This Court also has personal jurisdiction over Aurobindo Limited at least because, *inter alia*, (a) Aurobindo Limited has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products in the United States, including in the State of Delaware; (b) Aurobindo Limited, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market, distribute, offer to sell, or sell Aurobindo's ANDA Products in the United States, including in the State of Delaware and to residents of this judicial district, upon approval of Aurobindo's ANDA, and will derive substantial revenue from the use or consumption of Aurobindo's ANDA Products in the State of Delaware; and (c) Aurobindo Limited has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United States and within the State of Delaware and/or by selling, directly or through its agents, pharmaceutical products in the State of Delaware. On information and belief, if Aurobindo's ANDA is approved, Aurobindo's ANDA Products charged with infringing the '133 Patent would, *inter alia*, be marketed,

distributed, offered for sale, and/or sold in the State of Delaware, prescribed by physicians practicing in Delaware, dispensed by in Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

21.     In the alternative, this Court has personal jurisdiction over Aurobindo Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law, (b) Aurobindo Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state, and (c) Aurobindo Limited has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Limited satisfies due process.

22.     At least because, on information and belief, Aurobindo Limited is a foreign corporation, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

23.     At least because, on information and belief, Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

**ANSWER**: Paragraphs 15-23 relate to Aurobindo and not to Zenara. Therefore, no response by Zenara is required.  To the extent an answer is required, Zenara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15-23 of the Complaint and therefore denies them.

<u>Zenara</u>

24.     This Court has personal jurisdiction over Zenara because, *inter alia*, on information and belief, Zenara has continuous and systematic contacts with the State of Delaware, regularly

conducts business in the State of Delaware, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Zenara's ANDA Products in the State of Delaware upon approval of Zenara's ANDA.

**ANSWER**: Paragraph 24 states a legal conclusion to which no response is required. To the extent an answer is required, Zenara will not contest personal jurisdiction solely for the purposes of Plaintiffs' Complaint in this case and solely as applied to Zenara's proposed ANDA Products.

25.     Zenara has not contested personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings. *See, e.g.*, D.I. 33 at 23, 25–26, *Harmony Biosciences, LLC et al. v. AET Pharma US Inc. et al.*, C.A. No. 23-1340-JLH (D. Del. Feb. 15, 2024); D.I. 9 at 2–3, *Pfizer Inc. et al. v. Zenara Pharma Prvt. Ltd.*, C.A. No. 23-924-GBW (D. Del. Sept. 25, 2023); D.I. 52 at 6, 10–15, *Abbvie Inc. et al. v. Alkem Labs. Ltd., et al.*, C.A. No. 22-1423-RGA (D. Del. February 28, 2023). Zenara has also purposefully availed itself of the rights, benefits, and privileges of the State of Delaware by asserting counterclaims in this Court. *See, e.g.*, D.I. 33 at 77–84, *Harmony Biosciences, LLC et al. v. AET Pharma US Inc. et al.*, C.A. No. 23-1340 (D. Del. Feb. 15, 2024).

**ANSWER**: Paragraph 25 sets forth legal conclusions based on alleged activities to which no response is required.  To the extent an answer is required, Zenara admits that it will not contest personal jurisdiction for the purposes of this action. With respect to any remaining allegations of Paragraph 25, Zenara denies the same.

26.     On information and belief, Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, has engaged in the research and development of Zenara's ANDA Products, and the preparation and filing of Zenara's ANDA with a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), continues

to engage in seeking FDA approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and/or importation of Zenara's ANDA Products throughout the United States, including within the State of Delaware, and stands to benefit from the approval of Zenara's ANDA.

**ANSWER**: Paragraph 26 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, denied, except that Zenara states that it does not contest personal jurisdiction in the District of Delaware solely for the limited purpose of this action only. Answering further, Zenara admits that it has submitted ANDA No. 219403, which contains a Paragraph IV certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

27. On information and belief, following FDA approval of Zenara's ANDA, Zenara intends to market, offer to sell, sell, or distribute Zenara's ANDA Products throughout the United States and within the State of Delaware that will, as explained below, infringe one or more claims of the Patents-in-Suit protecting the XCOPRI® products. On information and belief, following FDA approval of Zenara's ANDA, Zenara knows and intends that Zenara's ANDA Products will be marketed, used, distributed, offered for sale, and/or sold in the United States and within the State of Delaware. Zenara denies any remaining allegations contained in this paragraph.

**ANSWER**: Paragraph 27 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 27.

28. This Court also has personal jurisdiction over Zenara at least because, *inter alia*, (a) Zenara has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products in the United States, including in the State of Delaware; (b) Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market, distribute, offer to sell,

and/or sell Zenara's ANDA Products in the United States, including in the State of Delaware and to residents of this judicial district, upon approval of Zenara's ANDA, and will derive substantial revenue from the use or consumption of Zenara's ANDA Products in the State of Delaware; and (c) Zenara has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United States and within the State of Delaware and/or by selling, directly or through its agents, pharmaceutical products in the State of Delaware. On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Products charged with infringing the Patents-in-Suit would, *inter alia*, be marketed, distributed, offered for sale, and/or sold in the State of Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located in Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

**ANSWER**: Paragraph 28 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara admits only that it will not contest venue for the purposes of this action. With respect to any remaining allegations of Paragraph 28, Zenara denies the same.

29. In the alternative, this Court has personal jurisdiction over Zenara pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law, (b) Zenara is a foreign defendant not subject to general personal jurisdiction in the courts of any state, and (c) Zenara has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Zenara satisfies due process.

**ANSWER**: Paragraph 29 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara admits only that it will not

contest venue for the purposes of this action. With respect to any remaining allegations of Paragraph 29, Zenara denies the same.

30.     At least because, on information and belief, Zenara is a foreign corporation, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

**ANSWER**: Paragraph 30 sets forth legal conclusions to which no response is required. To the extent an answer is required, Zenara admits only that it will not contest venue for the purposes of this action. With respect to any remaining allegations of Paragraph 30, Zenara denies the same.

## SKBP PATENTS AND APPROVED XCOPRI® DRUG PRODUCTS

31.     SKBP makes and sells XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets (collectively, "XCOPRI®") for oral use to treat adult patients for partial-onset seizures. In the U.S., XCOPRI® is marketed by SK Life Science, Inc. A true and correct copy of the prescribing information for XCOPRI® is attached as Exhibit A.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations of this paragraph of the Complaint and therefore denies them.

32.     The active ingredient in XCOPRI® is cenobamate.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the specifications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

33.      The mechanism by which cenobamate exerts its therapeutic effects in patients with partial-onset seizures is unknown.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the mechanism by which cenobamate exerts its therapeutic effects in patients with partial-onset

seizures. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

34.     SK Life Science, Inc. is the holder of New Drug Application (NDA) No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

**ANSWER**: Upon information and belief, SK Life Science, Inc. is the holder of New Drug Application (NDA) No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

35.     XCOPRI® is the first approved pharmaceutical product to contain cenobamate. In recognition of this breakthrough, the FDA granted XCOPRI® five years of regulatory exclusivity for a new chemical entity, which expires on March 10, 2025, pursuant to 21 C.F.R. § 314.108.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

36.     XCOPRI® and its approved uses are covered by the claims of the Patents-in-Suit.

**ANSWER**: Paragraph 36 sets forth legal conclusions based on alleged activities to which no response is required.  To the extent an answer is required, Zenara denies the allegations of Paragraph 36.

