IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SK BIOPHARMACEUTICALS CO., LTD. and SK LIFE SCIENCE, INC., <br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA U.S.A., INC., and ZENARA PHARMA PVT. LIMITED,<br><br>Defendants. | C.A. No. 24-718 (JLH) (CJB) |

## PLAINTIFFS' ANSWER TO AUROBINDO'S COUNTERCLAIMS

Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (collectively, "SKBP"), by their undersigned attorneys, respectfully submit their Answer to the Counterclaims of Defendants Aurobindo Pharma Limited and Aurobindo Pharma U.S.A., Inc. (collectively, "Aurobindo") (D.I. 14), as follows:

## COUNTERCLAIMS

SKBP denies all allegations of Aurobindo's Counterclaims except as expressly admitted below.

## THE PARTIES

1. Aurobindo Pharma USA, Inc. is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

**Response**: On information and belief, admitted.

2. Aurobindo Pharma Limited is a corporation organized and existing under the laws of India, having a registered office at Plot No. 2, Maitrivihar, Ameerpet, Hyderabad - 500038, Telangana, India, and a corporate office at Hyderabad Knowledge City, Plot No. 1, Survey No. 83/1, Raidurg Panmaktha, Ranga Reddy District, Hyderabad - 500032, Telangana, India.

**Response**: On information and belief, admitted.

3. Upon information and belief, Plaintiff SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

**Response**: Admitted.

4. Upon information and belief, Plaintiff SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652. SK Life Science, Inc. is a wholly owned subsidiary of SK Biopharmaceuticals Co., Ltd.

**Response**: Admitted.

## JURISDICTION AND VENUE

5. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, Title 35 of the United States Code.

**Response**: Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that Aurobindo purports to assert counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, Title 35 of the United States Code. SKBP denies that Aurobindo's Counterclaims have any merit, and denies any remaining allegations of Paragraph 5.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

**Response**: Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that Aurobindo purports to assert counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and this Court has subject matter jurisdiction over Aurobindo's Counterclaims. SKBP denies any remaining allegations of Paragraph 6.

7. Plaintiff/Counterclaim-Defendant SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (collectively, "SKBP") are subject to personal jurisdiction in this Judicial District because Plaintiff subjected itself to the jurisdiction of this Court by filing the Complaint here. Plaintiff SKBP is also subject to personal jurisdiction in

this Judicial District because SKBP sells products here, regularly practices business here, and purposefully availed itself of the benefits of jurisdiction in the State of Delaware.

**Response**: Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it brought suit against Aurobindo in this Judicial District and, for purposes of this action only, SKBP consents to personal jurisdiction in this Judicial District. SKBP denies any remaining allegations of Paragraph 7.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) and by Counterclaim-Defendant's choice of forum in filing its Complaint against Aurobindo here.

**Response**: Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it brought suit against Aurobindo in this Judicial District and, for purposes of this action only, SKBP does not contest that venue is proper in this Judicial District. SKBP denies any remaining allegations of Paragraph 8.

9. As a consequence of Plaintiff/Counterclaim-Defendant's complaint against Aurobindo, there is now an actual, substantial, continuing and justiciable controversy between the parties as to the infringement, validity, and enforceability of the patents-in-suit.

**Response**: Paragraph 9 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Aurobindo as to the infringement, validity, and enforceability of the '133 Patent. SKBP denies that Aurobindo's Counterclaims have any merit, and denies any remaining allegations of Paragraph 9.

## THE CONTROVERSY

10. On May 23, 2023, the United States Patent and Trademark Office ("USPTO") issued the '133 patent, entitled, "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy." The face of the '133 patent identifies Marc Kamin and Laurent Vernillet as the inventors.

**Response**: Admitted.

11. Plaintiff SKBP purports to be the holder of the New Drug Application ("NDA") No. 212839 for the manufacture and sale of cenobamate oral tablets (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg and 200 mg), under the registered trademark XCOPRI® in the United States.

**Response**: SKBP admits that SK Life Sciences, Inc. is the holder of New Drug Application ("NDA") No. 212839 for the manufacture and sale of cenobamate oral tablets (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg and 200 mg), under the registered trademark XCOPRI® in the United States. SKBP denies any remaining allegations of Paragraph 11.

12. The Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 301 et seq., as amended by the Hatch-Waxman Amendments, sets forth the rules that the Food and Drug Administration ("FDA") must follow when determining whether to approve for marketing brand and generic drugs.

