IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SK BIOPHARMACEUTICALS CO., LTD. and SK LIFE SCIENCE, INC., <br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA U.S.A., INC., and ZENARA PHARMA PVT. LIMITED,<br><br>Defendants. | C.A. No. 24-718 (JLH) (CJB) |

# PLAINTIFFS' ANSWER TO ZENARA'S COUNTERCLAIMS

Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (collectively, "SKBP"), by their undersigned attorneys, respectfully submit their Answer to the Counterclaims of Defendant Zenara Pharma PVT. Limited ("Zenara") (D.I. 18).

## COUNTERCLAIMS OF ZENARA

SKBP denies all allegations of Aurobindo's Counterclaims except as expressly admitted below.

1. Counterclaim-Plaintiff repeats and incorporates by reference each of the foregoing paragraphs of Zenara's Answer and Additional Defenses to the Complaint.

**Response**: SKBP incorporates by reference each paragraph of its Complaint (D.I. 1) as if fully set forth herein.

2. This is an action for a declaratory judgment of non-infringement and invalidity and/or unenforceability of the claims of the '279 Patent and the '133 Patent.

**Response**: Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that Aurobindo purports to assert counterclaims pursuant to

the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, Title 35 of the United States Code. SKBP denies that Aurobindo's Counterclaims have any merit, and denies any remaining allegations of Paragraph 2.

3. Upon information and belief, a true and correct copy of the '279 Patent is attached to the Complaint as Exhibit B.

**Response**: On information and belief, admitted.

4. Upon information and belief, a true and correct copy of the '133 Patent is attached to the Complaint as Exhibit C.

**Response**: On information and belief, admitted.

## THE PARTIES

5. Counterclaim-Plaintiff Zenara Pharma Private Limited is a corporation organized and existing under the laws of the Republic of India, having its principal place of business at Plot 87-96, Phase III, Industrial Development Area, Cherlapally, Hyderabad, 500051, India.

**Response**: On information and belief, admitted.

6. Counterclaim-Defendant SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

**Response**: Admitted.

7. Counterclaim-Defendant SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652.

**Response**: Admitted.

8. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Life Science, Inc. is a wholly owned subsidiary of SK Biopharmaceuticals Co., Ltd.

**Response**: Admitted.

9. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Biopharmaceuticals Co., Ltd., is the assignee, and

owns the entire right, title, and interest in each of the '279 Patent and the '133 Patent.

**Response**: SK Biopharmaceuticals Co., Ltd. admits that it is the assignee and owner of each of the '279 Patent and the '133 Patent.

10. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Life Science, Inc. is the exclusive licensee of the '279 Patent and the '133 Patent.

**Response**: SK Life Science, Inc. admits that it is the exclusive licensee of the '279 Patent and the '133 Patent.

11. Upon information and belief, and based upon the Complaint filed, Counterclaim-Defendant SK Life Science, Inc. is the holder of New Drug Application (NDA) No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

**Response**: SK Life Science, Inc. admits that it is the holder of New Drug Application (NDA) No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

## JURISDICTION

12. This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based on an actual controversy between Counterclaim-Plaintiff, on the one hand, and the Counterclaim-Defendants on the other hand, arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

**Response**: Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, SKBP admits that Zenara purports to assert counterclaims pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, and under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and that this Court has subject matter jurisdiction over the counterclaims brought by Zenara in this action. SKBP denies that Zenara's Counterclaims have any merit, and denies any remaining allegations of Paragraph 12.

13. This Court has personal jurisdiction over Counterclaim-Defendants based, inter alia, on the filing by Counterclaim-Defendants of this lawsuit in this jurisdiction and because Counterclaim-Defendants are doing business in this jurisdiction.

**Response**: Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it brought suit against Zenara in this jurisdiction and, for purposes of this action only, SKBP consents to personal jurisdiction in this jurisdiction. SKBP denies any remaining allegations of Paragraph 13.

14. Venue is proper in this district for SK Biopharmaceuticals Co., Ltd and Counterclaim-Defendant SK Life Science, Inc. pursuant to 28 U.S.C. §§ 1391(b) and (c), and because, inter alia, SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea and SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652.

**Response**: Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea and SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652. For purposes of this action only, SKBP does not contest that venue is proper in this Judicial District. SKBP denies any remaining allegations of Paragraph 14.

