IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SK BIOPHARMACEUTICALS CO., LTD. )
AND SK LIFE SCIENCE, INC. )
)
      Plaintiffs, )
) C.A. No. 24-718 (JLH) (CJB)
  v. )
)
AUROBINDO PHARMA LIMITED, )
AUROBINDO PHARMA U.S.A., INC., AND )
ZENARA PHARMA PVT. LIMITED )

**SCHEDULING ORDER**

This <u>3rd</u> day of <u> October </u>, 2024, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on <u>  N/A  </u>, 202_, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery no later than October 9, 2024. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted on Magistrate Judge Burke's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and the provisions of which are incorporated herein by reference, unless otherwise agreed by the parties.

Each Defendant Group[1] shall produce to Plaintiffs its core technical documents including but not limited to abbreviated New Drug Application, including any supplements and amendment(s) thereto, no later than October 18, 2024.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before February 28, 2025.

3. **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and file it with the Court no later than October 16, 2024. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the

---

[1] The Defendant Groups are: (1) Aurobindo Pharma Limited and Aurobindo Pharma U.S.A. Inc. (together "Aurobindo") and (2) Zenara Pharma Pvt. Limited ("Zenara")

Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. Unless ordered differently by the Court, such copies must be provided to the Court by no later than noon the business day after the filing is made electronically.

6. **Disclosures**. Absent agreement among the parties, and approval of the Court:

    a. By November 13, 2024, Plaintiffs shall produce the file history for each asserted patent.

    b. By December 11, 2024, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes,

specifically where and how each limitation of each asserted claim is found within each accused product.

        c.        By February 12, 2025, Defendant shall produce its initial invalidity contentions for each asserted claim, identifying the specific grounds of invalidity under 35 U.S.C. §§ 101, 102, 103, 112(a) or 112(b), including a chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim for purposes of allegations under 35 U.S.C. §§102 and/or 103 is found; as well as the known related invalidating references. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

        d.        By January 14, 2026 Plaintiffs shall provide final infringement contentions.

        e.        By January 14, 2026, Defendants shall provide final invalidity contentions.

7.    **<u>Discovery</u>**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        a.        <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before February 12, 2026. All expert discovery in this case shall be completed on or before September 8, 2026.

        b.        <u>Document Production</u>. Document production shall be substantially complete by August 6, 2025.

        c.        <u>Requests for Admission</u>. A maximum of 25 requests for admission are permitted for Plaintiffs to serve collectively on Defendants. In addition, Plaintiffs collectively may serve 15 Requests for Admission on each Defendant group. Defendants collectively may serve 25 common Requests on Plaintiffs collectively. Additionally, each Defendant group may each

individually serve 15 Requests on Plaintiffs collectively. These limitations do not apply to requests for admissions directed toward admissibility including authentication of documents.

        d.      <u>Interrogatories</u>.

            i.      Plaintiffs collectively may serve 15 common Interrogatories on Defendants collectively, and 10 Interrogatories on each Defendant group. The Defendants collectively may serve 15 common Interrogatories on Plaintiffs; each Defendant group may each individually serve 5 additional non-duplicative Interrogatories on Plaintiffs collectively, directed to issues specific to that Defendant group; and each of Plaintiffs and Zenara may serve 2 additional Interrogatories on each other related solely to the '279 Patent. An Interrogatory directed to the same issue for more than one of the asserted patents shall count as one Interrogatory. An Interrogatory served on Plaintiffs or Defendants collectively shall count as one Interrogatory even if each of the Plaintiffs or Defendants provides a distinct response.

            ii.      The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

            iii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        e.      <u>Depositions</u>.

