IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SK BIOPHARMACEUTICALS CO., LTD. and SK LIFE SCIENCE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 24-718 (JLH) (CJB) |
| AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA U.S.A., INC., and ZENARA PHARMA PVT. LIMITED, | ) ) ) ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (together, "Plaintiffs" or "SKBP"), and Defendants Aurobindo Pharma Limited, Aurobindo Pharma U.S.A., Inc. (together, "Aurobindo"), and Zenara Pharma Pvt. Limited ("Zenara") (collectively, "Defendants") (Plaintiffs and Defendants collectively, "the Parties"), hereby stipulate to, and request that the Court enter, the following protective order ("this Order") in the above-captioned action ("this Action").

The Parties expect that discovery in this Action may involve the disclosure of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this Action is warranted. The Parties acknowledge that this Order does not confer blanket protection on disclosures or responses to discovery and that the protection it affords from public disclosure and use for any purpose other than prosecuting and defending this Action extends only to information which is entitled to confidential treatment under applicable law. Accordingly, good cause exists for the entry of this Order to protect against improper disclosure or use of confidential information produced or disclosed in the Action.

## 1. DEFINITIONS

The words used in this Order shall have their normally accepted meanings. The word "shall" is mandatory. The words "includes" and "including" are not limiting. The singular shall include the plural and vice versa. Additionally, the following capitalized terms shall have the listed definitions:

1.1. <u>Affiliate</u>: any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with a Party. For purposes of this definition, "control" means (a) ownership, directly or through one or more intermediaries, of (i) more than fifty percent (50%) of the shares of stock entitled to vote for the election of directors, in the case of a corporation, or (ii) more than fifty percent (50%) of the equity interests in the case of any other type of legal entity or status as a general partner in any partnership, or (b) any other arrangement whereby an entity or person has the right to elect a majority of the board of directors or equivalent governing body of a corporation or other entity or the right to direct the management and policies of a corporation or other entity.

1.2. <u>CONFIDENTIAL Information</u>: non-public technical, operational, or commercial information, non-public personal information, or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law, regardless of how the information is generated, stored, or maintained.

1.3. <u>Counsel</u>: Outside Counsel of Record, as well as their support staff.

1.4. <u>Disclosure or Discovery Material</u>: information that is produced or generated in disclosures or responses to discovery in this Action, regardless of how it is generated, stored, or maintained, including deposition transcripts.

1.5.    Expert: a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in this Action.

1.6.    Final Disposition: the later of (a) dismissal of all claims and defenses, with or without prejudice, and (b) entry of final judgment following the completion of all trials, appeals (except appeal to the Supreme Court of the United States), remands, rehearings, or other reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1.7.    In-House Person: an individual designated by a Party 1) who is an employee of the Party; [1] 2) who must be directly involved in overseeing, supporting, or managing this Action; 3) for whom litigation oversight, management or support must be one of his/her normal duties; 4) who must not have any competitive decision-making responsibilities; and 5) who can meet the obligations of Paragraphs 6.4 and 6.5.

1.8.    Inspecting Party: a Party to which original documents are made available for inspection before designation and production.

1.9.    Non-Party: a natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

1.10.    Outside Counsel of Record: a U.S.-licensed attorney who is not an employee of a Party, is retained to represent or advise a Party, and either has appeared in this Action on behalf of that Party or is employed by a law firm which has appeared on behalf of that Party.

1.11.    Party: a party to this Action.

_____

[1] An In-House Person for Zenara may be a full time employee of Zenara, Biophore Pharma Inc. or Biophore India Pharmaceuticals Pvt. Ltd. so long as Biophore Pharma Inc. and Biophore India Pharmaceuticals Pvt. Ltd. are Affiliates of Zenara.

1.12.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.13.   <u>Professional Vendors</u>: persons or entities that provide litigation support services, such as stenography, photocopying, audio or visual recording, translating, preparing exhibits or demonstrations, trial consulting services, presenting or preparing for trial, and organizing, storing, or retrieving data in any form or medium, as well as their employees and subcontractors.

