**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SK BIOPHARMACEUTICALS CO., LTD. and SK LIFE SCIENCE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 24-718-JLH-CJB |
| v. | ) ) | (Consolidated; Lead Case) |
| AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA U.S.A., INC., and ZENARA PHARMA PVT. LIMITED, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| SK BIOPHARMACEUTICALS CO., LTD. and SK LIFE SCIENCE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 24-1270-JLH-CJB |
| v. | ) ) | |
| MSN PHARMACEUTICALS INC. and MSN LABORATORIES PRIVATE LIMITED, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS MSN PHARMACEUTICALS INC. AND MSN LABORATORIES
PRIVATE LIMITED'S ANSWER, SEPARATE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Defendants MSN Pharmaceuticals Inc. ("MSN Inc.") and MSN Laboratories Private Limited ("MSN Limited") (together, "MSN" or "Defendants"), by and through their undersigned counsel, file this Answer, Separate Defenses, and Counterclaims to Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc.'s (together, "Plaintiffs") Complaint, and state as follows:

## **GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), MSN denies all allegations and characterizations in Plaintiffs' Complaint except those specifically admitted below.

## **NATURE OF THE ACTION**

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C §§ 271 (a–c, e), arises from MSN's submission to the United States Food and Drug Administration (FDA) of Abbreviated New Drug Application (ANDA) No. 219436 ("MSN's ANDA"). Through MSN's ANDA, MSN seeks approval to market generic versions of XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets ("MSN's ANDA Products") prior to the expiration of SKBP's United States Patent No. 11,654,133 ("the '133 Patent" or "the Patent-in-Suit"). Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

**ANSWER:** MSN admits that Abbreviated New Drug Application ("ANDA") No. 219436 has been filed with the U.S. Food and Drug Administration ("FDA") and that MSN seeks approval to market the generic cenobamate oral tablet product (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, 200 mg) described in ANDA No. 219436 ("MSN's ANDA Product") prior to the expiry of U.S. Patent No. 11,654,133 ("the '133 patent"). MSN admits that Plaintiffs filed this civil action alleging that MSN infringes the '133 patent under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 1.

2. This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular 35 U.S.C. §§ 271(a–c, e).

**ANSWER:** MSN admits that Plaintiffs' complaint also seeks a declaratory judgment under 28 U.S.C. §§ 2201-02 of patent infringement. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 2.

## THE PARTIES

### SKBP

3.      Plaintiff SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

**ANSWER:**      On information and belief, MSN admits the allegations of Paragraph 3.

4.      Plaintiff SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652. SK Life Science, Inc. is a wholly owned subsidiary of SK Biopharmaceuticals Co., Ltd.

**ANSWER:**      On information and belief, MSN admits the allegations of Paragraph 4.

### MSN

5.      On information and belief, Defendant MSN Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 20 Duke Rd., Piscataway, NJ, 08854.

**ANSWER:**      Admitted.

6.      On information and belief, Defendant MSN Limited is a private limited company organized and existing under the laws of India, having a principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad, 500018, Telangana, India.

**ANSWER:**      Admitted.

7.      On information and belief, MSN Inc. and MSN Limited collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On information and belief, MSN Inc. is a wholly owned subsidiary of MSN Limited. On information and belief, MSN Inc. and MSN Limited are agents of each other and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

**ANSWER:**      Paragraph 7 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that it develops and manufactures high-quality generic pharmaceutical products that are ultimately used by consumers in the United

3

States, and that MSN Inc. is a wholly owned subsidiary of MSN Limited. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 7.

8.      The notice of Paragraph IV certification dated October 7, 2024 concerning MSN's ANDA ("MSN's Notice Letter") was sent on behalf of both MSN Inc. and MSN Limited.

**ANSWER:**      Admitted.

9.      On information and belief, MSN Inc. in collaboration with MSN Limited prepared and submitted MSN's ANDA, and they continue to collaborate in seeking FDA approval of that application.

**ANSWER:**      Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that MSN Inc. and MSN Limited acted jointly to prepare and submit MSN's ANDA. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 9.

10.      On information and belief, MSN Inc. acts as the U.S. agent for MSN Limited for purposes of regulatory submissions to FDA in seeking approval for generic drugs, including as the U.S. agent of MSN Limited for MSN's ANDA.

**ANSWER:**      Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that MSN Inc. is the designated U.S. agent under 21 C.F.R. § 314.50(a) for MSN Limited in association with ANDA No. 219436. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 10.

11.      On information and belief, MSN Limited relies on material assistance from MSN Inc. to market, distribute, offer to sell, or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, MSN Inc. and MSN Limited intend to act collaboratively to commercially manufacture, market, distribute, offer to sell, or sell MSN's ANDA Products in the event FDA approves MSN's ANDA.

**ANSWER:**      Paragraph 11 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 11 as being wholly speculative and without any basis in fact, as ANDA No. 219436 has not been

approved by FDA. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 11.

