IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SK BIOPHARMACEUTICALS CO., LTD. and SK LIFE SCIENCE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 24-718 (JLH) (CJB) CONSOLIDATED |
| AUROBINDO PHARMA LIMITED, et al., | ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' ANSWER TO MSN'S COUNTERCLAIMS

Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc. (collectively, "SKBP") by their undersigned attorneys, respectfully submit their Answer to the Counterclaims of Defendants MSN Pharmaceuticals Inc. ("MSN Inc.") and MSN Laboratories Private Limited ("MSN Limited") (collectively, "MSN") (D.I. 44) as follows:

## MSN'S COUNTERCLAIMS

SKBP denies all allegations of MSN's Counterclaims except as expressly admitted below.

## THE PARTIES

1.     MSN Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

**Response**:     On information and belief, admitted.

2.     MSN Limited is a company organized and existing under the laws of India, having a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanathnagar, Hyderabad – 500018 Telangana, India.

**Response**:     On information and belief, admitted.

3.     On information and belief, SK Biopharmaceuticals Co., Ltd. is a corporation organized and existing under the laws of South Korea, having a principal place of business at 221 Pangyoyeok-Ro, Bundang-Gu, Seongnam-Si, Gyeonggi-Do 13494, Republic of Korea.

**Response**:     Admitted.

4.     On information and belief, SK Life Science, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 461 From Road, 5th Floor, Paramus, New Jersey 07652.

**Response**:     Admitted.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202; based on an actual controversy between MSN, on the one hand, and Plaintiffs on the other hand, arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

**Response**:     Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that MSN purports to assert counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and that this Court has subject matter jurisdiction over the counterclaims brought by MSN in this action. SKBP denies that MSN's Counterclaims have any merit, and denies any remaining allegations of Paragraph 5.

6.     This Court has personal jurisdiction over Plaintiffs because, *inter alia*, Plaintiffs subjected themselves to the jurisdiction of this Court by filing their Complaint here.

**Response**:     Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it brought suit against MSN in this jurisdiction and, for purposes of this action only, SKBP consents to personal jurisdiction in this Judicial District. SKBP denies any remaining allegations of Paragraph 6.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b), and/or by Plaintiffs' choice of forum.

**Response**:  Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that it brought suit against MSN in this Judicial District and, for purposes of this action only, SKBP does not contest that venue is proper in this Judicial District. SKBP denies any remaining allegations of Paragraph 7.

## FACTUAL BACKGROUND

8.     On information and belief, and based on the allegations in the Complaint, SK Life Science, Inc. is the holder of New Drug Application ("NDA") No. 212839 for cenobamate (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, 200 mg) oral tablets that are marketed in the United States under the tradename XCOPRI®.

**Response**:     Admitted.

9.     On information and belief, and based on the allegations in the Complaint, Plaintiffs caused the U.S. Food and Drug Administration ("FDA") to list U.S. Patent No. 11,654,133 ("the '133 patent") in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") in connection with NDA No. 212839.

**Response**:     SKBP admits that the '133 Patent is listed in the Orange Book for XCOPRI®

in connection with NDA No. 212839. SKBP denies any remaining allegations of Paragraph 9.

10.     The '133 patent is titled "Use of [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy," and the '133 patent issued on May 23, 2023. An uncertified copy of the '133 patent was attached to Plaintiffs' Complaint as Exhibit B. D.I. 1-1 at 30-46.

**Response**:     SKBP admits that the '133 Patent is titled "Use of [(1R)-1-(2-

chlorophenyl)-2-(tetrazol-2-yl)ethyl] Carbamate in Combination Therapy," the '133 Patent issued

on May 23, 2023, and SKBP attached a true and correct copy of the '133 Patent to SKBP's

Complaint (D.I. 1) as Exhibit B. SKBP denies any remaining allegations of Paragraph 10.

11.     Claim 1 of the '133 patent is the sole independent claim and recites "[a] method for treating a patient who is suffering from epilepsy with co-administering therapeutically effective amount of (i) [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-yl)ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two antiepileptic drugs, … wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin." D.I. 1-1 at 46. Each and every one of dependent claims 2-14 of the '133 patent depends directly or indirectly from claim 1 and incorporates its limitations.