37.     The Patents-in-Suit are listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") in connection with NDA No. 212839.

**ANSWER**: Upon information and belief, the Patents-in-Suit are listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") in connection with NDA No. 212839.

38.     SK Biopharmaceuticals Co., Ltd., as the assignee, owns the entire right, title, and interest in each of the Patents-in-Suit. SK Biopharmaceuticals Co., Ltd. has the right to enforce each of these patents.  SK Life Science, Inc. is the exclusive licensee of Patents-in-Suit.

**ANSWER**: Zenara is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies them.

39.     The '279 Patent is entitled "Neurotherapeutic Azole Compounds." The '279 Patent was duly and legally issued by the U.S. Patent and Trademark Office (USPTO) on October 6, 2009. The Orange Book presently shows that the '279 Patent's term ends on October 30, 2032. A true and correct copy of the '279 Patent is attached as Exhibit B.

**ANSWER**: Zenara admits that Exhibit B to Plaintiffs' Complaint contains what purports to be a copy of the '279 Patent, which purported copy bears the title "Neurotherapeutic Azole Compounds." Zenara admits that the Orange Book presently shows that the '279 Patent's term ends on October 30, 2032. Zenara denies that the '279 Patent was "duly and legally issued" and denies any remaining allegations in this paragraph.

40.     The '133 Patent is entitled "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy." The '133 Patent was duly and legally issued by the USPTO on May 23, 2023. The Orange Book presently shows that the '133 Patent's term ends on June 16, 2039. A true and correct copy of the '133 Patent is attached as Exhibit C.

**ANSWER**: Zenara admits that Exhibit C to Plaintiffs' Complaint contains what purports to be a copy of the '133 Patent, which purported copy bears the title "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy." Zenara admits that the Orange Book presently shows that the '133 Patent's term ends on June 16, 2039. Zenara denies that the '279 Patent was "duly and legally issued" and denies any remaining allegations in this paragraph.

41.     The Prescribing Information for XCOPRI® provides that XCOPRI® is indicated for the treatment of partial-onset seizures in adult patients. Ex. A at 1, 2. The recommended maintenance dosage of XCOPRI® is 200 mg/day, with a maximum dose not to exceed 400 mg/day. Ex. A at 1.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

42.     Under the "Dosage and Administration" section of the XCOPRI® Prescribing Information, in section 2.1, the labeling instructs that XCOPRI® can be administered as a Monotherapy and Adjunctive Therapy, including as adjunctive therapy with phenytoin and phenobarbital. Ex. A at 2.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

43.     A Phase III study of cenobamate (NCT 02535091) evaluated, as a secondary objective, the pharmacokinetic effects of cenobamate on concomitant phenytoin and phenobarbital administration. Sperling et al., *Cenobamate (YKP3089) as adjunctive treatment for uncontrolled focal seizures in a large, phase 3, multicenter, open-label safety study*, 61 Epilepsia1000-1108, 1101 (2020). Of the 1339 patients participating in the study who received cenobamate, 114 received concomitant phenytoin, and 51 received concomitant phenobarbital. *Id.* at 1103. Phenytoin and phenobarbital remain available treatments for treating partial-onset epilepsy, with phenytoin being the 4th most commonly prescribed medication. *See* Terman et al., *Antiseizure medication treatment pathways for US Medicare beneficiaries with newly treated epilepsy*, 63

Epilepsia 1571-1579, 1577 at Table 3 (2022) (ranking phenytoin as the 4th most common treatment pathway in a retrospective study of 21,458 Medicare beneficiaries with newly treated epilepsy between 2014-2017); *see also* ClinCalc DrugStats Database, Phenytoin Drug Usage Statistics available at https://clincalc.com/DrugStats/Drugs/Phenytoin (last visited June 13, 2024) (reporting 1,616,629 total prescriptions and 270,818 patients in 2020 for phenytoin).

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

44.     Section 6.1 of the XCOPRI® Prescribing Information, under "Clinical Trials Experience" provides that XCOPRI® was administered as adjunctive therapy to 1944 patients. Ex. A at 8.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

45.     The XCOPRI® Prescribing information provides instructions regarding how to dose XCOPRI® with one or more of phenytoin and phenobarbital.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

46.     Section 7 of the XCOPRI® Prescribing Information provides information regarding the co-administration of XCOPRI® with, among other drugs, phenytoin and phenobarbital.  For

patients concomitantly taking XCOPRI® and phenytoin, XCOPRI® Prescribing Information instructs physicians and patients to "gradually decrease phenytoin dosage by up to 50% as XCOPRI® is being titrated." Ex. A at Table 5. For patients concomitantly taking XCOPRI® and phenobarbital, XCOPRI® Prescribing Information instructs physicians and patients to "consider a reduction in dosage of phenobarbital." Ex. A at Table 5. This information about how to concomitantly dose XCOPRI® and phenytoin or phenobarbital is repeated in the "Drug Interactions" section on the first page of the XCOPRI® Prescribing Information.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

47. Section 12.3 of the XCOPRI® Prescribing Information provides that "[m]ultiple doses of concomitant XCOPRI 200 mg once daily increased phenytoin mean Cmax and AUC by 70% and 84%, respectively, and phenobarbital mean Cmax and AUC by 34% and 37%, respectively." In contrast, "[n]o clinically significant differences in the pharmacokinetics of the following drugs were observed when used concomitantly with cenobamate: valproic acid, levetiracetam or lacosamide." Ex. A at 17.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

48. The XCOPRI® Prescribing Information instructs that by reducing the amount of phenytoin by up to 50% when co-administered with XCOPRI®, the AUC of phenytoin will be reduced by at least 5%, to the level of AUC obtained after the administration of phenytoin to the patient without XCOPRI®.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

49. The XCOPRI® Prescribing Information instructs that by reducing the amount of phenobarbital when co-administered with XCOPRI®, the AUC of phenobarbital will be reduced by at least 5%, to the level of AUC obtained after the administration of phenobarbital to the patient without XCOPRI®.

**ANSWER**: Zenara directs Plaintiffs to the FDA-approved labeling for XCOPRI® for the current treatment specifications and indications of the product. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph of the Complaint and therefore denies them.

## DEFENDANTS' ANDAS AND NOTICES OF PARAGRAPH IV CERTIFICATION

### Aurobindo

50. On information and belief, Aurobindo has submitted or caused to be submitted ANDA No. 219473 to FDA under 21 U.S.C. § 355(j) in order to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the cenobamate tablets described therein, as a purported generic version of XCOPRI®, prior to the expiration of the '133 Patent.