**Response**: Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that Paragraph 12 purports to characterize the FFDCA, 21 U.S.C. § 301 et seq., as amended by the Hatch-Waxman Amendments, and that the FFDCA, related regulations, and FDA and court decisions interpreting the FFDCA and related regulations speak for themselves. SKBP denies any remaining allegations of Paragraph 12.

13. Under the FFDCA, an applicant seeking to market a new brand drug must prepare a NDA for review by the FDA. See 21 U.S.C. § 355.

**Response**: Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that Paragraph 13 purports to characterize the FFDCA, 21 U.S.C. § 355, and that the FFDCA, related regulations, and FDA and court decisions interpreting the FFDCA and related regulations speak for themselves. SKBP denies any remaining allegations of Paragraph 13.

14. An NDA may include the patent number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party. See 21 U.S.C. § 355(b)(1), (c)(2); 21 C.F.R. § 314.53(b), (c)(2).

**Response**: Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that that Paragraph 14 purports to characterize the FFDCA, 21 U.S.C. § 355(b)(1), (c)(2) and 21 C.F.R. § 314.53(b), (c)(2), and that the FFDCA, related regulations, and FDA and court decisions interpreting the FFDCA and related regulations speak for themselves. SKBP denies any remaining allegations of Paragraph 14.

> 15. An NDA holder is required to submit to the FDA the patent number of each patent relevant to the drug for which the NDA was submitted to the FDA. The FDA automatically lists the NDA holder's disclosed patents pursuant to 21 U.S.C. §§ 355(b)(1) and (c)(2) in the Orange Book.

**Response**: Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that Paragraph 15 purports to characterize the FFDCA, 21 U.S.C. §§ 355(b)(1) and (c)(2), and that the FFDCA, related regulations, and FDA and court decisions interpreting the FFDCA and related regulations speak for themselves. SKBP denies any remaining allegations of Paragraph 15.

> 16. Upon information and belief, Plaintiffs caused the '133 patent to be listed in the Orange Book in connection with NDA No. 212839.

**Response**: SKBP admits that the '133 patent is listed in the Orange Book for XCOPRI® in connection with NDA No. 212839. SKBP denies any remaining allegations of Paragraph 16.

> 17. Aurobindo submitted ANDA No. 219473 ("Aurobindo's ANDA) to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Product within the United States at some time after approval by the FDA and referenced NDA No. 212839. As part of Aurobindo's ANDA, Aurobindo submitted a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV), commonly called a "paragraph IV certification," that the patent-in-suit is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of Aurobindo's ANDA Product.

**Response**: On information and belief, SKBP admits that Aurobindo submitted ANDA No. 219473 with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Product within the United States. SKBP further admits,

on information and belief, that Aurobindo submitted the alleged certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) as to the '133 patent. SKBP denies any remaining allegations of Paragraph 17.

> 18. On May 6, 2024, Aurobindo sent SKBP written notice that Aurobindo had filed ANDA No. 219473 seeking approval to market Aurobindo's ANDA Product prior to the expiration of the '133 patent, pursuant to FFD&C Act, 21 U.S.C. § 355(j)(2)(B) (the "Paragraph IV notice letter"). The Paragraph IV notice letter included Aurobindo's allegations that the patents are invalid and/or not infringed by Aurobindo's ANDA Product.

**Response**: SKBP admits that it received a letter from Aurobindo dated May 6, 2024 stating that Aurobindo had filed ANDA No. 219473 seeking approval to market Aurobindo's ANDA Product prior to the expiration of the '133 patent (the "Paragraph IV notice letter)"). SKBP further admits that the Paragraph IV notice letter included an assertion that the '133 patent is invalid and/or not infringed by Aurobindo's ANDA Product. SKBP denies any remaining allegations of Paragraph 18.

> 19. On or about June 18, 2024, Plaintiff/Counterclaim-Defendant SKBP sued Aurobindo, alleging infringement of the '133 patent. There has been and is now an actual and justiciable controversy between Aurobindo and SKBP as to whether the drug products described in ANDA No. 219473 infringe, induce infringement, or contribute to the infringement of any valid, enforceable claims of the '133 patent.

**Response**: SKBP admits that on June 18, 2024, SKBP filed the underlying lawsuit against Aurobindo, alleging infringement of the '133 patent and that there is an actual, substantial, continuing, and justiciable controversy between SKBP and Aurobindo regarding the infringement, validity, and enforceability of the '133 Patent. SKBP denies any remaining allegations of Paragraph 19.