## ORANGE BOOK PATENT LISTING

15. The Hatch-Waxman Amendments to the Food, Drug and Cosmetic Act require NDA holders to disclose to the FDA the patent numbers and expiration dates of those patents that the holder believes claim the "drug" for which their NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

**Response**: Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that Paragraph 15 purports to characterize the Federal Food, Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. §§ 355(b)(1) and (c)(2) and that the FFDCA,

related regulations, and FDA and court decisions interpreting the FFDCA and related regulations speak for themselves. SKBP denies any remaining allegations of Paragraph 15.

    16.    On information and belief, on October 6, 2009. July 16, 2013, the PTO issued the '279 Patent. On information and belief, a true and correct copy of the '279 Patent is attached to the Complaint as Exhibit B.

**Response**: Admitted that the '279 Patent issued on October 6, 2009. Admitted that a true and correct copy of the '279 Patent is attached as Exhibit B to the Complaint. SKBP denies any remaining allegations of Paragraph 16.

    17.    On information and belief, on May 23, 2023, the PTO issued the '133 Patent. On information and belief, a true copy of the '133 Patent is attached to the Complaint as Exhibit C.

**Response**: Admitted.

    18.    On information and belief, pursuant to 21 U.S.C. §§ 355(b)(l), Counterclaim-Defendants caused the FDA to list the '279 Patent and the '133 Patent in the Orange Book in connection with NDA No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

**Response**: SKBP admits that the '279 Patent and the '133 Patent are listed in the Orange Book for XCOPRI® in connection with NDA No. 212839. SKBP denies any remaining allegations of Paragraph 18.

    19.    By maintaining the listings of the '279 Patent and the '133 Patent in the Orange Book, Counterclaim-Defendants represent to the world that the '279 Patent and the '133 Patent could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale (21 U.S.C. § 355(b)(l)) of the respective brand name product before the expiration of the '279 Patent and the '133 Patent.

**Response**: Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it has brought an action for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and has alleged that Zenara has infringed the '279 Patent and the '133 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting

5

Zenara's ANDA with a Paragraph IV certification. *See, e.g.*, D.I. 1 ¶¶ 1, 66–72, 85–91, 102–108.

SKBP denies any remaining allegations of Paragraph 19.

## ZENARA'S ABBREVIATED NEW DRUG APPLICATION

20. Zenara filed ANDA No. 219403 ("Zenara's ANDA") with the FDA seeking approval to market a generic version of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products"). Zenara's ANDA included a Paragraph IV Certification to the '279 Patent and the '133 Patent, certifying that to the best of its knowledge that all of the claims of the '279 Patent and the '133 Patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer to sell, and/or importation of the product described in Zenara's ANDA.

**Response**: On information and belief, SKBP admits that Zenara filed ANDA No. 219403 ("Zenara's ANDA") with the FDA seeking approval to market a generic version of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("ANDA Products"). SKBP further admits, on information and belief, that Zenara's ANDA included a Paragraph IV Certification as to the '279 Patent and the '133 Patent. SKBP denies any remaining allegations of Paragraph 20.

## THE PRESENCE OF A CASE OR CONTROVERSY

21. By maintaining the Orange Book listing of the '279 Patent and the '133 Patent in connection with the XCOPRI® NDA, Counterclaim-Defendants represent that the '279 Patent and the '133 Patent could reasonably be asserted against anyone making, using, or selling generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, intended to be a generic version of XCOPRI®, without a license from the Counterclaim-Defendants prior to the expiration of the '279 Patent and the '133 Patent.

**Response**: Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it has brought an action for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and has alleged that Zenara has infringed at least claim 1 of the '133 Patent and at least claim 11 of the '279 Patent under 35 U.S.C.

§ 271(e)(2)(A) by submitting Zenara's ANDA with a Paragraph IV certification. *See, e.g.*, D.I. 1 ¶¶ 1, 66–72, 85–91, 102–108. SKBP denies any remaining allegations of Paragraph 21.

> 22. Counterclaim-Defendants have filed an infringement action under Title 35, United States Code, Sections 100 et seq., asserting the '279 Patent and the '133 Patent against Counterclaim-Plaintiff and seeking a declaration of infringement regarding the '279 Patent and the '133 Patent. There has been, and is now, an actual and justiciable controversy between Counterclaim-Plaintiff on the one hand, and Counterclaim-Defendants, on the other hand, as to whether the products disclosed in Zenara's ANDA infringe the '279 Patent and the '133 Patent, and whether any valid, enforceable claim in the '279 Patent and the '133 Patent exists.