            i.      <u>Limitation on Hours for Deposition Discovery</u>. Each side (Plaintiffs collectively, as one side, and Defendants collectively, as the other side) may take a

maximum of 32 hours of depositions (including both 30(b)(1) and 30(b)(6) depositions, but excluding expert witnesses) from the other side's fact witnesses, which includes former employees of a party. The limitation does not apply to third party depositions taken pursuant to FRCP 45. Each deposition shall count for no less than 4 hours towards the respective overall total. No deposition, including where the witness is both a 30(b)(1) and 30(b)(6) designee, shall be more than 7 hours, unless the parties agree otherwise; if translation is required the deposition may be extended to up to 10.5 hours, which will count as 7 hours against the relevant party's or parties' deposition limit. Use of translation shall not affect the maximum deposition hours set forth above. Each fact witness may only be deposed once. These limits may be modified only upon agreement of the parties or a showing of good cause and by order of the Court. Defendants will coordinate and work in good faith to minimize duplicative questioning. Counsel shall accept service of deposition notices for their parties or current employees of their parties. Counsel's acceptance of deposition notices does not waive any defense other than objections to service.

    ii.  <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court. Exceptions to this general rule may be made by agreement of the parties or order of the Court. Such exceptions may be appropriate in view of factors such as a witness's health, age, and convenience of the witnesses and parties. In general, the parties will take depositions at a location that is convenient for the witness. The parties may agree to take remote depositions. The parties shall meet and confer regarding the locations and timing of depositions, and whether depositions will be conducted remotely.

f. <u>Disclosure of Expert Testimony</u>.

i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before March 27, 2026. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 29, 2026. Reply expert reports from the party with the initial burden of proof are due on or before June 26, 2026. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. <u>Expert Report Supplementation</u>. The parties agree, unless ordered otherwise by the Court, that they will not permit expert declarations to be filed in connection with motions briefing, other than for claim construction.

iii. <u>Objections to Expert Testimony</u>.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than September 29, 2026, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules. The Court will hear argument on all pending *Daubert* motions on a date <u>to be determined.</u>

g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed further below), the parties involved in the discovery matter or protective order dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Motion to Resolve Discovery Dispute."

iv. The Court will thereafter set a discovery dispute telephone conference and a briefing schedule. The movant's opening letter brief shall include as attachments: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the

Court; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) to their letter briefs sworn declarations or affidavits regarding those issues. The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's section of the District Court's website. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

    v.  Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    vi.  Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall file a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve a protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

vii. The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters - Joint Motion to Resolve Protective Order Dispute."

viii. The Court will thereafter set a protective order dispute teleconference and a briefing schedule. Along with their respective letter briefs, each side should include as an attachment the side's proposal as to how the content of the disputed portion(s) of the protective order should read. The parties shall also comply with paragraph 5 regarding the submission of courtesy copies; if they fail to do so, the telephone conference may be cancelled.

ix. Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

8. **Motions to Amend**.

a. Any motion to amend a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to amend.

9. **Motions to Strike.**

a. Any motion to strike any pleading or other document or testimony shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief, and shall attach the document to be stricken.

b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to strike.

10. **Motions to Stay.**

a. Any motion to stay shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) single-spaced pages, describing the basis for the requested relief.

  b.  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) single-spaced pages.

  c.  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) single-spaced pages, and, by this same date, the parties may file a letter requesting a teleconference to address the motion to stay.

  11.  **Tutorial Describing the Technology and Matters in Issue.** The parties may (though they are not required to) provide the Court, no later than the date on which the Joint Claim Construction Brief is due, with a tutorial on the technology at issue. In this regard, the parties may separately submit a DVD/flash drive containing a tutorial that is not more than 30 minutes in length. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than seven days after the Joint Claim Construction Brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

  12.  **Claim Construction Issue Identification.** On March 5, 2025, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. This document will not be filed with the Court. On March 26, 2025, the parties shall exchange proposed claim constructions and supporting intrinsic evidence. On April 9, 2025, the parties shall exchange rebuttal intrinsic evidence. The parties will meet and confer to prepare a Joint Claim Construction Chart to be filed with the Court on April 16, 2025. A party proposing "plain and ordinary meaning" for a disputed claim term shall explain what that meaning is and how it differs from the other

party's proposed construction. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to Samantha_Grimes@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. **Claim Construction Briefing**. Plaintiffs shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before May 7, 2025. Defendant shall serve, but not file, its answering claim construction brief, not to exceed 30 pages, on or before May 28, 2025. Plaintiffs shall serve, but not file, its reply brief, not to exceed 20 pages, on or before June 11, 2025. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on or before June 25, 2025. No later than July 2, 2025, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