1.14.   <u>Protected Material</u>: Disclosure or Discovery Material that is designated as CONFIDENTIAL, including (1) all copies, excerpts, summaries, or compilations of CONFIDENTIAL Information; (2) any testimony, conversations, or presentations by the Parties or their respective Counsel that might reveal CONFIDENTIAL Information; and (3) any tests, reports, analyses or other information that may be derived from Confidential Information.

1.15.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 2.   SCOPE

The protections conferred by this Order cover Protected Material as well as any information copied or extracted from Protected Material; any copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover any information that is in the public domain at the time of production to a Receiving Party; information that becomes part of the public domain after its production to a Receiving Party as a result of publication not involving a violation of this Order; or information obtained by a Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

**3. DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until a Producing Party in writing agrees or a court order directs otherwise, including after the Final Disposition of this Action, except as otherwise provided in this Order. Accordingly, the Court will retain jurisdiction to enforce the terms of this Order after the Final Disposition of this Action. The Parties agree not to challenge the enforceability of this Order on the grounds that it is not limited in duration.

**4. DESIGNATIONS**

4.1.    <u>Standard for Designations</u>: A Producing Party may designate Disclosure or Discovery Material as CONFIDENTIAL if the Producing Party in good faith believes that the Disclosure or Discovery Material contains CONFIDENTIAL Information.

4.2.    <u>Exercise of Care in Designations</u>: A Producing Party that designates Disclosure or Discovery Material as CONFIDENTIAL shall take reasonable care to limit such designation to specific material which the Producing Party in good faith believes contains CONFIDENTIAL Information.

4.3.    <u>Manner and Timing of Designations</u>: Disclosure or Discovery Material that is designated as CONFIDENTIAL shall be clearly so designated in conformity with this Order before the material is produced, except as otherwise stipulated or ordered.

4.4.    <u>Disclosure or Discovery Material in Documentary Form</u>: To designate Disclosure or Discovery Material in documentary form as CONFIDENTIAL, the Producing Party shall affix the legend "CONFIDENTIAL" to each page, or in the case of native file production, to the filename of each file, which the Producing Party in good faith believes contains CONFIDENTIAL Information.

4.4.1. A Producing Party that makes original documents available for inspection need not designate them in conformity with this Order until after the Inspecting Party has indicated which documents it would like copied and produced. During the inspection, all of the documents made available for inspection shall be deemed to contain CONFIDENTIAL Information. After the Inspecting Party has identified the documents it would like copied and produced, the Producing Party shall designate the pages of the documents as CONFIDENTIAL in conformity with this Order.

4.4.2. Deposition testimony or testimony during other pretrial proceedings shall be deemed to contain CONFIDENTIAL Information for a period of twenty-one (21) calendar days following receipt of a final transcript by Outside Counsel of Record. During the 21-day period, the Producing Party may designate pages of the transcript in conformity with this Order. Alternatively, if the Producing Party believes in good faith that a substantial portion of the overall testimony contains CONFIDENTIAL Information, the Producing Party may designate the entire transcript as CONFIDENTIAL. At the expiration of the 21-day period, only those pages of the transcript which have been designated as CONFIDENTIAL will qualify for protection under this Order. In addition, any rough transcript that is generated before receipt of a final transcript by Outside Counsel of Record shall be deemed to contain CONFIDENTIAL Information until the expiration of the 21-day period following such receipt, and at the expiration of the 21-day period, only those pages of the rough transcript which

correspond to pages of the final transcript timely designated as CONFIDENTIAL will qualify for protection under this Order.

4.5. <u>Disclosure or Discovery Material in Any Other Form</u>: To designate Disclosure or Discovery Material in any other form as CONFIDENTIAL, the Producing Party shall affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored. If only a portion or portions of the Disclosure or Discovery Material warrant designation as CONFIDENTIAL, the Producing Party shall, to the extent practicable, identify such portion or portions.