## JURISDICTION AND VENUE

12.     This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, alleging infringement of one or more claims of the '133 Patent. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

**ANSWER:**     Paragraph 12 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 12.

13.     This Court has personal jurisdiction over MSN Inc. because it is a corporation organized and existing under the laws of the State of Delaware.

**ANSWER:**     Paragraph 13 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 13.

14.     This Court has personal jurisdiction over MSN Inc. and MSN Limited because, *inter alia*, on information and belief, each of MSN Inc. and MSN Limited has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell MSN's ANDA Products in the State of Delaware upon approval of MSN's ANDA.

**ANSWER:**     Paragraph 14 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 14.

15.     On information and belief, MSN Limited, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, has engaged in the research and development of MSN's ANDA Products, and the preparation and filing of MSN's ANDA with a Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), continues to engage in seeking FDA

approval of this ANDA, intends to engage in the commercial manufacture, marketing, offer for sale, sale, and/or importation of MSN's ANDA Products throughout the United States, including within the State of Delaware, and stands to benefit from the approval of MSN's ANDA.

**ANSWER:** Paragraph 15 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that MSN Limited engaged in the research and development of MSN's ANDA Product, and the preparation and filing of ANDA No. 219436, which includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '133 patent, and that MSN seeks FDA approval for ANDA No. 219436. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 15.

16. On information and belief, following FDA approval of MSN's ANDA, MSN Limited intends to market, offer to sell, sell, or distribute MSN's ANDA Products throughout the United States and within the State of Delaware that will, as explained below, infringe one or more claims of the '133 Patent protecting the XCOPRI® products. On information and belief, following FDA approval of MSN's ANDA, MSN knows and intends that MSN's ANDA Products will be marketed, used, distributed, offered for sale, or sold in the United States and within the State of Delaware.

**ANSWER:** Paragraph 16 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 16 as being wholly speculative and without any basis in fact, as ANDA No. 219436 has not been approved by FDA. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 16.

17. Each of MSN Inc. and MSN Limited has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases. See, e.g., D.I. 9 at 3–4, *Vanda Pharm. Inc. v. MSN Phams. Inc. et al.*, C.A. No. 24-815-JLH (D. Del. September 13, 2024); D.I. 23 at 8–11, *Pfizer Inc. et al. v. MSN Labs. Private Ltd. et al.*, C.A. No. 24-315-JPM (D. Del. September 4, 2024); D.I. 13 at 6–9, *Pfizer Inc. et al. v. MSN Labs. Private Ltd. et al.*, C.A. No. 24-624-CFC (D. Del. July 23, 2024). MSN has also purposefully availed itself of the rights, benefits, and privileges of the State of Delaware by asserting counterclaims in this Court.

**ANSWER:** Paragraph 17 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 17.

18.     This Court also has personal jurisdiction over MSN Limited at least because, *inter alia*, (a) MSN Limited has filed an ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Products in the United States, including in the State of Delaware; (b) MSN Limited, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market, distribute, offer to sell, or sell MSN's ANDA Products in the United States, including in the State of Delaware and to residents of this Judicial District, upon approval of MSN's ANDA, and will derive substantial revenue from the use or consumption of MSN's ANDA Products in the State of Delaware; and (c) MSN Limited has purposefully availed itself of the privilege of doing business in the State of Delaware by placing goods into the stream of commerce for distribution throughout the United States and within the State of Delaware and/or by selling, directly or through its agents, pharmaceutical products in the State of Delaware. On information and belief, if MSN's ANDA is approved, MSN's ANDA Products charged with infringing the '133 Patent would, *inter alia*, be marketed, distributed, offered for sale, and/or sold in the State of Delaware, prescribed by physicians practicing in Delaware, dispensed by in Delaware, and used by patients in Delaware, all of which would have a substantial effect on Delaware.

**ANSWER:** Paragraph 18 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 18.

19.     In the alternative, this Court has personal jurisdiction over MSN Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law, (b) MSN Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state, and (c) MSN Limited has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over MSN Limited satisfies due process.

**ANSWER:** Paragraph 19 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN does not contest personal jurisdiction in this Court for the limited purposes of this action only. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 19.

20. At least because, on information and belief, MSN Limited is a foreign corporation and MSN Inc. is a corporation organized and existing under the laws of the State of Delaware, venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

**ANSWER:** Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN does not contest venue in this Court for the limited purposes of this action only. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 20.

## SKBP PATENTS AND APPROVED XCOPRI® DRUG PRODUCTS

21. SKBP makes and sells XCOPRI® (cenobamate) 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg tablets (collectively, "XCOPRI®") for oral use to treat adult patients for partial-onset seizures. In the U.S., XCOPRI® is marketed by SK Life Science, Inc. A true and correct copy of the prescribing information for XCOPRI® is attached as Exhibit A.