**Response**:     Paragraph 11 contains legal conclusions to which no response is required.

To the extent a response is required, SKBP admits that Claim 1 of the '133 Patent is an independent

claim which recites "[a] method for treating a patient who is suffering from epilepsy with co-

administering a therapeutically effective amount of (i) [(1R)-1-(2-chlorophenyl)-2-(tetrazol-2-

yl)ethyl] carbamate (cenobamate) or a pharmaceutically acceptable salt thereof and (ii) one or two

antiepileptic drugs, said method comprising: modifying the therapeutically effective amount of the antiepileptic drug to adjust AUC of the antiepileptic drug obtained after the co-administration having at least 5% difference to the level of AUC obtained after the administration of antiepileptic drug to the patient without cenobamate or a pharmaceutically acceptable salt thereof, wherein the therapeutically effective amount of cenobamate or a pharmaceutically acceptable salt thereof is from about 100 mg/day to about 400 mg/day, and wherein the antiepileptic drug is selected from the group consisting of phenobarbital and phenytoin." SKBP also admits that claims 2–14 of the '133 Patent depend on claim 1 and that the '133 Patent speaks for itself. SKBP denies any remaining allegations of Paragraph 11.

12.     SK Biopharmaceuticals Co., Ltd. purports and claims to be the assignee and owner of the entire right, title and interest in the '133 patent with the right to enforce the '133 patent. D.I. 1 at Paragraph 28.

**Response**:     Admitted.

13.     SK Life Science, Inc. purports and claims to be the exclusive licensee of the '133 patent. D.I. 1 at Paragraph 28.

**Response**:     Admitted.

14.     MSN submitted Abbreviated New Drug Application ("ANDA") No. 219436 to FDA under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the cenobamate (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, 200 mg) oral tablets described in ANDA No. 219436 ("MSN's ANDA Product") with a certification to the '133 patent pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

**Response**:     On information and belief, SKBP admits that MSN submitted ANDA No. 219436 to FDA under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the cenobamate (12.5 mg, 25 mg, 50 mg, 100 mg, 150 mg, 200 mg) oral tablets described in ANDA No. 219436. SKBP further admits, on information and belief, that MSN's ANDA included the alleged certification pursuant

to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) as to the '133 Patent. SKBP denies any remaining allegations of Paragraph 14.

15. MSN sent notice of its ANDA No. 219436 and its certification to the '133 patent pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to Plaintiffs on or about October 7, 2024 ("MSN's Notice Letter"). On information and belief, and as Plaintiffs allege in their Complaint, Plaintiffs received MSN's Notice Letter. D.I. 1 at Paragraph 8.

**Response**: SKBP admits that it received a letter from MSN dated October 7, 2024 stating that MSN had filed ANDA No. 219436 and submitted the alleged certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) as to the '133 Patent. SKBP denies any remaining allegations of Paragraph 15.

16. MSN is seeking FDA approval of ANDA No. 219436 for the treatment of partial-onset seizures in adult patients. The proposed prescribing information that will be included with MSN's ANDA Product does not and will not encourage or instruct health care providers to co-administer MSN's ANDA Product in combination with phenobarbital and/or phenytoin, as required by the claims of the '133 patent.

**Response**: On information and belief, SKBP admits that MSN seeks FDA approval of ANDA No. 219436 for the treatment of partial-onset seizures in adult patients. SKBP denies the remaining allegations of Paragraph 16.

17. On November 19, 2024, Plaintiffs nonetheless filed suit in this Judicial District against MSN in connection with ANDA No. 219436 alleging infringement of the '133 patent.

**Response**: SKBP admits that on November 19, 2024, SKBP filed the underlying lawsuit in this Judicial District against MSN for infringement of the '133 Patent in connection with MSN's filing of ANDA No. 219436. SKBP denies any remaining allegations of Paragraph 17.

18. In view of the foregoing, there has been, and is now, an actual, substantial, and continuing, justiciable controversy between MSN and Plaintiffs having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court with respect to noninfringement and/or invalidity of the '133 patent, and as to MSN's right to obtain FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of MSN's ANDA product.

**Response**:     Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that there is an actual, substantial, continuing, and justiciable controversy between SKBP and MSN regarding the infringement and/or validity of the '133 Patent. SKBP denies that MSN's Counterclaims have any merit, and denies any remaining allegations of Paragraph 18.

### RESPONSES TO COUNT I
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 11,654,133)

19.     MSN incorporates by reference and re-alleges each of the foregoing paragraphs of MSN's Answer and Separate Defenses to the Complaint and these Counterclaims as if fully set forth herein.

**Response**:     SKBP incorporates by reference each paragraph of its Complaint (D.I. 1) and each paragraph of its responses to Paragraphs 1–18 of MSN's Counterclaims as if fully set forth herein.

20.     In filing and seeking FDA approval for MSN's ANDA No. 219436, MSN has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claims of the '133 patent.