51. On information and belief, Aurobindo's ANDA Products are tablets that comprise 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg of cenobamate as the active pharmaceutical ingredient.

52. On information and belief, Aurobindo's ANDA Products will be accompanied by Prescribing Information substantially the same as the FDA-approved XCOPRI® Prescribing

Information, and Aurobindo seeks FDA approval to sell and use Aurobindo's ANDA Products within the scope of the claims of the '133 Patent.

53.     Aurobindo's Notice Letter represents that Aurobindo had submitted to FDA Aurobindo's ANDA with a purported Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the products described in Aurobindo's ANDA before the expiration of the '133 Patent listed in the Orange Book for XCOPRI®. Hence, through its ANDA, Aurobindo seeks to commercially manufacture, use, offer for sale, sell, or import into the United States Aurobindo's ANDA Products before the expiration of the '133 Patent.

54.     On information and belief, if FDA approves Aurobindo's ANDA, Aurobindo will manufacture, offer to sell, and/or sell Aurobindo's ANDA Products within the United States, including within the State of Delaware, and/or will import Aurobindo's ANDA Products into the United States, including Delaware.

55.     On information and belief, if FDA approves Aurobindo's ANDA, Aurobindo will actively induce or contribute to the manufacture, use, offer to sell, sale, and/or importation of Aurobindo's ANDA Products in the United States, including Delaware.

**ANSWER**: Paragraphs 50-55 relate to Aurobindo not to Zenara, and, therefore, no response by Zenara is required. To the extent an answer is required, Zenara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 50-55 of the Complaint and therefore denies them.

56.     On information and belief, Zenara has submitted or caused to be submitted ANDA No. 219403 to FDA under 21 U.S.C. § 355(j) in order to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the cenobamate tablets described therein, as a purported generic version of XCOPRI®, prior to the expiration of the Patents-in-Suit.

**ANSWER**: Paragraph 56 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara admits that Zenara has submitted or caused to be submitted ANDA No. 219403 to FDA under 21 U.S.C. § 355(j) in order to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the cenobamate tablets described therein, as a purported generic version of XCOPRI®, prior to the expiration of the Patents-in-Suit. Zenara denies any remaining allegations of this paragraph.

57.     On information and belief, Zenara's ANDA Products are tablets that comprise 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg of cenobamate as the active pharmaceutical ingredient.

**ANSWER**: Zenara directs Plaintiffs to Zenara's ANDA No. 219403 for a description of Zenara's ANDA Products. Zenara denies any remaining allegations of this paragraph.

58.     On information and belief, Zenara's ANDA Products will be accompanied by Prescribing Information that will be the substantially the same as the FDA-approved XCOPRI® Prescribing Information, and Zenara seeks FDA approval to sell and use Zenara's ANDA Products within the scope of the claims of the Patents-in-Suit.

**ANSWER**: Zenara directs Plaintiffs to Zenara's ANDA No. 219403 for a description of Zenara's ANDA Products. Zenara denies any remaining allegations of this paragraph.

59.     Plaintiffs received a notice of Paragraph IV certification from Zenara dated May

10, 2024 ("Zenara's Notice Letter"). Zenara's Notice Letter represents that Zenara had submitted to FDA Zenara's ANDA with a purported Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the products described in Zenara's ANDA, before the expiration of the '279 and '133 Patents. Hence, through its ANDA, Zenara seeks to commercially manufacture, use, offer for sale, sell, and/or import into the United States Zenara's ANDA Products before the expiration of the Patents-in-Suit.

**ANSWER**: Zenara admits that it has sent notice of Paragraph IV certification to Plaintiffs, dated May 10, 2024 ("Zenara's Notice Letter"). Zenara directs Plaintiffs to Zenara's Notice Letter for the best description of what Zenara has sought to do under Zenara's ANDA. Zenara denies any remaining allegations of this paragraph.

60.     In the Zenara Notice Letter, Zenara purported to offer confidential access to portions of ANDA No. 219403 on terms and conditions set forth in the Notice Letter ("Zenara Offer"). The Zenara Offer contained unreasonable restrictions on who could view the ANDA, well beyond those that would apply under a protective order. For example, the Zenara Offer permitted access only to attorneys from a single law firm, and also prohibited those attorneys from conducting patent prosecution for SKBP on any topic or participating in FDA counseling for any client on any topic. The restrictions Zenara placed on access to ANDA No. 219403 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to the persons entitled to access, and on the use and disposition of any information accessed, ***as would apply had a protective order been entered for the purpose of protecting trade secrets or other confidential business information***." (emphasis added).

**ANSWER**: Zenara denies the allegations of Paragraph 60. Zenara directs Plaintiffs to Zenara's Notice Letter for a complete description of the offer of confidential access.

61.     On May 30, 2024, outside counsel for Plaintiffs contacted counsel for Zenara – who was designated as Zenara's agent for service in the Zenara Notice Letter – via email in an effort to negotiate reasonable terms of confidential access to Zenara's ANDA. Plaintiffs' correspondence included proposed modifications to the unduly restrictive Zenara Offer. Having received no substantive response, on June 5, 2024, Plaintiffs' counsel contacted Zenara's counsel again. Zenara's counsel responded that Zenara would not accept Plaintiffs' proposed modifications but made no attempt to engage in any negotiation of terms, despite Plaintiffs inviting such negotiation by further correspondence dated June 6, 2024. To date, Zenara has not responded further.

**ANSWER**: Zenara admits to the occurrence of negotiations with outside counsel for Plaintiffs. Zenara denies the remaining allegations of Paragraph 61.

62.     On information and belief, if FDA approves Zenara's ANDA, Zenara will manufacture, offer to sell, and/or sell Zenara's ANDA Products within the United States, including within the State of Delaware, and/or will import Zenara's ANDA Products into the United States, including Delaware.

**ANSWER**: Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 62.

63.     On information and belief, if FDA approves Zenara's ANDA, Zenara will actively induce or contribute to the manufacture, use, offer to sell, sale, and/or importation of Zenara's ANDA Products in the United States, including Delaware.

**ANSWER**: Paragraph 63 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA,

as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 63.

64.     Plaintiffs bring this action pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of receipt of each of the Zenara Notice Letter and the Aurobindo Notice Letter. *See* 21 U.S.C. § 355(c)(3)(C).

**ANSWER**: Zenara admits that this action, as it pertains to Zenara, purports to arise pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of receipt of the Zenara Notice Letter. Zenara is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore denies them.

## COUNT 1
## INFRINGEMENT OF THE '133 PATENT BY AUROBINDO

65.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–64 as if fully set forth herein.

66.     On information and belief, Aurobindo has submitted or caused the submission of Aurobindo's ANDA to FDA and continues to seek FDA approval of Aurobindo's ANDA.

67.     On information and belief, Aurobindo has infringed at least claim 1 of the '133 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Aurobindo's ANDA with a Paragraph IV certification and seeking FDA approval of Aurobindo's ANDA prior to the expiration of the '133 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. §271(e)(4), including, inter alia, an order of this Court that the effective date of approval for ANDA No. 219473 be a date which is not earlier than the expiration date of the '133 Patent.