> 20. Aurobindo and Plaintiff/Counterclaim-Defendant SKBP have adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment with respect to the patent-in-suit. The patent-in-suit effectively delays FDA approval of the drug products described in ANDA No. 219473.

**Response**: Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Aurobindo. SKBP denies any remaining allegations of Paragraph 20.

## RESPONSES TO COUNT I

**(Declaratory Judgment of Non-Infringement of the '133 Patent by Aurobindo's ANDA Product and Declaratory Judgment of Invalidity of the '133 Patent)**

21. Aurobindo repeats and incorporates by reference Paragraphs 1-20 of its Counterclaims as if fully set forth herein.

**Response**: SKBP incorporates by reference each paragraph of its responses to Paragraphs 1-20 of Aurobindo's Counterclaims as if fully set forth herein.

22. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that no valid claim of the '133 patent will be infringed by the manufacture, use, sale, offer for sale, or importation into the United States of Aurobindo's ANDA Product described by ANDA No. 219473 and that all claims of the '133 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidation and unenforceability.

**Response**: Paragraph 22 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that Aurobindo seeks a declaration under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. SKBP denies that Aurobindo's Counterclaims have any merit, and denies any remaining allegations of Paragraph 22.

23. In Aurobindo's Paragraph IV notice letter, Aurobindo provided reasons sufficient to show that Aurobindo's ANDA Product described by ANDA No. 219473 does not infringe any valid claim of the '133 patent.

**Response**: Paragraph 23 states a legal conclusion to which no response is required. To the extent that a response is required, denied.

24. There is an actual, substantial, and continuing justiciable case or controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning whether the manufacture, use, sale, offering for sale, or importation of Aurobindo's ANDA Product described by ANDA No. 219473 will infringe any valid and enforceable claim of the '133 patent.

**Response**: Paragraph 24 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Aurobindo regarding infringement, validity, and enforceability of the '133 Patent. SKBP denies any remaining allegations of Paragraph 24.

25. Aurobindo is entitled to a judicial declaration that the manufacture, use, sale, offering for sale, or importation of Aurobindo's ANDA Product described by ANDA No. 219473 will not infringe, directly or indirectly, any valid claim of the '133 patent.

**Response**: Denied.

## AFFIRMATIVE DEFENSES

Aurobindo's Counterclaims, in whole or in part, fail to state a cause of action upon which relief may be granted. SKBP does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to assert and rely upon such affirmative defenses as may become available or apparent during discovery. SKBP further reserves the right to amend its Answer and/or affirmative defenses accordingly.

## PRAYERS FOR RELIEF

The "PRAYERS FOR RELIEF" section following Paragraph 25 of Aurobindo's Counterclaims, including the eight lettered paragraphs (a)–(h), purports to state Aurobindo's prayer for relief, to which no response is required. To the extent that a response is required, SKBP denies the allegations set forth in the "PRAYERS FOR RELIEF" section and denies that Aurobindo is entitled to any of the relief described therein or any relief whatsoever.

SKBP denies any and all allegations of Aurobindo's Counterclaims not expressly admitted herein.

WHEREFORE, SKBP respectfully requests the following relief:

(A) An order dismissing Aurobindo's Counterclaims with prejudice, and a judgment that Aurobindo is not entitled to any relief sought, or to any other relief on their Counterclaims;

(B) An order granting each and every Prayer for Relief sought by SKBP in the Complaint;

(C) An order finding this case to be exceptional and granting SKBP its reasonable attorneys' fees and costs; and

(D) Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

———————————————
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc.*

OF COUNSEL:

Jeffrey H. Lerner
Daniel W. Cho
Priscilla T. Dodson
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

September 6, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 6, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>Cortlan S. Hitch, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>*Attorneys for Defendants Aurobindo Pharma Limited and Aurobindo Pharma U.S.A., Inc.* | *VIA ELECTRONIC MAIL* |
| William D. Hare, Esquire<br>Christopher Casieri, Esquire<br>MCNEELY, HARE & WAR, LLP<br>12 Roszel Road, Suite C104<br>Princeton, NJ 08540<br>*Attorneys for Defendants Aurobindo Pharma Limited and Aurobindo Pharma U.S.A., Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)