**Response**: Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it has brought an action for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking a judgment that Zenara has infringed claims of the '133 Patent and the '279 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zenara's ANDA with a Paragraph IV certification. *See, e.g.*, D.I. 1 ¶¶ 1–2, 66–72, 85–91, 102–108. SKBP also admits that there is an actual and justiciable case or controversy between SKBP and Zenara regarding the infringement, validity, and enforceability of the claims of the '279 Patent and the '133 Patent. SKBP denies any remaining allegations of Paragraph 22.

> 23. Zenara seeks to market generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, intended to be a generic version of XCOPRI® that is the subject of Zenara's ANDA in the United States prior to the expiration of the '279 Patent and the '133 Patent.

**Response**: On information and belief, admitted.

> 24. If Counterclaim-Plaintiff succeed in proving that their generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, intended to be a generic version of XCOPRI® that is the subject of Zenara's ANDA does not infringe the Patents-in-suit or all asserted claims are invalid or unenforceable, and thus non-infringing, such a judgment will remove any uncertainty that may exist by virtue of Counterclaim-Defendants' maintenance of the '279 Patent and the '133 Patent in the Orange Book in connection with the XCOPRI® NDA.

**Response**: Paragraph 24 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 24.

> 25. In light of all the circumstances, an actual substantial and continuing justiciable controversy having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court exists between Counterclaim-Defendants and Counterclaim-Plaintiff as to whether the claims of the '279 Patent and the '133 Patent are invalid and/or not infringed by Counterclaim- Plaintiffs.

**Response**: Paragraph 25 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Zenara regarding the infringement and validity of the '279 Patent and the '133 Patent. SKBP denies that Aurobindo's Counterclaims have any merit, and denies any remaining allegations of Paragraph 25.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF THE '133 PATENT

> 26. Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-25 of their Counterclaims, above, as if fully set forth herein.

**Response**: SKBP incorporates by reference each paragraph of its responses to Paragraphs 1-25 of Zenara's Counterclaims as if fully set forth herein.

> 27. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the '133 Patent and the claims of the '133 Patent.

**Response**: Paragraph 27 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that Zenara purports to assert this counterclaim under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act,

28 U.S.C. §§ 2201 and 2202 and that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Zenara concerning the '133 Patent and the claims of the '133 Patent. SKBP denies any remaining allegations of Paragraph 27.

28. Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA infringes one or more claims of the '133 Patent.

**Response**: Admitted.

29. Counterclaim-Plaintiff asserts that no valid claim of the '133 Patent is infringed by the manufacture, use, offer for sale, sale, and/or importation of generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA.

**Response**: Denied.

30. Counterclaim-Plaintiff is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA, do not infringe any valid claim of the '133 Patent.

**Response**: Denied.

### COUNT II
### DECLARATORY JUDGMENT OF INVALIDITY/UNENFORCEABILITY OF THE '133 PATENT

31. Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-30 of Counterclaim-Plaintiffs' Counterclaims, above, as if fully set forth herein.

**Response**: SKBP incorporates by reference each paragraph of its responses to Paragraphs 1-30 of Zenara's Counterclaims as if fully set forth herein.

32. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiffs and Counterclaim-Defendants concerning the claims of the '133 Patent.

**Response**: Paragraph 32 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that Zenara purports to assert this counterclaim under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Zenara concerning the claims of the '133 Patent. SKBP denies any remaining allegations of Paragraph 32.

> 33. Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA, infringes one or more claims of the '133 Patent.

**Response**: Admitted.

> 34. Counterclaim-Plaintiff asserts that the manufacture, use, offer-for-sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA does not infringe any valid claim of the '133 Patent, and that the claims of the '133 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation/ unenforceability, including for all the reasons set forth in Zenara's May 10, 2024 Notice Letter and Detailed Statement, which are incorporated herein. Zenara[sic]

**Response**: Denied.

> 35. Counterclaim-Plaintiff is entitled to a declaration that the claims of the '133 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially created bases for invalidation/unenforceability.

**Response**: Denied.

### COUNT III
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '279 PATENT

> 36. Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-35 of their Counterclaims, above, as if fully set forth herein.