I. Agreed-upon Constructions

II. Disputed Constructions

A. [TERM 1]
    1. Plaintiff's Opening Position
    2. Defendant's Answering Position
    3. Plaintiff's Reply Position
    4. Defendant's Sur-Reply Position

B. [TERM 2]
    1. Plaintiff's Opening Position
    2. Defendant's Answering Position
    3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

Each party shall file concurrently with the Joint Claim Construction Brief a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Brief. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Brief (D.I. [ ])."

14. **Hearing on Claim Construction**. Beginning at __11:00__ _a_.m. on __July 23__, 202_5_, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the Court will endeavor to issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.

15. **Interim Status Report.** On February 19, 2026, counsel shall file a joint letter with the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Supplementation.**

Absent agreement among the parties, and approval from the Court, no later than January 14, 2026, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

17. **Case Dispositive Motions.**

Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

18. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Court. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19. **IPRs/PGRs.** Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for inter partes review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision. The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

20. **Motions in Limine.** Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon. Each in limine request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the in limine request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three page submission (and, if

the moving party, a single one page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

21. **Pretrial Conference**. On  February 11 , 20 27 , the Court will hold a pretrial conference in Court with counsel beginning at  10:00 a.m . Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, or agreed upon by the parties, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.[2]

The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

22. **Trial**. This matter is scheduled for a  5  day bench trial beginning at 9:30 a.m. on  February 22 , 20 27 , with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

23. **Post-Trial Motions**.

The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties will discuss a reasonable schedule for the exchange of pretrial order materials.

[Counsel Shall Provide a Chart of All Relevant Deadlines]

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures Pursuant to FRCP 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery | October 9, 2024 |
| Protective Order | October 16, 2024 |
| Defendants' Core Technical Production Deadline | October 18, 2024 |
| Production of File Histories | November 13, 2024 |
| Initial Infringement Contentions | December 11, 2024 |
| Initial Invalidity Contentions | February 12, 2025 |
| Deadline to Amend Pleadings/Joinder | February 28, 2025 |
| Claim Construction: Exchange list of terms | March 5, 2025 |
| Claim Construction: Exchange constructions and intrinsic evidence | March 26, 2025 |
| Claim Construction: Exchange rebuttal evidence | April 9, 2025 |
| Claim Construction: Joint Claim Construction Chart | April 16, 2025 |
| Claim Construction: Plaintiffs' Opening Brief | May 7, 2025 |
| Claim Construction: Defendants' Answering Brief | May 28, 2025 |
| Claim Construction: Plaintiffs' Reply Brief | June 11, 2025 |
| Claim Construction: Defendants' Sur-reply Brief | June 25, 2025 |
| Claim Construction: Joint Claim Construction Brief | July 2, 2025 |
| **Claim Construction Hearing** | July 23, 2025 at 11 AM |
| Substantial Completion of Document Production | August 6, 2025 |
| Final Supplementation of identification of all accused products and of all invalidity references / Final Infringement and Invalidity Contentions | January 14, 2026 |
| **End of Fact Discovery** | February 12, 2026 |
| Interim Status Report | February 19, 2026 |
| Opening Reports | March 27, 2026 |
| Rebuttal Reports | May 29, 2026 |
| Reply Reports | June 26, 2026 |
| **End of Expert Discovery** | September 8, 2026 |
| *Daubert* Deadline | September 29, 2026 |
| **Hearing on *Daubert* motions** | TDB |
| Pre-Trial Order | February 4, 2027 |
| Pre-Trial Conference | February 11, 2027 at 10 AM |
| **5-day Bench Trial** | February 22, 2027 |