4.6. <u>Failure to Designate</u>: The inadvertent or mistaken production without designation of Disclosure or Discovery Material that the Producing Party in good faith believes contains CONFIDENTIAL Information shall not constitute a waiver of a claim of confidentiality. If such an inadvertent or mistaken production occurs, the Producing Party shall promptly provide both notice and properly designated Disclosure or Discovery Material to the Receiving Party. Upon receipt, the Receiving Party shall promptly substitute the properly designated Disclosure or Discovery Material for the material previously received, return or destroy the material previously received, and treat the properly designated Disclosure or Discovery Material as Protected Material. The Receiving Party shall not be in violation of this Order for any use of the improperly designated Disclosure or Discovery Material made before receipt of notice of the improper designation from the Producing Party.

5. **CHALLENGES TO DESIGNATIONS**

5.1. <u>Standard for Challenges</u>: A Receiving Party may challenge Protected Material if the Receiving Party in good faith believes that the Protected Material should not be designated as CONFIDENTIAL.

5.2. <u>Manner and Timing of Challenges</u>: A Receiving Party that would like to challenge Protected Material shall do so within a reasonable period of time after such designation is made, taking into account all circumstances, including the timing, scope, and volume of production, and timing and expected use of the Protected Material during the litigation. To challenge Protected Material, the Receiving Party shall provide written notice to the Producing Party identifying each challenged designation and describing the basis for each challenge. The written notice shall recite that the challenge is being made in accordance with this specific paragraph of this Order. The Producing Party and the Receiving Party shall confer within seven (7) calendar days of receipt of the written notice by the Producing Party and attempt in good faith to resolve the challenge. If no resolution is reached, the Receiving Party shall initiate the Court's discovery/protective order dispute procedure within fourteen (14) calendar days of receipt of the written notice by the Producing Party. Until the Court resolves the challenge, the CONFIDENTIAL designation shall remain in effect. The Producing Party shall have the burden of proving that the Protected Material is properly designated as CONFIDENTIAL under this Order.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1. <u>Storage of Protected Material</u>: Protected Material shall be stored and maintained at a location and in a manner which ensures that access is limited to authorized persons.

6.2. <u>Access to Protected Material</u>: Access to Protected Material shall be limited to the following authorized persons unless otherwise ordered by the Court or permitted in writing by the Producing Party:

6.2.1. Outside Counsel of Record for the Receiving Party, as well as support staff of Outside Counsel of Record for the Receiving Party to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action;

6.2.2.  Up to three (3) In-House Persons for the Receiving Party, to be designated now or in the future, as well as support staff of In-House Persons for the Receiving Party to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action, provided that the In-House Person having access to Protected Material has complied with the notice provision in Paragraph 6.3;

6.2.3.  Contract attorneys retained by Counsel for the Receiving Party for the sole purpose of assisting with document review in this Action;

6.2.4.  Experts of the Receiving Party, as well as any support staff working under the supervision of Experts of the Receiving Party to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action, provided the Experts have complied with the notice provision in Paragraph 6.3;

6.2.5.  Professional Vendors and their staff to whom it is reasonably necessary to disclose the Protected Material for the purpose of this Action;

6.2.6.  Witnesses testifying in a deposition or other pretrial proceeding, provided that the witness is (a) a current employee, attorney, director, officer, consultant, or agent of the Producing Party; (b) a former employee, attorney, director, officer, consultant, or agent of the Producing Party who appears from the face of the Protected Material to have drafted, prepared, contributed to, executed, had knowledge of, had access to, or received the Protected Material or testifies thereto; or (c) a Rule 30(b)(6) designee of the

Producing Party, as long as the Protected Material is within the scope of the designated deposition topics.

6.2.7.  The Court and its personnel.

6.2.8.  Any other person who is permitted to receive Protected Material by order of the Court or by written agreement of the relevant parties.