**ANSWER:** MSN admits that the purported prescribing information for XCOPRI®, dated April 2024, was attached to Plaintiffs' Complaint as Exhibit A. *See* D.I. 1-1 at 2-29. MSN is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 21, and on that basis denies these allegations.

22. The active ingredient in XCOPRI® is cenobamate.

**ANSWER:** Admitted.

23. The mechanism by which cenobamate exerts its therapeutic effects in patients with partial-onset seizures is unknown.

**ANSWER:** MSN is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 23, and on that basis denies these allegations.

24.     SK Life Science, Inc. is the holder of New Drug Application (NDA) No. 212839 under which FDA approved the marketing of XCOPRI® on March 10, 2020.

**ANSWER:**     MSN admits that the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), lists SK Life Science, Inc. as the holder of New Drug Application ("NDA") No. 212839, and lists the "approval date" for NDA No. 212839 as March 10, 2020. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 24.

25.     XCOPRI® is the first approved pharmaceutical product to contain cenobamate. In recognition of this breakthrough, the FDA granted XCOPRI® five years of regulatory exclusivity for a new chemical entity, which expires on March 10, 2025, pursuant to 21 C.F.R. § 314.108.

**ANSWER:**     Paragraph 25 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that NDA No. 212839 is the first FDA-approved pharmaceutical product that contains cenobamate as an active ingredient, and that FDA lists a New Chemical Entity exclusivity in association with NDA No. 212839, which expires on March 10, 2025. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 25.

26.     XCOPRI® and its approved uses are covered by claims of the '133 Patent.

**ANSWER:**     Paragraph 26 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 26.

27.     The '133 Patent is listed in FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") in connection with NDA No. 212839.

**ANSWER:**     MSN admits that the '133 Patent is listed in the Orange Book in connection with NDA No. 212839. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 27.

28.     SK Biopharmaceuticals Co., Ltd., as the assignee, owns the entire right, title, and interest in the '133 Patent. SK Biopharmaceuticals Co., Ltd. has the right to enforce the '133 Patent. SK Life Science, Inc. is the exclusive licensee of the '133 Patent.

**ANSWER:**     Paragraph 26 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 28, and on that basis denies these allegations.

29.     The '133 Patent is entitled "Use of [(1R)-1-2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy." The '133 Patent was duly and legally issued by the USPTO on May 23, 2023. The Orange Book presently shows that the '133 Patent's term ends on June 16, 2039. A true and correct copy of the '133 Patent is attached as Exhibit B.

**ANSWER:**     MSN admits that the '133 Patent is titled "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy," that the '133 Patent was issued by the USPTO on or about May 23, 2023, that the '133 patent is currently listed in FDA's Orange Book in association with NDA No. 212839, and that the holder of NDA No. 212839 has listed the expiration date of the '133 patent as June 16, 2039. What appears to be an uncertified copy of the '133 Patent was attached to Plaintiffs' Complaint as Exhibit B. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 29.

30.     The Prescribing Information for XCOPRI® provides that XCOPRI® is indicated for the treatment of partial-onset seizures in adult patients. Ex. A at 1, 2. The recommended maintenance dosage of XCOPRI® is 200 mg/day, with a maximum dose not to exceed 400 mg/day. Ex. A at 1.

**ANSWER:**     Paragraph 30 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that the Prescribing Information for XCOPRI® states that the "recommended initial dosage of XCOPRI is 12.5 mg once daily, titrated to the recommended maintenance dosage of 200 mg once daily. The recommended titration

schedule should not be exceeded. The maximum dosage is 400 mg once daily." D.I. 1-1 at 2.

Except as expressly admitted, MSN denies the remaining allegations of Paragraph 30.

31. Under the "Dosage and Administration" section of the XCOPRI®
Prescribing Information, in section 2.1, the labeling instructs that XCOPRI® can be
administered as a Monotherapy and Adjunctive Therapy, which would include co-
administration with phenytoin or phenobarbital. Ex. A at 2.

**ANSWER:** Paragraph 31 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, MSN admits that Section 2.1 of the XCOPRI®

Prescribing Information includes the header "Monotherapy and Adjunctive Therapy." D.I. 1-1 at

3. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 31.

32. A Phase III study of cenobamate (NCT 02535091) evaluated, as a secondary
objective, the pharmacokinetic effects of cenobamate on concomitant phenytoin
and phenobarbital administration. Sperling et al., *Cenobamate (YKP3089) as*
*adjunctive treatment for uncontrolled focal seizures in a large, phase 3,*
*multicenter, open-label safety study*, 61 Epilepsia1000-1108, 1101 (2020). Of the
1339 patients participating in the study who received cenobamate, 114 received
concomitant phenytoin, and 51 received concomitant phenobarbital. *Id.* at 1103.
Phenytoin and phenobarbital remain available treatments for treating partial-onset
epilepsy, with phenytoin being the 4th most commonly prescribed medication. *See*
Terman et al., *Antiseizure medication treatment pathways for US Medicare*
*beneficiaries with newly treated epilepsy*, 63 Epilepsia 1571-1579, 1577 at Table 3
(2022) (ranking phenytoin as the 4th most common treatment pathway in a
retrospective study of 21,458 Medicare beneficiaries with newly treated epilepsy
between 2014-2017).