**Response**:     Denied.

21.     A present, genuine, and justiciable controversy exists between MSN, on the one hand, and Plaintiffs, on the other hand, regarding, *inter alia*, the issue of whether the manufacture, use, sale, offer for sale and/or importation of MSN's ANDA Product would infringe any valid or enforceable claim of the '133 patent.

**Response**:     Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that there is an actual, substantial, continuing, and justiciable controversy between SKBP and MSN regarding the infringement, validity, and/or enforceability of the '133 Patent. SKBP denies any remaining allegations of Paragraph 21.

22.     The Court should declare that MSN, in filing and seeking FDA approval for MSN's ANDA No. 219436, has not infringed, is not infringing, and will not infringe any claim of the '133 patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

**Response**:     Denied.

23.     The Court should declare that the commercial manufacture, importation, offer for sale, sale and/or use of MSN's ANDA Product will not directly or indirectly infringe any claim of the '133 patent under 35 U.S.C. § 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

**Response**:     Denied.

## RESPONSES TO COUNT II
### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,654,133)

24.     MSN incorporates by reference and re-alleges each of the foregoing paragraphs of MSN's Answer and Separate Defenses to the Complaint and these Counterclaims as if fully set forth herein.

**Response**:     SKBP incorporates by reference each paragraph of its Complaint (D.I. 1) and each paragraph of its responses to Paragraphs 1–23 of MSN's Counterclaims as if fully set forth herein.

25.     Upon information and belief, the claims of the '133 patent are invalid for failure to comply with one or more of the requirements of at least 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or are invalid under the doctrine of obviousness-type double patenting, and/or for any other judicially created and/or non-statutory basis for invalidity or unenforceability.

**Response**:     Denied.

26.     There is a real, substantial, and justiciable controversy between MSN and Plaintiffs concerning whether the claims of the '133 patent are invalid and/or unenforceable for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112 and/or pursuant to common law and/or equitable doctrines.

**Response**:     Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, SKBP admits that there is an actual, substantial, continuing, and justiciable controversy between SKBP and MSN regarding the validity and/or enforceability of the '133 Patent. SKBP denies any remaining allegations of Paragraph 26.

27.     The Court should declare that the claims of the '133 patent are invalid and/or unenforceable.

**Response**:     Denied.

## AFFIRMATIVE DEFENSES

MSN's Counterclaims, in whole or in part, fail to state a cause of action upon which relief may be granted. SKBP does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to assert and rely upon such affirmative defenses as may become available or apparent during discovery. SKBP further reserves the right to amend its Answer and/or affirmative defenses accordingly.

## PRAYER FOR RELIEF

The "PRAYER FOR RELIEF" section following Paragraph 27 of MSN's Counterclaims, including the six lettered paragraphs (A)–(F), purports to state MSN's prayer for relief, to which no response is required. To the extent that a response is required, SKBP denies the allegations set forth in the "PRAYER FOR RELIEF" section and denies that MSN is entitled to any of the relief described therein or any relief whatsoever.

SKBP denies any and all allegations of MSN's Counterclaims not expressly admitted herein.

WHEREFORE**,** SKBP respectfully requests the following relief:

(A)     An order dismissing MSN's Counterclaims with prejudice, and a judgment that MSN is not entitled to any relief sought, or to any other relief on their Counterclaims;

(B)     An order granting each and every Prayer for Relief sought by SKBP in the Complaint;

(C)     An order finding this case to be exceptional and granting SKBP its reasonable attorneys' fees and costs; and

(D)     Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Jeffrey H. Lerner
Daniel W. Cho
Priscilla G. Dodson
W. Kiersten Choi
Tobias Ma
Kee Young Lee
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

December 20, 2024

_____
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs SK Biopharmaceuticals Co., Ltd. and SK Life Science, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 20, 2024, upon the following in the manner indicated:

Kaan Ekiner, Esquire                                        *VIA ELECTRONIC MAIL*
COZEN O'CONNOR P.C.
1201 North. Market Street, Suite 1001
Wilmington, DE 19801
*Attorneys for Defendants MSN Pharmaceuticals*
*Inc. and MSN Laboratories Private Limited*

W. Blake Coblentz, Esquire                                  *VIA ELECTRONIC MAIL*
Aaron S. Lukas, Esquire
COZEN O'CONNOR P.C.
2001 M Street, N.W., Suite 500
Washington, DC 20036
*Attorneys for Defendants MSN Pharmaceuticals*
*Inc. and MSN Laboratories Private Limited*

Keri L. Schaubert, Esquire                                  *VIA ELECTRONIC MAIL*
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
*Attorneys for Defendants MSN Pharmaceuticals*
*Inc. and MSN Laboratories Private Limited*

*/s/ Megan E. Dellinger*
_____
Megan E. Dellinger (#5739)