68.     Claim 1 of the '133 Patent recites:

A method for treating a patient who is suffering from epilepsy with co-administering a therapeutically effective amount of (i) [(lR)-1-(2-chlorophenyl)-2-(tetrazol-2-yl) ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, said method comprising:

modifying the therapeutically effective amount of the antiepileptic drug to adjust AUC of the antiepileptic drug obtained after the co-administration having at least 5% difference to the level of AUC obtained after the administration of antiepileptic drug to the patient without cenobamate or a pharmaceutically acceptable salt thereof,

wherein the therapeutically effective amount of cenobamate or a pharmaceutically acceptable salt thereof is from about 100 mg/day to about 400 mg/day, and

wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin.

69.     Aurobindo's commercial manufacture, use in accordance with Aurobindo's proposed prescribing information, offer for sale, and/or sale within the United States, and/or importation into the United States of Aurobindo's ANDA Products, would directly infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of Aurobindo's ANDA, Aurobindo will make, use, offer for sale, or sell Aurobindo's ANDA Products within the United States, or will import Aurobindo's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent. *See id.*

70.     On information and belief, upon FDA approval of Aurobindo's ANDA, Aurobindo, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market and distribute Aurobindo's ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Aurobindo's

ANDA Products. On information and belief, Aurobindo will also knowingly and intentionally accompany Aurobindo's ANDA Products with proposed prescribing information and product insert that will include instructions for using or administering Aurobindo's ANDA Products. On information and belief, the proposed prescribing information and product insert accompanying Aurobindo's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with about 100 mg/day to about 400 mg/day of XCOPRI® to adjust the AUC of phenytoin or phenobarbital and will infringe one or more claims of the '133

Patent. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Aurobindo's ANDA Products to directly infringe one or more claims of the '133 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '133 Patent and knowledge that it is encouraging infringement.

71. Aurobindo had actual and constructive notice of the '133 Patent prior to filing Aurobindo's ANDA and was aware that the filing of Aurobindo's ANDA with the request for FDA approval prior to the expiration of the '133 Patent would constitute an act of infringement of one or more claims of the '133 Patent. On information and belief, Aurobindo had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products would not contribute to and/or induce infringement of one or more claims of the '133 Patent.

72. On information and belief, Aurobindo filed Aurobindo's ANDA without adequate justification for asserting the '133 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of

Aurobindo's ANDA Products. Aurobindo's conduct in certifying invalidity, unenforceability, and/or noninfringement with respect to the '133 Patent renders this case "exceptional" under 35 U.S.C. § 285.

73.     Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of one or more claims of the '133 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER**: Paragraphs 65-73 relate to Aurobindo and not to Zenara, and, therefore, no response by Zenara is required.  To the extent an answer is required, Zenara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 65-73 of the Complaint and therefore denies them.

**COUNT 2**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '133 PATENT BY AUROBINDO**

74.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–73 as if fully set forth herein.

75.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

76.     The '133 Patent includes claims that recite methods of administering [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) and one or more of phenytoin or phenobarbital.

77.     On information and belief, if Aurobindo's ANDA is approved, Aurobindo's ANDA Products will be made, offered for sale, sold, and/or otherwise distributed in the United States, including in the State of Delaware, and/or will be imported into the United States, including the

State of Delaware, by or through Aurobindo and its affiliates. Aurobindo will therefore directly infringe one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

78.     On information and belief, Aurobindo knows that healthcare professionals and/or patients will use Aurobindo's ANDA Products in accordance with the proposed prescribing information sought by Aurobindo's ANDA. On information and belief, the proposed prescribing information and product insert accompanying Aurobindo's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with XCOPRI® to adjust the AUC and will infringe one or more claims of the '133 Patent. Aurobindo will therefore contribute to and/or induce infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

79.     On information and belief, Aurobindo's infringing activities, including the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products, will begin immediately after the FDA approves Aurobindo's ANDA. Any such conduct before the '133 Patent expires will directly infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

80.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Aurobindo concerning liability for the infringement of one or more claims of the '133 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

81.     Plaintiffs will be substantially and irreparably harmed by Aurobindo's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

82.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER**: Paragraphs 74-82 relate to Aurobindo and not to Zenara, and, therefore, no response by Zenara is required.  To the extent an answer is required, Zenara is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 74-82 of the Complaint and therefore denies them.

**COUNT 3**
**INFRINGEMENT OF THE '279 PATENT BY ZENARA**

83.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–82 as if fully set forth herein.

**ANSWER**:  Zenara repeats, reiterates and re-alleges its responses to paragraphs 1 through and including 82 of the Complaint with the same force and effect as if hereinafter set forth at length.

84.     On information and belief, Zenara has submitted or caused the submission of Zenara's ANDA to FDA and continues to seek FDA approval of Zenara's ANDA.

**ANSWER**: Zenara admits that it has submitted or caused the submission of the Zenara ANDA to FDA and continues to seek FDA approval of the Zenara ANDA.

85.     On information and belief, Zenara has infringed at least claim 11 the '279 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zenara's ANDA with a Paragraph IV certification and seeking FDA approval of Zenara's ANDA prior to the expiration of the '279 Patent.

**ANSWER**: Paragraph 85 sets forth legal conclusions based on alleged activities to which no response is required.  To the extent an answer is required, Zenara denies the allegations of Paragraph 85.

86.     Claim 11 of the '279 Patent provides: The azole of claim 10, wherein said compound is carbamic acid (R)-(+)-1-(2-chloro-phenyl)-2-tetrazol-2-yl-ethyl ester substantially free of its (S)enantiomer and said (R)-enantiomer is present to the extent of at least about 95%.

**ANSWER**: Zenara admits that claim 11 of the '279 Patent provides: The azole of claim 10, wherein said compound is carbamic acid (R)-(+)-1-(2-chloro-phenyl)-2-tetrazol-2-yl-ethyl ester substantially free of its (S)enantiomer and said (R)-enantiomer is present to the extent of at least about 95%.

87.     (R)-(+)-1-(2-chloro-phenyl)-2-tetrazol-2-yl-ethyl     ester     is     also     known     as cenobamate.

**ANSWER**: Denied.

88.     Zenara's commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States of Zenara's ANDA Products, would directly infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '279 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of Zenara's ANDA, Zenara will make, use, offer for sale, and/or sell Zenara's ANDA Products within the United States, and/or will import Zenara's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '279 Patent. *See id.*

**ANSWER**: Paragraph 88 sets forth legal conclusions based on alleged activities to which no response is required.  To the extent an answer is required, Zenara denies the allegations of Paragraph 88.

89.     On information and belief, upon FDA approval of Zenara's ANDA, Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or

alter egos, will market and distribute Zenara's ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Zenara's ANDA Products. On information and belief, Zenara will also knowingly and intentionally accompany Zenara's ANDA Products with proposed prescribing information and product insert that will include instructions for using or administering Zenara's ANDA Products. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will infringe one or more claims of the '279 Patent. Accordingly, Zenara will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Zenara's ANDA Products to directly infringe one or more claims of the '279 Patent. In addition, on information and belief, Zenara will encourage acts of direct infringement with knowledge of the '279 Patent and knowledge that it is encouraging infringement.