**Response**: SKBP incorporates by reference each paragraph of its responses to Paragraphs 1-35 of Zenara's Counterclaims as if fully set forth herein.

37. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the '279 Patent and the claims of the '279 Patent.

**Response**: Paragraph 37 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that Zenara purports to assert this counterclaim under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Zenara concerning the '279 Patent and the claims of the '279 Patent. SKBP denies any remaining allegations of Paragraph 37.

38. Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA infringes one or more claims of the '279 Patent.

**Response**: Admitted.

39. Counterclaim-Plaintiff asserts that no valid claim of the '279 Patent is infringed by the manufacture, use, offer for sale, sale, and/or importation of generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA.

**Response**: Denied.

40. Counterclaim-Plaintiff is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets that is the subject of Zenara's ANDA, do not infringe any valid claim of the '279 Patent.

**Response**: Denied.

# COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY/UNENFORCEABILITY OF THE '279 PATENT

41. Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-40 of Counterclaim-Plaintiff's Counterclaims, above, as if fully set forth herein.

**Response**: SKBP incorporates by reference each paragraph of its responses to Paragraphs 1-40 of Zenara's Counterclaims as if fully set forth herein.

42. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the claims of the '279 Patent.

**Response**: Paragraph 42 states a legal conclusion to which no response is required. To the extent that a response is required, SKBP admits that Zenara purports to assert this counterclaim under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and that there is an actual, substantial, continuing, and justiciable case or controversy between SKBP and Zenara concerning the claims of the '279 Patent. SKBP denies any remaining allegations of Paragraph 42.

43. Counterclaim-Defendants allege that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA, infringes one or more claims of the '279 Patent.

**Response**: Admitted.

44. Counterclaim-Plaintiff asserts that the manufacture, use, offer-for-sale, sale, and/or importation of Counterclaim-Plaintiff's generic (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets, that is the subject of Zenara's ANDA does not infringe any valid claim of the '279 Patent, and that the claims of the '279 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially-created bases for invalidation/ unenforceability, including for all the reasons set forth in Zenara's May 10, 2024 Notice Letter and Detailed Statement, which are incorporated herein.

**Response**: Denied.

45. Counterclaim-Plaintiff is entitled to a declaration that the claims of the '279 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, or 112, or other judicially created bases for invalidation/unenforceability.

**Response**: Denied.

## AFFIRMATIVE DEFENSES

Zenara's Counterclaims, in whole or in part, fail to state a cause of action upon which relief may be granted. SKBP does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to assert and rely upon such affirmative defenses as may become available or apparent during discovery. SKBP further reserves the right to amend its Answer and/or affirmative defenses accordingly.

## PRAYERS FOR RELIEF

The "PRAYER FOR RELIEF OF ZENARA" section following Paragraph 45 of Zenara's Counterclaims, including the eight lettered paragraphs A–H, purports to state Zenara's prayer for relief, to which no response is required. To the extent that a response is required, SKBP denies the allegations set forth in the "PRAYER FOR RELIEF OF ZENARA" section and denies that Zenara is entitled to any of the relief described therein or any relief whatsoever.

SKBP denies any and all allegations of Zenara's Counterclaims not expressly admitted herein.

WHEREFORE, SKBP respectfully requests the following relief:

(A) An order dismissing Zenara's Counterclaims with prejudice, and a judgment that Zenara is not entitled to any relief sought, or to any other relief on their Counterclaims;

(B) An order granting each and every Prayer for Relief sought by SKBP in the Complaint;

(C) An order finding this case to be exceptional and granting SKBP its reasonable attorneys' fees and costs; and

(D) Such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Jeffrey H. Lerner<br>Daniel W. Cho<br>Priscilla T. Dodson<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC  20001-4956<br>(202) 662-6000<br><br>Alexa Hansen<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA  94105-2533<br>(415) 591-6000<br><br>September 6, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Megan E. Dellinger*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 6, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Dominick T. Gattuso, Esquire<br>HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>*Attorneys for Defendant Zenara Pharma Pvt. Limited* | *VIA ELECTRONIC MAIL* |
| Shashank Upadhye, Esquire<br>Yixin Tang, Esquire<br>Brent Batzer, Esquire<br>UPADHYE TANG LLP<br>109 Symonds Drive, Suite174<br>Hinsdale, IL 60522-0174<br>*Attorneys for Defendant Zenara Pharma Pvt. Limited* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)