6.3.    <u>Written Notice</u>: The Receiving Party shall notify the Producing Party at least seven (7) calendar days prior to disclosing Protected Material to any In-House Person of the Receiving Party or Expert of the Receiving Party. The notice shall include the name, title, employer, and business address of the In-House Person or Expert to whom the Protected Material will be disclosed, as well as an executed Acknowledgement and Agreement To Be Bound, which is attached to this Order as Exhibit A. In addition, if Protected Material is being disclosed to an Expert of the Receiving Party, the notice shall also include all information required under Federal Rule of Civil Procedure 26(a)(2)(B)(iv) and (v), as well as the person's curriculum vitae. The Receiving Party may disclose the Protected Material seven (7) calendar days after delivery of the notice to the Producing Party, provided that the Producing Party does not timely object in writing to such disclosure. Any objection by the Producing Party shall be delivered to the Receiving Party within seven (7) calendar days after delivery of the notice to the Producing Party and shall set forth with particularity the grounds on which the objection is based. The Producing Party and the Receiving Party shall confer within seven (7) calendar days of receipt of the objection by the Receiving Party and attempt in good faith to resolve the objection. If no resolution is reached, the Receiving Party shall initiate the Court's discovery/protective order dispute procedure within fourteen (14) calendar days of receipt of the objection by the Receiving Party. Until the Court resolves the objection, the Protected Material shall not be disclosed to the In-House Person or

Expert. The Producing Party shall have the burden of proving that the In-House Person or Expert may not receive Protected Material.

6.4. <u>Use of Protected Material</u>: Protected Material may only be used by the Receiving Party for the purpose of prosecuting and defending this Action and any appeal thereafter. Protected Material shall not be used by the Receiving Party for any other purpose, such as commercial, personal, and regulatory purposes, or in any other proceeding, such as a Citizens' Petition, *inter partes* review, and other lawsuits. Nothing in this Order precludes the Producing Party from using its own Protected Material for other purposes or in other proceedings. Persons who access information or item(s) designated as "CONFIDENTIAL" may not engage, formally or informally, or have any direct or indirect involvement or responsibility, in any capacity, in (i) decision making regarding pricing and product design with respect to any cenobamate product, or (ii) the preparation or submission of regulatory documents to FDA (or any equivalent foreign regulatory body) or communications with FDA (or any equivalent foreign regulatory body) related to standards for approval for generic versions of XCOPRI® or Defendants' proposed cenobamate ANDA products. For clarity, this prohibition does not extend to any work associated with responding to communications from FDA regarding the Receiving Party's own NDAs and ANDAs that is directed toward obtaining or maintaining approval of such NDAs or ANDAs. This bar, which supersedes any other similar bars the Parties agreed to in connection with negotiating access to the Defendants' ANDAs, shall expire one year from the Final Disposition of the Actions.

6.5. <u>Patent Prosecution Bar</u>: Counsel, In-House Persons, and Experts who access CONFIDENTIAL Information may not engage, formally or informally, in the drafting, amending, or otherwise modifying of patent claims relating to products which contain cenobamate in any U.S. or foreign patent prosecution. This bar does not preclude Counsel, In-House Persons, or

Experts who access CONFIDENTIAL Information from engaging in *inter partes* review or similar post-grant review proceedings before the U.S. Patent and Trademark Office as long as such persons are not involved, directly or indirectly, in drafting, amending, or otherwise modifying patent claims. This bar shall begin when the access to CONFIDENTIAL Information is received and shall expire one year after the Final Disposition of this Action. If the need arises, the Parties agree to meet and confer to discuss whether CONFIDENTIAL Information may be used in any post-grant proceedings before the USPTO, such as in an *inter partes* review proceeding, involving any of the patents asserted in this Action.

6.6.    <u>Disclosure on Consent or Court Order</u>: Nothing in this Order shall prevent disclosure of CONFIDENTIAL Information if the Producing Party consents to such disclosure or if the Court, after notice to the Producing Party, orders such disclosure.