**ANSWER:** MSN is without sufficient knowledge or information to form a belief about

the truth of the allegations of Paragraph 32, and on that basis denies these allegations.

33. Section 6.1 of the XCOPRI® Prescribing Information, under "Clinical Trials
Experience" provides that XCOPRI® was administered as adjunctive therapy to
1944 patients. Ex. A at 8.

**ANSWER:** Paragraph 33 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, MSN admits that Section 6.1 of the XCOPRI®

Prescribing Information states that "XCOPRI® was administered as adjunctive therapy to 1944

patients." D.I. 1-1 at 8. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 33.

34. The XCOPRI® Prescribing information provides instructions regarding how to dose XCOPRI® with one or more of phenytoin and phenobarbital.

**ANSWER:** Paragraph 34 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the remaining allegations of Paragraph 34.

35. Section 7 of the XCOPRI® Prescribing Information provides information regarding the co-administration of XCOPRI® with, among other drugs, phenytoin and phenobarbital. For patients concomitantly taking XCOPRI® and phenytoin, XCOPRI® Prescribing Information instructs physicians and patients to "gradually decrease phenytoin dosage by up to 50% as XCOPRI® is being titrated." Ex. A at Table 5. For patients concomitantly taking XCOPRI® and phenobarbital, XCOPRI® Prescribing Information instructs physicians and patients to "consider a reduction in dosage of phenobarbital." Ex. A at Table 5. This information about how to concomitantly dose XCOPRI® and phenytoin or phenobarbital is repeated in the "Drug Interactions" section on the first page of the XCOPRI® Prescribing Information.

**ANSWER:** Paragraph 35 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that Section 7 of the XCOPRI® Prescribing Information includes "Table 5" that "summarizes the effect of XCOPRI on other drugs" and which is titled "Table 5: Pharmacokinetic Drug Interactions." D.I. 1-1 at 12. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 33.

36. Section 12.3 of the XCOPRI® Prescribing Information provides that "[m]ultiple doses of concomitant XCOPRI 200 mg once daily increased phenytoin mean $C_{max}$ and AUC by 70% and 84%, respectively, and phenobarbital mean $C_{max}$ and AUC by 34% and 37%, respectively." In contrast, "[n]o clinically significant differences in the pharmacokinetics of the following drugs were observed when used concomitantly with cenobamate: valproic acid, levetiracetam or lacosamide." Ex. A at 18.

**ANSWER:** Paragraph 36 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that the quoted words in Paragraph

36 appear in the XCOPRI® Prescribing Information. D.I. 1-1 at 19. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 36.

37.     The XCOPRI® Prescribing Information instructs that by reducing the amount of phenytoin by up to 50% when co-administered with XCOPRI®, the AUC of phenytoin will be reduced by at least 5%, to the level of AUC obtained after the administration of phenytoin to the patient without XCOPRI®.

**ANSWER:**     Paragraph 37 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that Table 5 of the XCOPRI® Prescribing Information states that "[b]ecause of a potential 2-fold increase in phenytoin levels, gradually decrease phenytoin dosage by up to 50% as XCOPRI is being titrated." D.I. 1-1 at 12. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 37.

38.     The XCOPRI® Prescribing Information instructs that by reducing the amount of phenobarbital when co-administered with XCOPRI®, the AUC of phenobarbital will be reduced by at least 5%, to the level of AUC obtained after the administration of phenobarbital to the patient without XCOPRI®.

**ANSWER:**     Paragraph 38 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that Table 5 of the XCOPRI® Prescribing Information states that "[b]ecause of a potential for an increase in the risk of adverse reactions from these drugs, consider a reduction in dosage of phenobarbital or clobazam, as clinically appropriate, when used concomitantly with XCOPRI." D.I. 1-1 at 12. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 38.

## MSN'S ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

39.     On information and belief, MSN has submitted or caused to be submitted ANDA No. 219436 to FDA under 21 U.S.C. § 355(j) in order to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the cenobamate tablets described therein, as a purported generic version of XCOPRI®, prior to the expiration of the '133 Patent.

**ANSWER:** MSN admits that it ANDA No. 219436 was filed at the FDA, and that MSN seeks FDA approval for ANDA No. 219436. The content of MSN's ANDA speaks for itself. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 39.

40. On information and belief, MSN's ANDA Products are tablets that comprise 12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, and 200 mg of cenobamate as the active pharmaceutical ingredient.

**ANSWER:** Admitted.

41. On information and belief, MSN's ANDA Products will be accompanied by Prescribing Information substantially the same as the FDA-approved XCOPRI® Prescribing Information, and MSN seeks FDA approval to sell and use MSN's ANDA Products within the scope of the claims of the '133 Patent.