**ANSWER**: Paragraph 89 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 89.

90. Zenara had actual and constructive notice of the '279 Patent prior to filing Zenara's ANDA and was aware that the filing of Zenara's ANDA with the request for FDA approval prior to the expiration of the '279 Patent would constitute an act of infringement of one or more claims of the '279 Patent. On information and belief, Zenara had no reasonable basis for asserting that the

commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products would not contribute to and/or induce infringement of one or more claims of the '279 Patent.

**ANSWER**: Paragraph 90 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 90.

91.      On information and belief, Zenara filed Zenara's ANDA without adequate justification for asserting the '279 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zenara's ANDA Products. Zenara's conduct in certifying invalidity, unenforceability, and/or noninfringement with respect to the '279 Patent renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER**: Paragraph 91 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 91.

92.      Plaintiffs will be irreparably harmed if Zenara is not enjoined from infringing, and from actively inducing and contributing to the infringement of one or more claims of the '279 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Zenara, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER**: Paragraph 92 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 92.

**COUNT 4**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '279 PATENT BY**
**ZENARA**

93.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–92 as if fully set forth herein.

**ANSWER**:  Zenara repeats, reiterates and re-alleges its responses to paragraphs 1 through and including 92 of the Complaint with the same force and effect as if hereinafter set forth at length.

94.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER**: Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zenara admits that this action purports to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Zenara denies any remaining allegations in this paragraph.

95.     On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Products will be made, offered for sale, sold, and/or otherwise distributed in the United States, including in the State of Delaware, and/or will be imported into the United States, including the State of Delaware, by or through Zenara and its affiliates. Zenara will therefore directly infringe one or more claims of the '279 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

**ANSWER**: Paragraph 95 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 95.

96.     On information and belief, Zenara knows that healthcare professionals and/or patients will use Zenara's ANDA Products in accordance with the proposed prescribing information sought by Zenara's ANDA. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will infringe one or more claims of the '279 Patent. Zenara will therefore contribute to and/or induce infringement of one or more claims of the '279 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

**ANSWER**: Paragraph 96 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 96.

97.     On information and belief, Zenara's infringing activities, including the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products, will begin immediately after the FDA approves Zenara's ANDA. Any such conduct before the '279 Patent expires will directly infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '279 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

**ANSWER**: Paragraph 97 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara

ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 97.

98.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Zenara concerning liability for the infringement of one or more claims of the '279 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER**: Paragraph 98 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 98.

99.     Plaintiffs will be substantially and irreparably harmed by Zenara's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER**: Paragraph 99 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 99.

100.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER**: Paragraph 100 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 100.

## COUNT 5
## INFRINGEMENT OF THE '133 PATENT BY ZENARA

101.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–100 as if fully set forth herein.

**ANSWER**:  Zenara repeats, reiterates and re-alleges its responses to paragraphs 1 through

and including 100 of the Complaint with the same force and effect as if hereinafter set forth at length.

102.    On information and belief, Zenara has submitted or caused the submission of Zenara's ANDA to FDA and continues to seek FDA approval of Zenara's ANDA.

**ANSWER**: Zenara admits that it has submitted or caused the submission of Zenara's ANDA to FDA and continues to seek FDA approval of Zenara's ANDA.

103.    On information and belief, Zenara has infringed at least claim 1 of the '133 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zenara's ANDA with a Paragraph IV certification and seeking FDA approval of Zenara's ANDA prior to the expiration of the '133 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. §271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 219403 be a date which is not earlier than the expiration date of the '133 Patent.

**ANSWER**: Paragraph 103 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 103.

104.    Claim 1 of the '133 Patent recites:

A method for treating a patient who is suffering from epilepsy with co-administering a therapeutically effective amount of (i) [(lR)-1-(2-chlorophenyl)-2-(tetrazol-2-yl) ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, said method comprising:

modifying the therapeutically effective amount of the antiepileptic drug to adjust AUC of the antiepileptic drug obtained after the co-administration having at least 5% difference to the level of AUC obtained after the administration of antiepileptic drug to the patient without cenobamate or a pharmaceutically acceptable salt thereof,

wherein the therapeutically effective amount of cenobamate or a pharmaceutically acceptable salt thereof is from about 100 mg/day to about 400 mg/day, and

wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin.

**ANSWER**: Zenara admits that Claim 1 of the '133 Patent recites: A method for treating a patient who is suffering from epilepsy with co-administering a therapeutically effective amount of (i) [(lR)-1- (2-chlorophenyl)-2-(tetrazol-2-yl) ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, said method comprising: modifying the therapeutically effective amount of the antiepileptic drug to adjust AUC of the antiepileptic drug obtained after the co- administration having at least 5% difference to the level of AUC obtained after the administration of antiepileptic drug to the patient without cenobamate or a pharmaceutically acceptable salt thereof, wherein the therapeutically effective amount of cenobamate or a pharmaceutically acceptable salt thereof is from about 100 mg/day to about 400 mg/day, and wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin.

105.     Zenara's commercial manufacture,  use  in accordance with  Zenara's proposed prescribing information, offer for sale, and/or sale within the United States, and/or importation into the United States of Zenara's ANDA Products, would directly infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of Zenara's ANDA, Zenara will make, use, offer for sale, and/or sell Zenara's ANDA Products within the United States, or will import Zenara's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent. *See id.*

**ANSWER**: Paragraph 105 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 105.

106.     On information and belief, upon FDA approval of Zenara's ANDA, Zenara, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market and distribute Zenara's ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of Zenara's ANDA Products. On information and belief, Zenara will also knowingly and intentionally accompany Zenara's ANDA Products with a proposed prescribing information and product insert that will include instructions for using or administering Zenara's ANDA Products. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with about 100 mg/day to about 400 mg/day of XCOPRI® to adjust the AUC of phenytoin or phenobarbital and will infringe one or more claims of the '133 Patent. Accordingly, Zenara will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of Zenara's ANDA Products to directly infringe one or more claims of the '133 Patent. In addition, on information and belief, Zenara will encourage acts of direct infringement with knowledge of the '133 Patent and knowledge that it is encouraging infringement.

**ANSWER**: Paragraph 106 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 106.

107.     Zenara had actual and constructive notice of the '133 Patent prior to filing Zenara's ANDA and was aware that the filing of Zenara's ANDA with the request for FDA approval prior

to the expiration of the '133 Patent would constitute an act of infringement of one or more claims of the '133 Patent. On information and belief, Zenara had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products would not contribute to and/or induce infringement of one or more claims of the '133 Patent.

ANSWER: Paragraph 107 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 107.

108. On information and belief, Zenara filed Zenara's ANDA without adequate justification for asserting the '133 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zenara's ANDA Products. Zenara's conduct in certifying invalidity, unenforceability, and/or noninfringement with respect to the '133 Patent renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER**: Paragraph 108 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 108.