6.7.    <u>Other Defendants</u>: When the Producing Party is a Defendant, the Receiving Party shall include Plaintiffs only, and Plaintiffs may not produce one Defendant's CONFIDENTIAL Information to another Defendant absent consent under Paragraph 6.6. Subject to Section 9, Plaintiffs may cite, reference, or otherwise discuss another Defendant's CONFIDENTIAL Information in written submissions to the Court and common discovery responses which are also served on Outside Counsel of Record for any other Defendant (including, e.g., Plaintiffs' responses to Defendants' common interrogatories, and expert reports concerning validity) without the need to redact such information in service copies to Outside Counsel of Record, provided that In-House Persons of the other Defendant and any third parties who do not have permission to access such CONFIDENTIAL information do not receive access to such CONFIDENTIAL information. Subject to Section 9, Plaintiffs may cite, reference, or otherwise discuss a Defendant's CONFIDENTIAL Information without the need to shield such information in proceedings before

the Court where the Defendant's Outside Counsel of Record is present, including teleconferences, hearings, and trial, provided that In-House Persons of the other Defendant and any third parties who do not have permission to access such CONFIDENTIAL information do not receive access to such CONFIDENTIAL information. Plaintiffs may also cite, reference, or otherwise discuss a Defendant's CONFIDENTIAL Information in expert depositions concerning validity where that Defendant's Outside Counsel of Record is also present, provided that In-House Persons and any third parties who do not have permission to access such CONFIDENTIAL information do not receive access to such CONFIDENTIAL information.

## 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or court order issued in other litigation that compels the disclosure of Protected Material, the Party shall (a) promptly notify the Producing Party that the subpoena or court order has been received, enclosing a copy of the subpoena or court order; (b) promptly notify the Party that caused the subpoena or court order to be issued in the other litigation that some or all of the material sought is subject to this Order, enclosing a copy of this Order; and (c) cooperate with respect to all reasonable protective procedures pursued by the Producing Party. In addition, if a Party becomes subject to a motion to disclose Protected Material in other litigation, the Party shall promptly so notify the Producing Party so that it may have an opportunity to appear and be heard on whether the Protected Material should be disclosed. If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order or subject to the motion shall not disclose the Protected Material until there has been a determination by an appropriate court or the Producing Party permits disclosure. The Producing Party shall bear the costs of seeking protection of its Protected Material in an appropriate court.

Nothing in this Order should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

## 8.    APPLICATION OF THIS ORDER TO NON-PARTIES

8.1     Non-Parties shall have the same rights and obligations under this Order as Parties and may move the Court to enforce the terms of this Order.

8.2     In the event that a new party is added, substituted or brought into this matter, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

## 9.    FILING OF PROTECTED MATERIAL

Any court filing that contains, describes, discusses, references, or attaches Protected Material shall be filed under seal pursuant to the Local Rules of Civil Procedure for the District of Delaware. The Parties agree to work cooperatively to file redacted versions of material filed under seal.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this Order, the Receiving Party shall promptly notify the Producing Party of the unauthorized disclosure, notify the person or persons to whom the unauthorized disclosure was made of the terms of this Order, and take all reasonable measures to ensure that no further or greater unauthorized disclosure is made, including retrieving all unauthorized copies of the Protected Material.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1.    Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5), the inadvertent or mistaken production of Disclosure or Discovery Material subject to

the attorney-client privilege, the work-product immunity, or any other privilege or immunity, shall not constitute a waiver of that privilege or immunity in this Action or in any other federal or state proceeding. For example, the mere production of privileged information as part of a production in this Action is not itself a waiver of that privilege in this Action or in any other federal or state proceeding. Further, neither the fact that the information was produced nor the content of the information shall be used in any manner as evidence in support of any alleged waiver of the privilege.