**ANSWER:** Paragraph 41 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 41.

42. MSN's Notice Letter represents that MSN had submitted to FDA MSN's ANDA with a purported Paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the products described in MSN's ANDA before the expiration of the '133 Patent listed in the Orange Book for XCOPRI®. Hence, through its ANDA, MSN seeks to commercially manufacture, use, offer for sale, sell, or import into the United States MSN's ANDA Products before the expiration of the '133 Patent.

**ANSWER:** Paragraph 42 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that ANDA No. 219436 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to the '133 patent, that MSN seeks FDA approval for ANDA No. 219436 prior to the expiration date of the '133 patent, and that MSN's Notice Letter complied with the relevant United States code and FDA regulations. The content of MSN's Notice Letter and MSN's ANDA speaks for themselves. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 42.

43. On information and belief, if FDA approves MSN's ANDA, MSN will manufacture, offer to sell, and/or sell MSN's ANDA Products within the United

States, including within the State of Delaware, and/or will import MSN's ANDA Products into the United States, including Delaware.

**ANSWER:** MSN's ANDA has not yet been approved by the FDA, and the allegations of Paragraph 43 are wholly speculative. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 43.

44. On information and belief, if FDA approves MSN's ANDA, MSN will actively induce or contribute to the manufacture, use, offer to sell, sale, and/or importation of MSN's ANDA Products in the United States, including Delaware.

**ANSWER:** Paragraph 44 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 44.

45. In MSN's Notice Letter, MSN purported to offer confidential access to portions of ANDA No. 219436 on terms and conditions set forth in the Notice Letter ("MSN Offer"). The MSN Offer, however, contained unreasonable restrictions well beyond those that would apply under a protective order. The restrictions MSN placed on access to ANDA No. 219436 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to the persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets or other confidential business information." On October 21, 2024, outside counsel for Plaintiffs contacted counsel for MSN in an effort to negotiate reasonable terms of confidential access to MSN's ANDA. Plaintiffs' correspondence included proposed modifications to the MSN Offer that are consistent with protective orders entered in recent litigation involving similar subject matter in this Judicial District, and consistent with the purpose of 21 U.S.C. § 355(j)(5)(C)(i)(III). On October 22, 2024, MSN's counsel responded that MSN was considering Plaintiffs' proposed revisions to the MSN Offer and would respond in the next few days. Having received no response for over two weeks, on November 7, 2024, Plaintiffs contacted counsel for MSN again. On November 8, 2024, MSN's counsel responded with edits to Plaintiffs' revision to the MSN Offer, including imposing additional unreasonable restrictions. On November 14, 2024, Plaintiffs asked MSN's counsel to reconsider Plaintiffs' proposed edits to the MSN Offer. To date, MSN has not responded further nor provided Plaintiffs access to its ANDA.

**ANSWER:** Paragraph 45 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that Plaintiffs attempted to unilaterally revise the terms of the Offer for Confidential Access to ANDA No. 219436 that were

included with MSN's Notice Letter, and that MSN would not agree to Plaintiffs' proposed revisions. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 45.

46.     Plaintiffs bring this action pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of receipt of MSN's Notice Letter. See 21 U.S.C. § 355(c)(3)(C).

**ANSWER:**     Admitted.

## COUNT 1
## INFRINGEMENT OF THE '133 PATENT BY MSN

47.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–46 as if fully set forth herein.

**ANSWER:**     MSN incorporates and realleges each of its responses to Paragraphs 1-46 as if fully set forth herein.

48.     On information and belief, MSN has submitted or caused the submission of MSN's ANDA to FDA and continues to seek FDA approval of MSN's ANDA.

**ANSWER:**     MSN admits that ANDA No. 219436 was submitted to FDA, and that MSN seeks regulatory approval for ANDA No. 219436. The content of MSN's ANDA speaks for itself. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 48.

49.     On information and belief, MSN has infringed at least claim 1 of the '133 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting MSN's ANDA with a Paragraph IV certification and seeking FDA approval of MSN's ANDA prior to the expiration of the '133 Patent, entitling Plaintiffs to the relief provided by 35 U.S.C. §271(e)(4), including, inter alia, an order of this Court that the effective date of approval for ANDA No. 219436 be a date which is not earlier than the expiration date of the '133 Patent.

**ANSWER:**     Paragraph 49 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 49.

50.     Claim 1 of the '133 Patent recites:

A method for treating a patient who is suffering from epilepsy with co-administering a therapeutically effective amount of (i) [(lR)-1-(2-chlorophenyl)-2-(tetrazol-2-yl) ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, said method comprising:

modifying the therapeutically effective amount of the antiepileptic drug to adjust AUC of the antiepileptic drug obtained after the co-administration having at least 5% difference to the level of AUC obtained after the administration of antiepileptic drug to the patient without cenobamate or a pharmaceutically acceptable salt thereof,

wherein the therapeutically effective amount of cenobamate or a pharmaceutically acceptable salt thereof is from about 100 mg/day to about 400 mg/day, and

wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin.