109. Plaintiffs will be irreparably harmed if Zenara is not enjoined from infringing, and from actively inducing and contributing to the infringement of one or more claims of the '133 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Zenara, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER**: Paragraph 109 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 109.

**COUNT 6**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '133 PATENT BY ZENARA**

110.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–109 as if fully set forth herein.

**ANSWER**:  Zenara repeats, reiterates and re-alleges its responses to paragraphs 1 through and including 109 of the Complaint with the same force and effect as if hereinafter set forth at length.

111.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER**: Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zenara admits that this action purports to arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Zenara denies any remaining allegations in this paragraph.

112.     The '133 Patent includes claims that recite methods of administering [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) and one or more of phenytoin or phenobarbital.

**ANSWER**: Zenara admits that the '133 Patent includes claims that recite methods of administering [(1R)-1-(2- chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) and one or more of phenytoin or phenobarbital.

113.     On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Products will be made, offered for sale, sold, and/or otherwise distributed in the United States, including in the State of Delaware, and/or will be imported into the United States, including the

State of Delaware, by or through Zenara and its affiliates. Zenara will therefore directly infringe one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

**ANSWER**: Paragraph 113 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 113.

114. On information and belief, Zenara knows that healthcare professionals and/or patients will use Zenara's ANDA Products in accordance with the proposed prescribing information sought by Zenara's ANDA. On information and belief, the proposed prescribing information and product insert accompanying Zenara's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with XCOPRI® to adjust the AUC and will infringe one or more claims of the '133 Patent. Zenara will therefore contribute to and/or induce infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

**ANSWER**: Paragraph 114 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara

ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 114.

115.    On information and belief, Zenara's infringing activities, including the commercial manufacture, use, offer for sale, sale, and/or importation of Zenara's ANDA Products, will begin immediately after the FDA approves Zenara's ANDA. Any such conduct before the '133 Patent expires will directly infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

**ANSWER**: Paragraph 115 sets forth legal conclusions based on alleged activities to which no response is required. Zenara cannot respond as to its actions should the FDA approve its ANDA, as intervening events, including but not limited to competition by others, changes in the marketplace, and FDA actions with respect to the brand product, can affect the actions Zenara ultimately does undertake. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 115.

116.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Zenara concerning liability for the infringement of one or more claims of the '133 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER**: Paragraph 116 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 116.

117.    Plaintiffs will be substantially and irreparably harmed by Zenara's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER**: Paragraph 117 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the allegations of Paragraph 117.

118. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER**: Paragraph 118 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Zenara denies the remaining allegations of Paragraph 118.


## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)     The entry of an Order, in favor of Plaintiffs and against Aurobindo, that Aurobindo's submission of its ANDA to FDA seeking approval for the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of Aurobindo's ANDA Products before the expiration of the '133 Patent was an act of infringement of one or more claims of the '133 Patent pursuant to 35 U.S.C. § 271(e)(2)(A);

**ANSWER**: Request for relief against Aurobindo is inapplicable to Zenara.

(b)     The entry of an Order, in favor of Plaintiffs and against Zenara, that Zenara's submission of Zenara's ANDA to FDA seeking approval for the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of Zenara's ANDA Products before the expiration of the Patents-in-Suit was an act of infringement of one or more claims of the Patents-in-Suit pursuant to 35 U.S.C. § 271(e)(2)(A);

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara.

(c)     A Judgment, in favor of Plaintiffs and against Aurobindo, declaring that Aurobindo's commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of Aurobindo's ANDA Products, and/or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '133 Patent by Aurobindo under one or more of 35 U.S.C. § 271(a), (b), and (c);

**ANSWER**: Request for relief against Aurobindo is inapplicable to Zenara.

(d)     A Judgment, in favor of Plaintiffs and against Zenara, declaring that Zenara's commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of Zenara's ANDA Products, and/or inducing or contributing to such conduct, would constitute infringement of one or more claims of the Patents-in-Suit by Zenara under one or more of 35 U.S.C. § 271(a), (b), and (c);

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara.

(e)     The entry of a judgment declaring that the Patents-in-Suit remain valid and enforceable;

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara.

(f)     The entry of an Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 219473 shall be a date that is not earlier than the last of the expiration date of the '133 Patent, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara. Request for relief against Aurobindo is inapplicable to Zenara.

(g)     The entry of an Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 219403 shall be a date that is not earlier than the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara. Request for relief against Aurobindo is inapplicable to Zenara.

(h)     The entry of a preliminary and permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Aurobindo, its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons or entities acting or attempting to act in concert, participation, and/or in privity with Aurobindo, and its successors or assigns, from commercially manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States any product that infringes the '133 Patent, including Aurobindo's ANDA Products, and/or inducing or contributing to such conduct, until the expiration date of the '133 Patent, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Plaintiffs are or become entitled.

**ANSWER**: Request for relief against Aurobindo is inapplicable to Zenara.

(i)     The entry of a preliminary and permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Zenara, its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, other related business entities, and all other persons or entities acting or attempting to act in concert, participation, and/or in privity with Zenara, and its successors or assigns, from commercially manufacturing, using, offering for sale, and/or selling in the United States, and/or importing into the United States any product that infringes the Patents-in-Suit, including Zenara's ANDA Products, and/or inducing or contributing to such conduct, until

the last of the expiration dates of the Patents-in-Suit, including any extensions or regulatory exclusivities, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara.

(j) A declaration under 28 U.S.C. § 2201 that if Aurobindo, its officers, directors, agents, servants, employees, representatives, attorneys, parents, subsidiaries, affiliates, other related business entities, and all other persons or entities acting or attempting to act in concert, participation, or in privity with Aurobindo, or acting on Aurobindo's behalf, engage in the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of Aurobindo's ANDA Products, then this conduct will constitute an act of direct or indirect infringement of one or more claims of the '133 Patent;

**ANSWER**: Request for relief against Aurobindo is inapplicable to Zenara.

(k) A declaration under 28 U.S.C. § 2201 that if Zenara, its officers, directors, agents, servants, employees, representatives, attorneys, parents, subsidiaries, affiliates, other related business entities, and all other persons or entities acting or attempting to act in concert, participation, or in privity with Zenara, or acting on Zenara's behalf, engage in the commercial manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States, of Zenara's ANDA Products, then this conduct will constitute an act of direct or indirect infringement of one or more claims of the Patents-in-Suit;

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara.

(l) An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' ANDA Products, and/or any product that infringes the Patents-in-Suit, and/or induce

or contribute to such conduct, prior to the expiration of such patents, including any extensions or regulatory exclusivities;

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara. Request for relief against Aurobindo is inapplicable to Zenara.

(m)    The entry of judgment declaring that Aurobindo's acts render this case an exceptional case and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285.

**ANSWER**: Request for relief against Aurobindo is inapplicable to Zenara.

(n)    The entry of judgment declaring that Zenara's acts render this case an exceptional case and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285.