11.2.   If such an inadvertent or mistaken production occurs, the Producing Party shall promptly so notify the Receiving Party, identifying all of the Disclosure or Discovery Material that it would like to recall and enclosing a privilege log that contains entries for each inadvertently produced document specifying, at a minimum, (a) its form (e.g., letter, memorandum, chart, etc.); (b) its general subject matter; (c) its production number range(s) (e.g., "Bates" number(s)); (d) its date; (e) the full names and titles of the author(s) or creator(s), the addressee(s), and the recipient(s), including the person(s) copied; and (f) the basis of the privilege or immunity being asserted (e.g., the attorney-client privilege or the work-product immunity). Any request for the return or destruction of the inadvertently produced Disclosure or Discovery Material must be made within twenty (20) calendar days after such material is used in connection with a deposition attended by the Producing Party, cited in or attached to a court filing, discovery response, or written correspondence received or sent by the Producing Party, or the Producing Party otherwise discovers that the privileged information has been produced or disclosed. After receiving a request for the return or destruction of the inadvertently produced Disclosure or Discovery Material, any Receiving Party must not use or disclose the inadvertently produced Disclosure or Discovery Material in any way until the claim is resolved and must take reasonable steps to retrieve the

material if the Receiving Party disclosed it before being notified of the inadvertent production. Upon receipt of the request, the Receiving Party shall within ten (10) calendar days return to the Producing Party or confirm in writing the destruction of the recalled material as well as any copies, summaries, and notes thereof.

      11.2.1. If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other privilege or immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party or the Receiving Party provides notification that the document or thing has been destroyed. Should the Receiving Party elect to bring such a challenge, Outside Counsel of Record for the Receiving Party may retain copies of the inadvertently produced document for the exclusive purpose of challenging the claim of privilege over the document and shall not permit In-House Person to view the same until resolution of such challenge. Outside Counsel of Record for the Receiving Party challenging the claim of privilege shall retain only as many copies of the document as are necessary to bring such a challenge or seek relief from the court pursuant to Paragraph 11.2.2 below.

      11.2.2. If, within ten (10) calendar days after the Receiving Party notifies the Producing Party of its intent to contest that the recalled material is protected by the asserted privilege or immunity, the Parties are in good faith unable to resolve the dispute(s), the Receiving Party may initiate the Court's discovery/protective order dispute process. Until the Court resolves the

motion, the recalled information shall be treated as privileged or immune from disclosure. The Producing Party shall have the burden of proving that the recalled information is protected by the asserted privilege or immunity. Upon resolution of the challenge, if the documents are not found to be privileged, the documents subject to the challenge shall be treated in accordance with any confidentiality designation made at the time of their production.

## 12. REDACTIONS

Disclosure or Discovery Material that contains information which is protected by privilege or immunity, not relevant to any Party's claim or defense (e.g., information regarding other drug products developed or in development by a Party that are not the subject of this litigation), or protected data, including individually identifiable health information, may in good faith be redacted by the Producing Party. Each redaction for relevance or protected data, regardless of size, shall be clearly labeled and differentiated from material redacted for privilege. This Section shall not constitute a waiver of the Receiving Party's right to seek disclosure of the redacted information.

## 13. MISCELLANEOUS

13.1. Supersedes Offer of Confidential Access: The terms of this Protective Order shall supersede and replace the terms, procedures, restrictions, or obligations agreed to in any Offer of Confidential Access or Confidential Access Agreement executed by the Parties prior to the filing of the above-captioned case. Any documents or information produced pursuant to any such Offers of Confidential Access shall be treated as Protected Material pursuant to the terms of this Protective Order.

13.2. Right to Seek Modification: Nothing in this Order shall be deemed to preclude a Party from seeking modification of this Order by the Court in the future.

13.3.     <u>Right to Seek Additional Protection</u>: Nothing in this Order shall be deemed to preclude a Producing Party from seeking additional protection of Protected Material, including an order that certain Protected Material may not be discovered.

13.4.     <u>Right to Assert Other Objections</u>: Nothing in this Order shall be deemed to preclude a Producing Party from objecting to the disclosure of Protected Material on a ground not addressed in this Order.

13.5.     <u>Right to Counsel Client</u>: Nothing in this Order shall be deemed to preclude Counsel from rendering advice to his or her client with respect to this Action, including, in the course thereof, relying in a general way upon his or her examination of Protected Material, provided that he or she does not disclose the contents of the Protected Material.

13.6.     <u>Right to Assert Privileges</u>: Nothing in this Order shall be deemed to waive the right of a Party to assert that Protected Material is privileged and therefore may not be discovered.