**ANSWER:** MSN admits that Paragraph 50 is an accurate recitation of claim 1 of the '133 patent. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 50.

51. MSN's commercial manufacture, use in accordance with MSN's proposed prescribing information, offer for sale, and/or sale within the United States, and/or importation into the United States of MSN's ANDA Products, would directly infringe, actively induce infringement, and/or contribute to the infringement of one or more claims of the '133 Patent either literally or under the doctrine of equivalents. See 35 U.S.C. § 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of MSN's ANDA, MSN will make, use, offer for sale, or sell MSN's ANDA Products within the United States, or will import MSN's ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent. See *id.*

**ANSWER:** Paragraph 51 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 51.

52. On information and belief, upon FDA approval of MSN's ANDA, MSN, through its own actions and/or through the actions of one or more wholly owned subsidiaries, agents, and/or alter egos, will market and distribute MSN's ANDA Products to resellers, pharmacies, hospitals and other clinics, healthcare professionals, and end users of MSN's ANDA Products. On information and belief, MSN will also knowingly and intentionally accompany MSN's ANDA Products with proposed prescribing information and product insert that will include instructions for using or administering MSN's ANDA Products. On information and belief, the proposed prescribing information and product insert accompanying MSN's ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with about 100 mg/day to about 400 mg/day of XCOPRI® to adjust the AUC of phenytoin or

phenobarbital and will infringe one or more claims of the '133 Patent. Accordingly, MSN will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of MSN's ANDA Products to directly infringe one or more claims of the '133 Patent. In addition, on information and belief, MSN will encourage acts of direct infringement with knowledge of the '133 Patent and knowledge that it is encouraging infringement.

**ANSWER:** Paragraph 52 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 52.

53. MSN had actual and constructive notice of the '133 Patent prior to filing MSN's ANDA and was aware that the filing of MSN's ANDA with the request for FDA approval prior to the expiration of the '133 Patent would constitute an act of infringement of one or more claims of the '133 Patent. On information and belief, MSN had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Products would not contribute to and/or induce infringement of one or more claims of the '133 Patent.

**ANSWER:** Paragraph 53 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 53.

54. On information and belief, MSN filed MSN's ANDA without adequate justification for asserting the '133 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of MSN's ANDA Products. MSN's conduct in certifying invalidity, unenforceability, and/or noninfringement with respect to the '133 Patent renders this case "exceptional" under 35 U.S.C. § 285.

**ANSWER:** Paragraph 54 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 54.

55. Plaintiffs will be irreparably harmed if MSN is not enjoined from infringing, and from actively inducing and contributing to the infringement of one or more claims of the '133 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 55 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 55.

## COUNT 2
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '133 PATENT BY MSN

56.     Plaintiffs state, reallege, and incorporate by reference paragraphs 1–55 as if fully set forth herein.

**ANSWER:**     MSN incorporates and realleges each of its responses to Paragraphs 1-55 as if fully set forth herein.

57.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**     Paragraph 57 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN admits that Plaintiffs purport to assert claims for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201-02, but denies that this court has subject matter jurisdiction for such claims. Except as expressly admitted, MSN denies the remaining allegations of Paragraph 57.

58.     The '133 Patent includes claims that recite methods of administering [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) and one or more of phenytoin or phenobarbital.

**ANSWER:**     Paragraph 58 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 58.

59.     On information and belief, if MSN's ANDA is approved, MSN's ANDA Products will be made, offered for sale, sold, and/or otherwise distributed in the United States, including in the State of Delaware, and/or will be imported into the United States, including the State of Delaware, by or through MSN and its affiliates. MSN will therefore directly infringe one or more claims of the '133 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a).

**ANSWER:**     Paragraph 59 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, MSN denies the allegations of Paragraph 59.

60.     On information and belief, MSN knows that healthcare professionals and/or patients will use MSN's ANDA Products in accordance with the proposed prescribing information sought by MSN's ANDA. On information and belief, the proposed prescribing information and product insert accompanying MSN's ANDA Products will include instructions that are substantially similar to the instructions

found in the prescribing information for XCOPRI®, attached as Exhibit A, and which, if followed, will instruct modifying the therapeutically effective dose of phenytoin or phenobarbital when co-administered with XCOPRI® to adjust the AUC and will infringe one or more claims of the '133 Patent. MSN will therefore contribute to and/or induce infringement of one or more claims of the '133 Patent either literally or under the doctrine equivalents. *See* 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**     Paragraph 60 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, MSN denies the allegations of Paragraph 60.

61.     On information and belief, MSN's infringing activities, including the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Products, will begin immediately after the FDA approves MSN's ANDA. Any such conduct before the '133 Patent expires will directly infringe, contribute to the infringement of, and/or induce infringement of one or more claims of the '133 Patent under one or more of 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**     Paragraph 61 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, MSN denies the allegations of Paragraph 61.