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara.

(o)    An award to Plaintiffs of their costs and expenses in this action; and

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara. Request for relief against Aurobindo is inapplicable to Zenara.

(p)    Such other and further relief this Court deems just and proper.

**ANSWER**: Zenara denies that Plaintiffs are entitled to any of their requests for relief with respect to Zenara. Request for relief against Aurobindo is inapplicable to Zenara.

## **AFFIRMATIVE DEFENSES**

Zenara asserts the following defenses without prejudice to the denials in this Answer, without admitting any allegations of this Complaint not otherwise admitted.

## **FIRST AFFIRMATIVE DEFENSE**
## **FAILURE TO STATE A CLAIM**

Plaintiffs' Complaint, in whole or in part, fails to state claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**INVALIDITY AND UNENFORCEABILITY OF THE '279 PATENT**

United States Patent No. 7,598,279 ("the '279 Patent"),  and each of the claims thereof, are invalid and/or unenforceable for failure to comply with one or  more  conditions  for patentability and/or enforceability set forth in one or more  provisions of  35 U.S.C. §§101, 102, 103, and/or 112, or under  other judicially-created bases for invalidity and/or unenforceability, and  more particularly as set forth in  Zenara's May 10, 2024 notice letter. sent with respect to Zenara's Paragraph IV Certifications.

**THIRD AFFIRMATIVE DEFENSE**
**INVALIDITY AND UNENFORCEABILITY OF THE '133 PATENT**

United States Patent No. 11,654,133  ("the '133  Patent"), and each of the claims thereof, are  invalid  and/or unenforceable for failure to comply with one or  more  conditions  for patentability and/or enforceability set forth in one or more  provisions of  35 U.S.C. §§101, 102, 103, and/or 112, or under other judicially-created bases for invalidity and/or unenforceability, and more particularly as set forth in Zenara's May 10, 2024 notice letter. sent with respect to Zenara's Paragraph IV Certifications.

**FOURTH AFFIRMATIVE DEFENSE**
**NO DIRECT INFRINGEMENT OF THE '279 PATENT**

As set forth in the Detailed Statement of Zenara's Notice Letter, Zenara does not infringe literally any valid and enforceable claim of the '279 Patent and thus cannot be said to literally infringe the same. As no equivalent can be found in XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("Zenara's ANDA Products") for the missing elements of any of the claims of the '279 Patent, there can be no infringement under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE
## NO DIRECT INFRINGEMENT OF THE '133 PATENT

As set forth in the Detailed Statement of Zenara's Notice Letter, Zenara does not infringe literally any valid and enforceable claim of the '133 Patent and thus cannot be said to literally infringe the same. As no equivalent can be found in XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("Zenara's ANDA Products") for the missing elements of any of the claims of the '133 Patent, there can be no infringement under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE
## NO INDIRECT INFRINGEMENT OF THE '279 PATENT

Zenara has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the '279 Patent, and the manufacturing, marketing, sale, offer for sale, importation, and/or distribution of Zenara's ANDA Products does not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the '279 Patent.

## SEVENTH AFFIRMATIVE DEFENSE
## NO INDIRECT INFRINGEMENT OF THE '133 PATENT

Zenara has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the '133 Patent, and the manufacturing, marketing, sale, offer for sale, importation, and/or distribution of Zenara's ANDA Products does not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the '133 Patent.

## EIGHTH AFFIRMATIVE DEFENSE
## NO COSTS

Plaintiffs are barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

## NINTH AFFIRMATIVE DEFENSE
## FAILURE TO STATE CLAIM OF WILFULNESS

Plaintiffs fail to state a proper claim for willful infringement or exceptional case under 35 U.S.C. §§ 271(e)(4) and 285, or otherwise.

## TENTH AFFIRMATIVE DEFENSE
## RESERVATION OF RIGHTS

Zenara reserves the right to assert additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS OF ZENARA

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Zenara Pharma Private Ltd. ("Zenara" or "Counterclaim-Plaintiffs"), through their undersigned attorneys, for their Counterclaims against in SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (collectively, "Plaintiffs" or "SKBP, collectively, "Counterclaim-Defendants"), hereby state the following:

1.      Counterclaim-Plaintiff repeats and incorporates by reference each of the foregoing paragraphs of Zenara's Answer and Additional Defenses to the Complaint.

2.      This is an action for a declaratory judgment of non-infringement and invalidity and/or unenforceability of the claims of the '279 Patent and the '133 Patent.

3.      Upon information and belief, a true and correct copy of the '279 Patent is attached to the Complaint as Exhibit B.

4.      Upon information and belief, a true and correct copy of the '133 Patent is attached to the Complaint as Exhibit C.

## THE PARTIES

5.      Counterclaim-Plaintiff Zenara Pharma Private Limited is a corporation organized and existing under the laws of the Republic of India, having its principal place of business at Plot 87-96, Phase III, Industrial Development Area, Cherlapally, Hyderabad, 500051, India.

6. Counterclaim-Defendant SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

7. Counterclaim-Defendant SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652.

8. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Life Science, Inc. is a wholly owned subsidiary of SK Biopharmaceuticals Co., Ltd.

9. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Biopharmaceuticals Co., Ltd., as the assignee, and owns the entire right, title, and interest in each of the '279 Patent and the '133 Patent.

10. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Life Science, Inc. is the exclusive licensee of the '279 Patent and the '133 Patent.

11. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Life Science, Inc. is the holder of New Drug Application (NDA) No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

## JURISDICTION

12. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Counterclaim-Plaintiff, on the one hand, and the Counterclaim-Defendants on the other hand, arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

13. This Court has personal jurisdiction over Counterclaim-Defendants based, inter alia, on the filing by Counterclaim-Defendants of this lawsuit in this jurisdiction and because

Counterclaim-Defendants are doing business in this jurisdiction.

14.     Venue is proper in this district for SK Biopharmaceuticals Co., Ltd and Counterclaim-Defendant SK Life Science, Inc. pursuant to 28 U.S.C. §§ 1391(b) and (c), and because, inter alia, SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea and SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652.

## **ORANGE BOOK PATENT LISTING**

15.     The Hatch-Waxman Amendments to the Food, Drug and Cosmetic Act require NDA holders to disclose to the FDA the patent numbers and expiration dates of those patents that the holder believes claim the "drug" for which their NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

16.     On information and belief, on October 6, 2009. July 16, 2013, the PTO issued the '279 Patent. On information and belief, a true and correct copy of the '279 Patent is attached to the Complaint as Exhibit B.

17.     On information and belief, on May 23, 2023, the PTO issued the '133 Patent. On information and belief, a true copy of the '133 Patent is attached to the Complaint as Exhibit C.

18.     On information and belief, pursuant to 21 U.S.C. §§ 355(b)(l), Counterclaim-Defendants caused the FDA to list the '279 Patent and the '133 Patent in the Orange Book in connection with NDA No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

19.     By maintaining the listings of the '279 Patent and the '133 Patent in the Orange Book, Counterclaim-Defendants represent to the world that the '279 Patent and the '133 Patent could

reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale (21 U.S.C. § 355(b)(l)) of the respective brand name product before the expiration of the '279 Patent and the '133 Patent.