13.7.     <u>Privilege Log</u>: The Parties shall discuss at the appropriate time whether privilege logs are appropriate in this action. If the Parties agree to prepare privilege logs, the parties will discuss in good faith the scope of the log, and whether logging by category of document will be acceptable. In any event, privileged communications and attorney work product regarding this Action that are dated on or after May 6, 2024, need not be identified on any privilege log.

13.8.     <u>Use at Depositions</u>: The use of Protected Material at a deposition shall not affect its designation as CONFIDENTIAL. Only persons listed in Paragraph 6 for the Producing Party and the deponent shall be allowed to attend any portion of a deposition in which Protected Material is used or elicited from the deponent, unless the Producing Party for such Protected Material agrees otherwise.

13.9.   <u>Date of Receipt</u>: Whenever a time period prescribed in this Order runs from a date of receipt, the date of receipt shall be the date of first receipt via either U.S. mail or electronic mail.

## 14. FINAL DISPOSITION

No later than sixty (60) calendar days after the Final Disposition of this Action, any Receiving Party that received Protected Material shall either return to the Producing Party or destroy all such material. No later than seven (7) calendar days after the Receiving Party has returned to destroyed all Protected Material, the Receiving Party shall confirm in writing of its compliance with this Paragraph. However, Counsel are entitled to retain archival copies of any pleading, motion paper, transcript, memorandum, correspondence, exhibit, expert report, discovery response, attorney work product, and similar document even if such copies contain Protected Material. In the event that Counsel maintain such copies, they shall not disclose material containing any Protected Material to another party or third party absent subpoena or court order. Counsel likewise need not purge their email, document management systems, or back-up tapes, provided, however, that any Protected Material contained in such documents retained by Counsel shall remain subject to the protections of this Protective Order. No person or Receiving Party is obligated to return or destroy Protected Material contained on electronic backup, back-up tapes or other archival media, which should be treated in accordance with existing retention policies.

## 15. OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to object, appear and be heard on whether that information should be disclosed.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs SK Biopharmaceuticals Co.,*
*Ltd. and SK Life Science, Inc.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

_____
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Aurobindo Pharma*
*USA, Inc. and Aurobindo Pharma Ltd.*

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*

_____
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Zenara Pharma Private Ltd*

SO ORDERED on this <u>22nd</u> day of October 2024.

_____
The Honorable Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SK BIOPHARMACEUTICALS CO., LTD. | ) | |
| and SK LIFE SCIENCE, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-718 (JLH) (CJB) |
| | ) | |
| AUROBINDO PHARMA LIMITED, | ) | |
| AUROBINDO PHARMA U.S.A., INC., and | ) | |
| ZENARA PHARMA PVT. LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

Acknowledgement and Agreement to be Bound

I, _____do declare and state as follows:

1.    I am employed as (state position) _____by (state name

and address of employer)_____

_____.

2.    I have read the Protective Order Entered in this case, a copy of which has been given to

me.

3.    I understand and agree to comply with and be bound by the provisions of the Protective

Order, including that upon receipt of any Protected Material, I will be personally subject

to it, and all of its requirements and procedures.

4.    I agree that I will be subject to the jurisdiction of the United States District Court for the

District of Delaware for purposes of enforcement of the Protective Order.

5.      I agree not to copy or use any Protected Material that may be provided to me for any purpose other than in connection with this Action, and I agree not to reveal any such information to any person not authorized by this Protective Order.

6.      I understand that unauthorized disclosure of any Protected Material, or its use for any purpose other than this Action, may constitute contempt of Court and may subject me to sanction or other remedies that may be imposed by the Court or potential liability in a civil action for Damages by the Producing Party.

7.      At the final termination of this Action, I will return to Counsel or destroy all Protected Material.

8.      I am directly responsible for overseeing, supporting and/or managing the above-captioned Action. Litigation oversight, management or support is one of my normal duties, and I do not have any competitive decision-making responsibilities.

9.      I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.


Executed this _____day of _____, 202__


_____