62.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and MSN concerning liability for the infringement of one or more claims of the '133 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:**     Paragraph 62 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, MSN denies the allegations of Paragraph 62.

63.     Plaintiffs will be substantially and irreparably harmed by MSN's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**ANSWER:**     Paragraph 63 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, MSN denies the allegations of Paragraph 63.

64.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:**     Paragraph 64 contains legal conclusions and allegations to which no answer

is required. To the extent an answer is required, MSN denies the allegations of Paragraph 64.

## PLAINTIFFS' REQUEST FOR RELIEF

All allegations in Plaintiffs' Complaint that are not expressly admitted by MSN are denied. MSN denies that Plaintiffs are entitled to any of the relief sought in their Request for Relief.

## MSN'S SEPARATE DEFENSES

Without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not expressly admitted, MSN asserts the following Separate Defenses to Plaintiffs' Complaint without assuming the burden of proof on any defense that would otherwise rest on Plaintiffs. MSN reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST SEPARATE DEFENSE
### (No Infringement of U.S. Patent No. 11,654,133)

The manufacture, use, or sale, offer for sale, or importation of the products that are the subject of MSN's ANDA No. 219436 have not infringed, do not infringe, and would not, if marketed, manufactured, used, sold, offered for sale, or imported into the United States, infringe any claim of the '133 patent.

## SECOND SEPARATE DEFENSE
### (Invalidity of U.S. Patent No. 11,654,133)

The '133 patent and each of the claims thereof are invalid and/or unenforceable for failure to comply with one or more conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, *inter alia*, §§ 102, 103, and/or 112, or under other judicially-created bases for invalidation, including but not limited to, obviousness-type double patenting.

## THIRD SEPARATE DEFENSE
### (Failure to State a Claim for Exceptional Case and/or Willful Infringement)

Plaintiffs' Complaint fails to state a claim for exceptional case and/or willful infringement under 35 U.S.C. § 285 and/or 35 U.S.C. § 271(e)(4). MSN's actions in defending this case do not give rise to an exceptional case and/or willful infringement.

## RESERVATION OF DEFENSES

MSN reserves any and all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

## MSN'S COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs MSN Pharmaceuticals Inc. ("MSN Inc.") and MSN Laboratories Private Limited ("MSN Limited") (together, "Defendants/Counterclaim Plaintiffs"), by and through their undersigned counsel, plead the following counterclaims against Plaintiffs/Counterclaim Defendants SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc.'s (together, "Plaintiffs/Counterclaim Defendants"):

## PARTIES

1.      MSN Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

2.      MSN Limited is a company organized and existing under the laws of India, having a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanathnagar, Hyderabad – 500018 Telangana, India.

3.      On information and belief, SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

4.     On information and belief, SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652.

<u>**JURISDICTION AND VENUE**</u>

5.     This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202; based on an actual controversy between MSN, on the one hand, and Plaintiffs on the other hand, arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.     This Court has personal jurisdiction over Plaintiffs because, *inter alia*, Plaintiffs subjected themselves to the jurisdiction of this Court by filing their Complaint here.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b), and/or by Plaintiffs' choice of forum.

<u>**FACTUAL BACKGROUND**</u>

8.     On information and belief, and based on the allegations in the Complaint, SK Life Science, Inc. is the holder of New Drug Application ("NDA") No. 212839 for cenobamate (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, 200 mg) oral tablets that are marketed in the United States under the tradename XCOPRI®.

9.     On information and belief, and based on the allegations in the Complaint, Plaintiffs caused the U.S. Food and Drug Administration ("FDA") to list U.S. Patent No. 11,654,133 ("the '133 patent") in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") in connection with NDA No. 212839.

10.     The '133 patent is titled "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy," and the '133 patent issued on May 23, 2023. An uncertified copy of the '133 patent was attached to Plaintiffs' Complaint as Exhibit B. D.I. 1-1 at 30-46.

11.     Claim 1 of the '133 patent is the sole independent claim and recites "[a] method for treating a patient who is suffering from epilepsy with co-administering therapeutically effective amount of (i) [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, … wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin." D.I. 1-1 at 46. Each and every one of dependent claims 2-14 of the '133 patent depends directly or indirectly from claim 1 and incorporates its limitations.

12.     SK Biopharmaceuticals Co., Ltd. purports and claims to be the assignee and owner of the entire right, title and interest in the '133 patent with the right to enforce the '133 patent. D.I. 1 at Paragraph 28.

13.     SK Life Science, Inc. purports and claims to be the exclusive licensee of the '133 patent. D.I. 1 at Paragraph 28.