## ZENARA'S ABBREVIATED NEW DRUG APPLICATION

20.     Zenara filed ANDA No. 219403 ("Zenara's ANDA") with the FDA seeking approval to market a generic version of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products"). Zenara's ANDA included a Paragraph IV Certification to the '279 Patent and the '133 Patent, certifying that to the best of its knowledge that all of the claims of the '279 Patent and the '133 Patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer to sell, and/or importation of the product described in Zenara's ANDA.

## THE PRESENCE OF A CASE OR CONTROVERSY

21.     By maintaining the Orange Book listing of the '279 Patent and the '133 Patent in connection with the XCOPRI® NDA, Counterclaim-Defendants represent that the '279 Patent and the '133 Patent could reasonably be asserted against anyone making, using, or selling generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, intended to be a generic version of XCOPRI®, without a license from the Counterclaim-Defendants prior to the expiration of the '279 Patent and the '133 Patent.

22.     Counterclaim-Defendants have filed an infringement action under Title 35, United States Code, Sections 100 et seq., asserting the '279 Patent and the '133 Patent against Counterclaim-Plaintiff and seeking a declaration of infringement regarding the '279 Patent and the '133 Patent. There has been, and is now, an actual and justiciable controversy between Counterclaim-Plaintiff on the one hand, and Counterclaim-Defendants, on the other hand, as to whether the products disclosed in Zenara's ANDA infringe the '279 Patent and the '133 Patent, and whether any valid, enforceable

claim in the '279 Patent and the '133 Patent exists.

23. Zenara seeks to market generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, intended to be a generic version of XCOPRI® that is the subject of Zenara's ANDA in the United States prior to the expiration of the '279 Patent and the '133 Patent.

24. If Counterclaim-Plaintiff succeed in proving that their generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, intended to be a generic version of XCOPRI® that is the subject of Zenara's ANDA does not infringe the Patents-in-suit or all asserted claims are invalid or unenforceable, and thus non-infringing, such a judgment will remove any uncertainty that may exist by virtue of Counterclaim-Defendants' maintenance of the '279 Patent and the '133 Patent in the Orange Book in connection with the XCOPRI® NDA.

25. In light of all the circumstances, an actual substantial and continuing justiciable controversy having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court exists between Counterclaim-Defendants and Counterclaim-Plaintiff as to whether the claims of the '279 Patent and the '133 Patent are invalid and/or not infringed by Counterclaim-Plaintiffs.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '133 PAPTENT

26. Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-25 of their Counterclaims, above, as if fully set forth herein.

27. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the '133 Patent and the claims of the '133 Patent.

28.     Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA infringes one or more claims of the '133 Patent.

29.     Counterclaim-Plaintiff asserts that no valid claim of the '133 Patent is infringed by the manufacture, use, offer for sale, sale, and/or importation of generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA.

30.     Counterclaim-Plaintiff is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA, do not infringe any valid claim of the '133 Patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY/UNENFORCEABILITY OF THE '133 PATENT

31.     Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-30 of Counterclaim-Plaintiffs' Counterclaims, above, as if fully set forth herein.

32.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiffs and Counterclaim-Defendants concerning the claims of the '133 Patent.

33.     Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA, infringes one or

more claims of the '133 Patent.

34.     Counterclaim-Plaintiff asserts that the manufacture, use, offer-for-sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA does not infringe any valid claim of the '133 Patent, and that the claims of the '133 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation/ unenforceability, including for all the reasons set forth in Zenara's May 10, 2024 Notice Letter and Detailed Statement, which are incorporated herein. Zenara

35.     Counterclaim-Plaintiff is entitled to a declaration that the claims of the '133 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially created bases for invalidation/unenforceability.

**COUNT III**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '279 PATENT**

36.     Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-35 of their Counterclaims, above, as if fully set forth herein.

37.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the '279 Patent and the claims of the '279 Patent.

38.     Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA infringes one or more claims of the '279 Patent.

39.     Counterclaim-Plaintiff asserts that no valid claim of the '279 Patent is infringed by the manufacture, use, offer for sale, sale, and/or importation of generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA.

40.     Counterclaim-Plaintiff is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA, do not infringe any valid claim of the '279 Patent.


## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY/UNENFORCEABILITY
## OF THE '279 PATENT

41.     Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-40 of Counterclaim-Plaintiff's Counterclaims, above, as if fully set forth herein.

42.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the claims of the '279 Patent.

43.     Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA, infringes one or more claims of the '279 Patent.

44.     Counterclaim-Plaintiff asserts that the manufacture, use, offer-for-sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA does not infringe any valid claim of

the '279 Patent, and that the claims of the '279 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation/ unenforceability, including for all the reasons set forth in Zenara's May 10, 2024 Notice Letter and Detailed Statement, which are incorporated herein.

45. Counterclaim-Plaintiff is entitled to a declaration that the claims of the '279 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially created bases for invalidation/unenforceability.

## PRAYER FOR RELIEF OF ZENARA

WHEREFORE, Counterclaim-Plaintiff respectfully requests that the Court enter judgment in their favor and against Counterclaim-Defendants as follows:

A. Denying Counterclaim-Defendants' claims and dismissing Plaintiffs' Complaint with prejudice.

B. Declaring that the claims of the '279 Patent and '133 Patent are invalid/unenforceable;

C. Declaring that the claims of the '279 Patent and '133 Patent are not, and will not be, infringed by Counterclaim-Plaintiff's manufacture, use, sale, offer for sale, or importation of the generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA;

D. Preliminarily and permanently enjoining Counterclaim-Defendants, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with Counterclaim-Defendants, from utilizing the '279 Patent and '133 Patent to block, hamper, hinder or obstruct FDA approval of Counterclaim-Plaintiff's proposed product;

E. Permanently enjoining Counterclaim-Defendants, their officers, agents, servants,

employees, attorneys, and any person who acts in concert or participation with Counterclaim-Defendants, from asserting or otherwise seeking to enforce the '279 Patent and '133 Patent against Counterclaim-Plaintiff or anyone in privity with Counterclaim-Plaintiff;

F.     Declaring this case exceptional and awarding Counterclaim-Plaintiff their attorneys' fees pursuant to 35 U.S.C. § 285, the inherent power of this Court, or otherwise;

G.     Awarding costs to Counterclaim-Plaintiff; and

H.     Awarding to Counterclaim-Plaintiff any other such and further relief as is just and proper.

OF COUNSEL:

Shashank Upadhye
Yixin Tang
Brent Batzer
UPADHYE TANG LLP
109 Symonds Drive, #174
Hinsdale, IL 60522-0174
shashank@ipfdalaw.com
yixin@ipfdalaw.com
brent@ipfdalaw.com

Dated:  August 20, 2024

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Zenara Pharma Private Ltd*