14.     MSN submitted Abbreviated New Drug Application ("ANDA") No. 219436 to FDA under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the cenobamate (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, 200 mg) oral tablets described in ANDA No. 219436 ("MSN's ANDA Product") with a certification to the '133 patent pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

15.     MSN sent notice of its ANDA No. 219436 and its certification to the '133 patent pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to Plaintiffs on or about October 7, 2024 ("MSN's

Notice Letter"). On information and belief, and as Plaintiffs allege in their Complaint, Plaintiffs received MSN's Notice Letter. D.I. 1 at Paragraph 8.

16.     MSN is seeking FDA approval of ANDA No. 219436 for the treatment of partial-onset seizures in adult patients. The proposed prescribing information that will be included with MSN's ANDA Product does not and will not encourage or instruct health care providers to co-administer MSN's ANDA Product in combination with phenobarbital and/or phenytoin, as required by the claims of the '133 patent.

17.     On November 19, 2024, Plaintiffs nonetheless filed suit in this Judicial District against MSN in connection with ANDA No. 219436 alleging infringement of the '133 patent.

18.     In view of the foregoing, there has been, and is now, an actual, substantial, and continuing, justiciable controversy between MSN and Plaintiffs having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court with respect to noninfringement and/or invalidity of the '133 patent, and as to MSN's right to obtain FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of MSN's ANDA product.

## COUNT I
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 11,654,133)**

19.     MSN incorporates by reference and re-alleges each of the foregoing paragraphs of MSN's Answer and Separate Defenses to the Complaint and these Counterclaims as if fully set forth herein.

20.     In filing and seeking FDA approval for MSN's ANDA No. 219436, MSN has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claims of the '133 patent.

21.     A present, genuine, and justiciable controversy exists between MSN, on the one hand, and Plaintiffs, on the other hand, regarding, *inter alia*, the issue of whether the manufacture, use, sale, offer for sale and/or importation of MSN's ANDA Product would infringe any valid or enforceable claim of the '133 patent.

22.     The Court should declare that MSN, in filing and seeking FDA approval for MSN's ANDA No. 219436, has not infringed, is not infringing, and will not infringe any claim of the '133 patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

23.     The Court should declare that the commercial manufacture, importation, offer for sale, sale and/or use of MSN's ANDA Product will not directly or indirectly infringe any claim of the '133 patent under 35 U.S.C. § 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

## COUNT II
### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,654,133)

24.     MSN incorporates by reference and re-alleges each of the foregoing paragraphs of MSN's Answer and Separate Defenses to the Complaint and these Counterclaims as if fully set forth herein.

25.     Upon information and belief, the claims of the '133 patent are invalid for failure to comply with one or more of the requirements of at least 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or are invalid under the doctrine of obviousness-type double patenting, and/or for any other judicially created and/or non-statutory basis for invalidity or unenforceability.

26.     There is a real, substantial, and justiciable controversy between MSN and Plaintiffs concerning whether the claims of the '133 patent are invalid and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation,

one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or pursuant to common law and/or equitable doctrines.

27.     The Court should declare that the claims of the '133 patent are invalid and/or unenforceable.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, MSN prays that the Court enter judgment in its favor and against Plaintiffs as follows:

A.      Declaring that the filing of MSN's ANDA No. 219436 has not, does not, and will not directly or indirectly infringe any claim of the '133 patent under 35 U.S.C. § 271(e)(2)(A);

B.      Declaring that the commercial manufacture, use, offer to sell, sale within the United States, and/or importation into the United States of MSN's cenobamate (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, 200 mg) oral tablet products described in ANDA No. 219436 will not directly or indirectly infringe any claim of the '133 patent under 35 U.S.C. § 271(a), (b) and/or (c);

C.      Declaring that the claims of the '133 patent are invalid;

D.      Ordering that judgment be entered in favor of MSN and that Plaintiffs' Complaint be dismissed with prejudice;

E.      Declaring this case exceptional and awarding MSN its reasonable attorney fees and costs of defending this action and prosecuting its counterclaims under 35 U.S.C. § 285; and

F.      Awarding MSN such other and further relief as this Court deems just and proper.


Dated:  December 11, 2024                    Respectfully submitted,

                                             */s/ Kaan Ekiner*
*Of Counsel:*                                Kaan Ekiner (#5607)
                                             **COZEN O'CONNOR**
W. Blake Coblentz (*pro hac vice* forthcoming)   1201 N. Market Street, Suite 1001
Aaron S. Lukas (*pro hac vice* forthcoming)      Wilmington, DE 19801

**COZEN O'CONNOR**
2001 M Street, N.W., Suite 500
Washington, DC 20036
Tel: (202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Keri L. Schaubert (*pro hac vice* forthcoming)
**COZEN O'CONNOR**
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
Tel: (212) 509-9400
kschaubert@cozen.com

Tel:  (302) 295-2046
Fax: (302) 295-2013
kekiner@cozen.com

*Attorneys for Defendants MSN
Pharmaceuticals Inc. and MSN Laboratories
Private Limited*